SUZHOU GOOD-ARK ELECTRONICS CO., LTD.,
derivatively on behalf of
GOOD-ARK SEMICONDUCTOR USA CORP.,

Civil Action No. _____

Plaintiff,

-against-

DANIELLE JUNKINS, JOHN MARULLO, BRETT
SINGER, and GSC USA INC.,

Defendants,

-and-

GOOD-ARK SEMICONDUCTOR USA CORP.,
Nominal Defendant.

**DECLARATION OF WENHAO (DANIEL) WU**

I, Wenhao (Daniel) Wu, declare as follows:

1. I am the President and chairman of the board of directors of Plaintiff Suzhou Good-Ark Electronics Co., Ltd. ("Suzhou" or "We"). I am familiar with the subject matter at issue in Suzhou's *ex parte* application for a temporary restraining order and order to show cause for preliminary injunction and appointment of temporary receiver. I make this declaration based on my personal knowledge of the facts and circumstances set forth herein and am competent to testify to the matters.

2. Established in 1990, Suzhou is a leading Chinese semiconductor manufacturer specializing in discrete devices and IC packaging. With a comprehensive supply

chain from wafer fabrication to packaging, it is one of China's largest rectifier producers. Its global sales network supports industries including automotive, aerospace, IoT, and renewable energy.

3. Suzhou has spent substantial time and effort developing its Good-Ark brand in China and worldwide. Since 1999, Suzhou has registered multiple trademarks that contain the wording "Good-Ark". True and correct copies of these registrations and certified translations are attached herein as Exhibit 1.

4. As early as 2001, Suzhou started shipping and selling its semiconductor products in the U.S. under its own brand name. Because of its superior product quality and customer service, Suzhou gained great reputation and brand recognition among its U.S. customers. To expand on this early success, Suzhou decided to invest more in the U.S. to further develop the market, establish brand image, and increase brand awareness and product sales.

5. As such, on May 17, 2013, Suzhou, Danielle Junkins ("Junkins"), John Marullo ("Marullo"), and Brett Singer ("Singer") entered into an Investment Agreement (the "Investment Agreement"). A true and correct copy of the Investment Agreement, which includes both a Chinese language version and an English language version, is herein attached as Exhibit 2. According to the Investment Agreement, the parties agreed to incorporate Good-Ark Semiconductor USA Corp. ("Good-Ark USA") in the U.S. to promote Suzhou's brand products in the U.S., establish brand image, increase Suzhou's brand awareness and product sales.

6. On May 20, 2013, Good-Ark USA was incorporated. Pursuant to the Investment Agreement and since that time, Suzhou has been the majority shareholder, and

Junkins, Marullo, and Singer (the "Individual Defendants") have been the minority and the only other shareholders, of Good-Ark USA.

7. Since its incorporation, Good-Ark USA has been a distributor for Suzhou's semiconductor products in the U.S. and has been managed by Junkins and Marullo, both of whom have served as directors and officers, and Singer, who has served as a non-director officer. As early as 2014, Suzhou had started using the "Good-Ark Semiconductor" and "Good-Ark" marks on its products for the U.S. market and Good-Ark USA had been a distributor for these products.

8. Pursuant to the Investment Agreement, Good-Ark USA's board of directors (the "Board") was to consist of five (5) members: three (3) appointed by Suzhou and two (2) appointed by the Individual Defendants. As such, since Good-Ark USA's incorporation, the Board has comprised five members, with Suzhou's three designees Nianbo Wu, Youxi Teng, and Feimin Lu (the "Suzhou Directors"), and Junkins and Marullo serving as the two designees of the Individual Defendants. There have been no changes to the composition of the Board or the identity of the directors to date.

9. In May 2024, our counsel informed us that a company named GSC USA Inc. ("GSC") had registered the "Good-Ark Semiconductor" trademark (the "Good-Ark Mark") in the U.S. At that time, we did not know who incorporated GSC. As such, we immediately reached out to the Individual Defendants to seek more information on this matter. The Individual Defendants acknowledged that they had formed GSC and filed the application to register the Good-Ark Mark under GSC.

10. We were taken aback, as the Individual Defendants had withheld all of this information from both the Board and Suzhou. Not only had they established a

3

competing company, but they also attempted to register our "Good-Ark Semiconductor" trademark under the name of this competing company.

11. The Individual Defendants had direct, firsthand knowledge of Suzhou's longstanding prior use and ownership of the "Good-Ark Semiconductor" mark and the whole Good-Ark brand. They had served as officers, directors and shareholders of Good-Ark USA, the company they formed with Suzhou as a distributor in the U.S. and were fully aware that Suzhou had used the mark extensively in U.S. commerce.

12. Suzhou never authorized GSC to use the Good-Ark Mark, nor did it transfer the mark to GSC or grant GSC permission—express or implied—to register it.

13. Confronted with the grave risk of forfeiting the "Good-Ark Semiconductor" trademark — and potentially the entire Good-Ark brand — to GSC in the United States, we contacted Junkins and requested that GSC return the "Good-Ark Semiconductor" trademark to Suzhou. However, this effort was ultimately unavailing.

14. On February 21, 2025, Suzhou filed a petition for cancellation, requesting the USPTO's Trademark Trial and Appeal Board to cancel GSC's registration of the Good-Ark Mark. A true and correct copy of the petition is attached herein as Exhibit 3.

15. On April 2, 2025, GSC filed an answer, in which it asserted that (1) GSC was formed in 2023 with the authority of Good-Ark USA, (2) on July 20, 2023, Good-Ark USA assigned the Good-Ark Mark to GSC, and (3) on October 30, 2024, the second day after the Good-Ark Mark was registered, GSC assigned the Good-Ark Mark back to

Good-Ark USA.  A true and correct copy of the answer as well as the two assignments are attached herein as Exhibit 4.  However, the Individual Defendants concealed these transactions from the Board.  As such, none of these transactions was ever disclosed to or approved by the Board.

16. Particularly, as admitted by GSC in its application for the "Good-Ark Semiconductor" mark, US Application Ser. No. 98135271 (the '271 Application), at least as of June 11, 2024, GSC had sold products under the "Good-Ark Semiconductor" mark via the DigiKey website (www.digikey.com).  True and correct copies of the specimen and statement submitted by GSC in the '271 Application is attached herein as Exhibit 5.

17. Although GSC allegedly assigned the "Good-Ark Semiconductor" mark to Good-Ark USA, we believe that GSC is still operating on the DigiKey website and financially benefited from selling products via the website at the expense of Good-Ark USA.

18. Good-Ark USA's bylaws, which have not been amended, provide that regular meetings shall be held at such time and place as shall from time to time be determined by the Board.  However, the Board has not adopted any resolution establishing such a time or place for regular meetings.  As such, Good-Ark USA has not held any regular Board meetings since its incorporation.  A true and correct copy of the bylaws is attached herein as Exhibit 6.

19. The bylaws also provide that only the President or the Secretary may call special meetings of the Board.  Accordingly, Junkins, who has served as both President and Secretary since Good-Ark USA's inception, is the only person authorized under the bylaws to convene Board meetings.

20. In communications with the Individual Defendants throughout 2024 and 2025, Suzhou Directors repeatedly sought to convene meetings to address urgent governance matters, including director resignations, replacements, amendments to bylaws, officer compensation, and corporate restructuring. These requests were either ignored or met with bad faith responses. As such, no special board meeting was called.

21. For example, as recent as March 2025, all three Suzhou Directors requested Junkins to call a special Board meeting to address the Individual Defendants' material breach of their fiduciary duties to Good-Ark USA. Given all three Suzhou Directors live in China, they provided signed consents to receive communications via electronic mail because international mails to China are not only slow but also insecure. True and correct copies of the March 2025 request letter and the directors' consents to electronic communications are attached herein as Exhibit 7.

22. However, Suzhou Directors' proper request was met with Junkins' bad faith response – she responded with an intention to use mail, the slowest permissible method, and no meeting notice has been received to date. A true and correct copy of Junkins' email is attached herein as Exhibit 8.

23. As another example, on July 8, 2024, one of the Suzhou Directors, Mr. Nianbo Wu, requested that a Board meeting be called to resolve various urgent corporate matters, including his resignation and the election of his replacement. Defendant Junkins failed to commit to a meeting date and later unilaterally rejected Suzhou's proposed director nominees, effectively blocking Board action and dismissing other proposed

meeting agenda items. A true and correct copy of the email thread between Mr. Nianbo Wu and Ms. Junkins is attached herein as Exhibit 9.

24. Yet another example, in December 2024, Suzhou raised the issue of requiring Board approval for the engagement of an independent valuation firm to assess the valuation of Good-Ark USA. Suzhou specifically requested that the Board review the firm's credentials, proposed valuation methodology, and engagement terms before proceeding with any engagement. However, Defendant Junkins dismissed this request, disregarded Suzhou's alternative firm proposal, and engaged a firm of her choosing without obtaining Board approval, thereby bypassing proper Board oversight. A true and correct copy of the email thread between Suzhou and Defendant Junkins regarding the matter and a certified translation is attached herein as Exhibit 10.

25. Furthermore, the Individual Defendants selectively withheld and refused to provide critical and material operational and financial information, documentation and records. These included detailed officer compensation records, customer and supplier lists and contracts, product inventory, and sales details. In one instance, the Individual Defendants cited "privacy" concerns and mischaracterized the Suzhou Directors as "external parties" to justify denying access to internal corporate information. *See* Exhibit 9 at p. 3.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ___5/23/2015___ at Suzhou China.

_Wenhao Wu_

Wenhao Wu

Exhibit 1 to
Declaration of Wenhao Wu



STATE OF NEW YORK
COUNTY OF NEW YORK

**<u>CERTIFICATION</u>**

This is to certify that the attached translation is, to the best of my knowledge and belief, a true

and accurate translation from Chinese into English of the attached Certificate of Renewed

Trademark Registration.

Signed by:

*Lynda Green*

F8F952868FF342A...

Lynda Green, Language Production Group Manager
Lionbridge
19 May 2025 | 15:58 EDT



# Certificate of Renewed Trademark Registration

The renewal of Trademark No. 1263842 of Class 9 is hereby approved.

The renewed registration shall expire on April 13, 2029.

Issuing Authority          [seal:] State Administration for Industry and Commerce of the People's Republic of China | Trademark Office

Note: This certificate should be used in conjunction with Certificate of Trademark Registration.

Certificate of Trademark Registration

No. 1263842

Trademark



Note: Forfeited exclusive use right of "diode symbol"

Registrant: Suzhou Good-Ark Electronics Co., Ltd.

Address of registrant: No. 25 Shiqi Lane, Suzhou, Jiangsu

Approved use in goods of Class 9
★Diodes★

Registration is valid from April 14, 1999 to April 13, 2009

[seal:] State Administration for Industry and Commerce of the People's Republic of China | Trademark Office

Signed and issued by Director General    **HOU Lin**



No. 4473847



## Certificate of Trademark Registration

# GOOD-ARK

**Approved for use in goods (Class 9)**

Luminous or mechanical signals; neon lighting; camera shutter release switches; measuring apparatuses and instruments; optical goods; electric installations for the remote control of industrial operations; electroplating apparatuses; non-medical X-ray generating devices and apparatuses; protection devices for personal use against accidents; electric door openers (end)

**Registrant:** Suzhou Good-Ark Electronics Co., Ltd.

**Registration address:** No. 31 Tongxi Road, Tong'an Development Area, Suzhou, Jiangsu Province

**Registration** is valid from October 7, 2008 to October 6, 2018

**Signed and issued by Director General**     **LI Jianchang**

[seal:] State Administration for Industry and Commerce of the People's Republic of China | Trademark Office



*TMXZ20170000140371XZHZ01*

## Certificate of Renewed Trademark Registration

The renewal of Trademark No. 4473847 of Class 9 is hereby approved.

The renewed registration shall expire on October 6, 2028.

Issuing Authority        [seal:] State Administration for Industry and Commerce of the People's Republic of China | Trademark Office

Note: This certificate should be used in conjunction with Certificate of Trademark Registration.





No. 4473845

# Certificate of Trademark Registration

## GOOD-ARK

**Approved for use in goods (Class 9)**

Monocrystalline silicon; silicon epitaxial wafers; quartz crystals; selenium piles and selenium slices; diodes; remote control apparatuses (end)

**Registrant**: Suzhou Good-Ark Electronics Co., Ltd.

**Registration address:** No. 31 Tongxi Road, Tong'an Development Area, Suzhou, Jiangsu Province

**Registration** is valid from April 7, 2009 to April 6, 2019

**Signed and issued by Director General**      **LI Jianchang**

[seal:] State Administration for Industry and Commerce of the People's Republic of China | Trademark Office



## Certificate of Renewed Trademark Registration

The renewal of Trademark No. 4473845 of Class 9 is hereby approved.

The renewed registration shall expire on April 6, 2029.

GOODARK

Issuing Authority        [seal:] State Administration for Industry and Commerce of the People's Republic of China | Trademark Office

Note: This certificate should be used in conjunction with Certificate of Trademark Registration.



*TMXZ20180000068306XZHZ01*

# 商标续展注册证明

兹核准第 1263842 号商标第 9 类续展注册。

续展注册有效期至  2029 年 04 月 13 日

发证机关



注：本证明应与《商标注册证》一并使用。

# 商 标 注 册 证

第 1263842 号

商 标



**GOOD-ARK**

就"二极管符号"放弃专用权

注 册 人 苏州固锝电子有限公司

注 册 人 地 址 江苏苏州市侍其巷25号

核 定 使 用 商 品 第 9 类

★二极管★

注 册 有 效 期 限 自公元 1999 年 4 月 14 日至 2009 年 4 月 13 日止

局 长 签 发 侯 林





第　4473847　号

# 商 标 注 册 证

# 固锝

## GOOD-ARK

**核定使用商品(第 9 类)**

夜明或机械信号标志；霓虹灯；照相机快门开关；测量器械和仪器；光学品；工业操作遥控电器设备；电镀设备；非医用 X 光产生器械和设备；个人用防事故装置；电动开门器（截止）

**注 册 人**　苏州固锝电子股份有限公司

**注 册 地 址**　江苏省苏州市通安开发区通锡路 31 号

**注册有效期限**　自公元　2008 年 10 月 07 日　至　2018 年 10 月 06 日止

**局长签发**







*TMXZ20170000140371XZHZ01*

# 商标续展注册证明

兹核准第 4473847 号商标第 9 类续展注册。

续展注册有效期至 2028 年 10 月 06 日

发证机关



注：本证明应与《商标注册证》一并使用。



第　4473845　号

# 商 标 注 册 证

## GOOD-ARK

**核定使用商品(第 9 类)**

单晶硅；硅外延片；石英晶体；多晶硅；硒堆和硒片；二极管；遥控仪器（截止）

**注 册 人**　苏州固锝电子股份有限公司

**注册地址**　江苏省苏州市通安开发区通锡路 31 号

**注册有效期限**　自公元　2009 年 04 月 07 日　至　2019 年 04 月 06 日

**局长签发**　 



*TMXZ20180000060674XZHZ01*

# 商标续展注册证明

兹核准第 4473845 号商标第 9 类续展注册。

续展注册有效期至 2029 年 04 月 06 日



发证机关

注：本证明应与《商标注册证》一并使用。

# Exhibit 2 to
# Declaration of Wenhao Wu

# Investment Agreement

Whereas

Suzhou Good-Ark Electronics Co., Ltd (hereinafter referred to as "Party A"), registered office address No.31 Tong Xi Road, Tong'an Development Zone, Suzhou, Jiangsu Province, China, is a limited liability corporation under the laws of the People's Republic of China, with many years of research and development, production and sales experience in semiconductor devices.

Party B: Mrs. Danielle Junkins,

Party C: Mr. John Marullo,

Party D: Mr. Brett Singer

Above four parties reach the following agreement in regards of setting up US Company after friendly consultation:

Chapter I General Provisions

Article 1

Above four parties establish this agreement to jointly set up Good-Ark Semiconductor USA Corp. with joint capital, in accordance with principle of mutual benefit and through friendly consultation.

Chapter II Company Setup

Article 2

Above four parties agree to set up, Good-Ark Semiconductor USA,Corp.. (hereinafter referred to as the Company), in the State of New York, address 3 Wilafra Place, Northport, New York, NY 11768, USA in accordance to relevant U.S. law.

Article 3

The company is a corporation; Party A, B, C D is liable for the company's debt in accordance and limit to the respective actual capital contribution; each party shares profits, risk and losses in accordance to individual proportion of their investment in regards to the total investment.

Chapter 3 the Purpose, Scope and Scale of Operation

Article 4 the purpose of company: to promote Party A and its subsidiary brand products in United States, establish brand image of Party A, increase Party A brand awareness and product sales.

Article 5 Scope of operation: sales of the Party A brand various semiconductor wafer/chip, various diodes, transistors, automotive rectifiers, auto electrical components, high current silicon bridge rectifiers and high voltage silicon stack, IC packaging;

Article 6 The US Company's registered capital is one million U.S. dollars, issuing one million shares, among which, Party A cash investment of $ ███ representing ██% of the registered capital; Party B, C and D total investment of $ ███. representing ██% of the registered capital. Party B, C and D initial cash investment of USD ███, USD ███ and USD ███ respectively, and the remaining USD ███ will be injected within one year based on consensus from all four parties plus in compliant with the nation's policy of Party A.

| Investment Party | Dollar Amount (USD) | percentage |
|---|---|---|
| Party A | ███ | ███ |
| Party B | | |
| Party C | | |
| Party D | ███ | ███ |

2

Article 7

Any party to the transfer partial or complete capital contributions, the other party shall have the right of first refusal under the same conditions. Violation of the above provisions, the assignment should be invalid.

Chapter 4 Company Organization Structure

The company sets up a shareholders' meeting. The shareholder meeting will be composed of all the shareholders of the Company. The shareholders' meeting is the highest authority. Shareholders will exercise their voting rights in proportion to the amount of investment in the shareholding meetings.

Article 9

The Company set up board of directors. The Board consists of five directors, who will be nominated by the shareholders and elected by the shareholders meetings. Party A nominates 3 board of directors, Party B, C and D in total nominators 2 board of directors. Board of directors serve a three year term and are eligible for re-election. The Board of Directors will be responsible to the shareholders.

Article 10

Chairman of the board is the legal representative of the company, who shall be nominated by the Party A and be elected by the board of directors. Should Chairman be unable to fulfill their duties, other directors can be temporarily authorized to convene and preside.

Article 11

The shareholders' meeting, the responsibilities and the rules of procedure of the Board of Directors should be specified by the Company Bylaws.

Chapter 5 Finance and Accounting

Article 12

The company shall establish the company's financial and accounting systems in accordance of laws. Company needs to provide a monthly and quarterly financial report to shareholders, providing timely feedback of key operational data, such as the status of personnel, funds, sales, procurement and so on. When deemed necessary, parent company will have right to appoint 3rd party CPA to audit company financial situation and company will be responsible for associated expense.

Article 13

In the end of each fiscal year, the Company shall prepare financial and accounting reports to be examined and verified in accordance with the law.

Article 14

The first three months of each fiscal year, the Company shall prepare the previous year's balance sheet, profit and loss statement and profit distribution plan, all of which to be submitted to the shareholders for review and approval.

Article 15

Each fiscal year-end, the Company shall provide financial budget for the next year to the shareholders;

Article 16

In the first quarter of each fiscal year, the company shall provide the previous year's financial report audited by agency to the shareholders.

Chapter 6 Duration of the joint venture and disposition of the assets after the expiration

Article 17 The Company operates in perpetuity unless otherwise dissolved. The establishment date of the joint venture company shall be the date on which the

4

business is registered.

## Article 18

Upon dissolution or early termination of the contract, above 4 parties should carry out the liquidation in accordance with the law.

## Chapter 7 Liability for breach of contract

## Article 19

Party B, C, D jointly ensure that signing this contract does not violate any law or existing agreement with any third party, otherwise Party A has the right to immediately terminate this contract.    Party A can require B, C, D to bear all damage and consequence caused.

## Article 20

Should all or part of A, B, C, D be unable to be fulfilled owing to the fault of either party in breach should bear the liability and loss therefor for its behavior has caused the company and the other parties.

## Chapter 8    Contract Alteration and Termination of the Contract

## Article 21

Alteration of this contract is subject to consent from above four parties.

## Article 22

Should all or part of the contract be unable to be fulfilled owing any party of B, C and D violating the provisions of this contract, Party A has the right to demand termination of this contract. Should all or part of the contract be unable to be fulfilled owing Party A violating the provisions of this contract, Party B, C, D have the right to demand termination of this contract.

Chapter 9 Force Majeure

Article 23 Should any party to the contract be prevented from executing the contract by force majeure, the prevented party shall notify the other parities without any delay, and within 15 days thereafter provide detailed information of the events and a valid document for evidence.

Chapter 10 Arbitration

Article 24

Any dispute arising from the execution of, or in connection with, the contract shall be settled through friendly consultation among the four parties. In case no settlement can be reached through consultations, the disputes shall be submitted to the Foreign Economic and Trade Arbitration Commission of the China Council for the Promotion of International Trade for arbitration in accordance with current Chinese laws -. The arbitration location is Shanghai and the arbitral award is final and binding upon all four parties.

Chapter 11 Effectiveness of the Contract and Miscellaneous

Article 25

This contract is in effect upon sign and seal by the above four parties.

Article 26

This present contract is drawn in Chinese and in English. In the event of any divergence of interpretation, the Chinese version shall prevail.

Article 27

Should issues arising during the implementation of this contract that are not covered by this contract, a supplementary contract can be signed with consensus by all parties.

Supplementary contract and this contract have the same effect.


Article 28

This contract is made out in 4 copies respectively held by the four parties.

Party A: Suzhou Good-Ark Electronics Co., Ltd
Signature:

Date

Party B: Danielle Junkins
Signature:

Date        5/17/13

Party C: John Marullo
Signature:

Date     5-17-13

Party D: Brett Singer
Signature:

Date

# 投资协议书

鉴于

苏州固锝电子股份有限公司（以下简称"甲方"），注册地址位于中国江苏省苏州市通安开发区通锡路 31 号，是一家依据中华人民共和国法律成立的股份有限公司，拥有多年研发、生产、销售半导体器件的经验。

乙方：Mrs. Danielle Junkins,

丙方：Mr. John Marullo,

丁方：Mr. Brett Singer

上述四方双方经过友好协商，就共同投资在美国成立公司事宜，达成协议如下：

第一章　总则

第一条　上述四方本着互利互惠、共同发展的原则，经充分协商，决定共同出资建立 Good-Ark Semiconductor USA Corp.，特定立本协议。

第二章　设立公司

第二条　上述四方根据美国相关法律规定，决定在美国纽约州设立 Good-Ark Semiconductor USA Corp.，（以下简称公司），地址 3 Wilafra Place, Northport, New York, NY 11768, U.S.A.。

第三条　公司为股份公司；甲乙丙丁各方以各自实际出资额为限对公司的债务承担责任；各方按各自的实际出资额在投资总额中所占的比例分享利润和分担风险及损失。



第三章　公司宗旨、经营项目和规模

第四条　公司的宗旨：在美国开拓甲方及旗下品牌产品市场，树立甲方品牌形象，扩大甲方品牌知名度和产品销售额。

第五条　公司的经营项目为：销售甲方品牌的各类半导体芯片、各类二极管、三极管、汽车整流器、汽车电器部件、大电流硅整流桥堆及高压硅堆；集成电路封装；

第六条　美国公司注册资金 100 万美元，分为 100 万股。其中甲方现金投资 ███ 万美元，占注册资本的 ███%；乙丙丁三方共计投资 ███ 万美元，占注册资本的 ███%。乙丙丁三方首期现金投资分别为 USD ███ 万，USD ███ 万和 ███ 万，剩余 ███ 万美金在一年内根据四方协商一致且符合甲方所在国政策认可的方式注入.

| 投资方 | 投资金额（美金） | 投资比例 |
|---|---|---|
| 甲方 | ███ | ███ |
| 乙方 | | |
| 丙方 | | |
| 丁方 | | |

第七条：任何一方转让其部分或全部出资额时，在同等条件下另一方有优先购买权。违反上述规定的，其转让无效。

第四章　公司组织架构

第八条　公司设股东会。股东会由公司全体股东组成，股东会为公司最高权力机构。股东会会议，由股东按照出资比例行使表决权。

第九条　公司设立董事会。董事会由 5 名董事组成，董事由股东提名，股东会选



举产生。其中，甲方提名 3 名，乙丙丁三方共计提名 2 名。董事会成员任期三年，可以连选连任。董事会对股东会负责。

第十条　董事长是公司的法定代表人，由甲方提名，董事会选举产生。董事长因故不能履行其职责时，可临时授权其他董事召集和主持。

第十一条　股东会、董事会的职责及议事规则由公司章程规定。

第五章　财务、会计
第十二条　公司应当依法建立公司的财务、会计制度。每月和每季定期向股东提供财务报告，及时反馈关键性运营数据，如人员状况、资金情况、销售、采购情况等。在总公司认为必要的情况下，总公司有权指派第三方 CPA 来审计公司的财务状况，这部分费用由美国公司承担。

第十三条　公司在每一会计年度终了时，应制作财务、会计报告，并依法经审查验证。

第十四条　公司在每一营业年度的头三个月，编制上一年度的资产负债表、损益计算表和利润分配方案，提交股东会审议通过。

第十五条　公司每一会计年度末，向股东提供下一年度的财务预算；

第十六条　公司每年第一季度，向股东提供经中介机构审计的上一年度的财务报告。

第六章　合营期限及期满后财产处理

第十七条　公司经营期永久至解体为止。注册登记之日为公司成立之日。

第十八条　公司解体或提前终止合同，上述四方应依法对公司进行清算。

第七章　违约责任

第十九条　乙丙丁三方共同保证其与甲方签订本合同不违反任何法律或与任何第三方已有的约定，否则甲方有权立即解除本合同，并要求乙丙丁三方共同承担甲方因此造成的一切损失及相关责任。

第二十条　由于甲乙丙丁任意一方过错，造成本合同不能履行或不能完全履行时，由责任方承担其行为给公司和其他方造成的损失。

第八章　合同的变更和解除

第二十一条　本合同的变更需经上述四方协商同意。

第二十二条　乙丙丁任意一方违反本合同约定，造成本合同不能履行或不能完全履行时，甲方有权要求解除合同。甲方违反本合同约定，造成本合同不能履行或不能完全履行时，乙丙丁有权要求解除合同。

第九章　不可抗力情况的处理

第二十三条　一方因不可抗力的原因不能履行合同时，应立即通知另外三方，并在15日内提供不可抗力的详情及有关证明文件。

第十章　争议的解决

第二十四条　凡因本协议引起的或与本合同有关的任何争议，上述四方应协商解决；协商不成，应将该争议提交中国国际经济贸易仲裁委员会，按照申请仲裁时该会现行的中国法律进行仲裁。仲裁地在上海，仲裁裁决是终局的，对协议四方均有约束力。

第十一章　合同的生效及其他

第二十五条　本合同在上述四方签字盖章后生效。

第二十六条　本合同由中英文两种语言版本，当出现争议时，以中文版本为准。

第二十七条　本合同执行过程中的未尽事宜，各方应友好协商解决，经协商达成一致后签订补充合同。补充合同与本合同具有同等效力。

第二十八条　本合同一式四份，合同四方各执一份。

甲方：苏州固锝电子股份有限公司
法人代表签名：

日期 _2013/6/17_

乙方：Danielle Junkins
签名：

日期 _2013/5/17_

丙方：John Marullo
签名：

日期 _2013/5/17_

丁方：
签名：

日期 _2013.5.17_

5

Exhibit 3 to
Declaration of Wenhao Wu

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

# Petition for Cancellation

Notice is hereby given that the following party has filed a petition to cancel the registration indicated below.

## Petitioner information

| Name | Suzhou Good-Ark Electronics Co., Ltd. | | |
|---|---|---|---|
| Entity | Limited Company | Incorporated or registered in | China |
| Address | NO. 200 HUAJIN ROAD, TONGAN ECONOMIC DEVELOPMENT ZONE SUZHOU, 215153 CHINA | | |

| Attorney information | JIGANG JIN JIN LAW FIRM PO BOX 1937 UNION CITY, CA 94578 UNITED STATES Primary email: jigang.jin@jfuslaw.com Secondary email(s): jjin@vcllegal.com 4082204350 |
|---|---|
| Docket no. | |

## Registration subject to cancellation

| Registration no. | 7548282 | Registration date | 10/29/2024 |
|---|---|---|---|
| Register | Principal | | |
| Registrant | GSC USA Inc 3 WILAFRA PLACE NORTHPORT, NY 117682115 UNITED STATES | | |

## Goods/services subject to cancellation

Class 009. First Use: Jun 24, 2013 First Use In Commerce: Jun 24, 2013
All goods and services in the class are subject to cancellation, namely: Semiconductors

## Grounds for cancellation

| Priority and likelihood of confusion | Trademark Act Sections 14(1) and 2(d) |
|---|---|
| Registrant not rightful owner of mark for identified goods or services | Trademark Act Sections 14(1) and 1 |
| Fraud on the USPTO | Trademark Act Section 14(3); In re Bose Corp., 580 F.3d 1240, 91 USPQ2d 1938 (Fed. Cir. 2009) |

## Marks cited by petitioner as basis for cancellation

| U.S. application no. | 99036821 | Application date | 02/11/2025 |
|---|---|---|---|
| Register | Principal | | |
| Registration date | NONE | Foreign priority date | NONE |
| Word mark | GOOD-ARK | | |
| Design mark | Good-Ark | | |
| Description of mark | NONE | | |
| Goods/services | Class 009. First use: First Use: Jan 31, 1994 First Use In Commerce: Mar 21, 2014<br>Semiconductors | | |

| U.S. application no. | 99048949 | Application date | 02/20/2025 |
|---|---|---|---|
| Register | Principal | | |
| Registration date | NONE | Foreign priority date | NONE |
| Word mark | GOOD-ARK SEMICONDUCTOR | | |
| Design mark | GOOD-ARK SEMICONDUCTOR | | |
| Description of mark | The mark consists of a stylized design of the diode symbol sandwiched the wording "good-ark" on the top and the wording "semiconductor" at the bottom. | | |
| Goods/services | Class 009. First use: First Use: Mar 21, 2014 First Use In Commerce: Mar 21, 2014<br>Semiconductors | | |

| Attachments | 99036821#TMSN.png( bytes )<br>99048949#TMSN.png( bytes )<br>cancellation-7548282-public.pdf(159561 bytes )<br>Exhibit A.pdf(5704356 bytes )<br>Exhibit B.pdf(2689175 bytes )<br>Exhibit C.pdf(1320492 bytes ) |
|---|---|

| Signature | /Jigang Jin/ |
|---|---|
| Name | Jigang Jin |
| Date | 02/21/2025 |

IN THE UNITED STATES PATENT & TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | |
|---|---|
| SUZHOU GOOD-ARK ELECTRONICS CO., LTD.<br>　　　Petitioner,<br><br><br>　　　v.<br><br><br>GSC USA, INC.,<br>　　　Respondent. | Cancellation No. _____<br><br>Registration No. 7548282 |

## PETITION FOR CANCELLATION

Suzhou Good-Ark Electronics Co., Ltd. ("Petitioner") will be damaged by the continued registration of the mark "Good-Ark Semiconductor" (the "Good-Ark Mark") that is the subject of U.S. Reg. No. 7548282 (the "'282 Registration") and has the current owner of record GSC USA Inc. ("Respondent"). Petitioner hereby petitions to cancel the '282 Registration under Section 14 of the Lanham Act, 15 U.S.C. § 1064.

As grounds for this Petition for Cancellation, Petitioner alleges the following:

1.　　　Petitioner is a limited company organized under the laws of the People's Republic of China, having its principal place of business at No. 200 Huajin Road, Tongan Economic Development Zone, Suzhou, China.

2.　　　On information and belief, Respondent is a New York corporation, having its principal place of business at 3 Wilafra Place, Northport, NY.

3.      On information and belief, Respondent is the owner of the '282 Registration in connection with "semiconductors" in International Class 9 (the "Respondent's Goods"). A copy of the USPTO database record for the '282 Registration is attached as Exhibit A.

4.      Respondent filed a use-based application (Application Ser. No. 98135271, the "'271 Application") for the '282 Registration on or about August 16, 2023. In the application, Respondent asserted a date of first use in commerce of June 24, 2013.

**Non-Ownership**

5.      Respondent was **not** the rightful owner of the Good-Ark Mark at the time of filing the '271 Application. Instead, Petitioner has always been the rightful owner of the mark.

6.      Established in 1990, Petitioner is a leading Chinese semiconductor manufacturer specializing in discrete devices and IC packaging. With a comprehensive supply chain from wafer fabrication to packaging, it is one of China's largest rectifier producers. Its global sales network supports industries including automotive, aerospace, IoT, and renewable energy.

7.      Petitioner has spent substantial time and effort developing its Good-Ark brand in China and worldwide. Since 1999, Petitioner has registered multiple trademarks that contain the wording "Good-Ark". True and correct copies of these registrations are attached as Exhibit B.

8.      As early as 2001, Petitioner started shipping and selling its semiconductor products in the U.S. under its own brand name. Because of its superior product quality and customer service, Petitioner gained great reputation and brand recognition among its U.S. customers. To expand on this early success, Petitioner decided to invest more in the U.S. to further develop the market, establish brand image, and increase brand awareness and product sales. As such, in 2013, Petitioner, ███████████████████, and ███ █████ jointly

2

formed Good-Ark Semiconductor USA Corp. in the U.S. ("Good-Ark USA"). Petitioner has always been a majority shareholder of Good-Ark USA.

9.      Since its establishment, Good-Ark USA has been Petitioner's distributor of its semiconductor products in the U.S. As early as 2014, Petitioner started using the Good-Ark Mark on its products for the U.S. market. True and correct copies of photos showing packages of Petitioner's semiconductor products made for the U.S. market and bearing the Good-Ark Mark are attached as Exhibit C.

10.     On information and belief, Respondent was formed on July 12, 2023. And on information and belief, its shareholders, officers, and/or beneficiaries include ███████████ ██████, and/or ███████████ ("Respondent's Shareholders").

11.     Respondent's Shareholders knew that Petitioner had always been the rightful owner of the Good-Ark Mark and Respondent was not the rightful owner of the mark. Yet, Respondent filed the '271 Application, knowing that it had no right to claim ownership of the mark.

12.     As such, because Respondent is not the rightful owner of the Good-Ark Mark, the '271 Application is void ab initio.

13.     Because Petitioner is the rightful owner of the Good-Ark Mark, Petitioner will be damaged by the continued registration of the mark by Respondent under the '282 Registration.

**Fraud**

14.     Respondent obtained the '282 Registration fraudulently. Respondent claimed in the '271 Application that "the mark was first used by the applicant or the applicant's related company or licensee predecessor in interest". However, Respondent is not related to Petitioner

and/or Good-Ark USA. Nor is it a licensee predecessor in interest. Furthermore, since it was formed in 2023, Respondent itself could not have used the Good-Ark Mark before 2023, let alone 2013.

15.     Respondent obtained the '282 Registration fraudulently on the basis that it unlawfully and knowingly claimed first use of the Good-Ark Mark in the '271 Application knowing that the Good-Ark Mark was not owned or controlled by Respondent. The claim made in the '271 Application that its first use was by "the applicant or the applicant's related company or licensee predecessor in interest" is fraudulent. Respondent did not own the prior common law trademark rights nor did Respondent have a basis to claim the exclusive right to use the Good-Ark Mark in the United States, specifically in view of the following facts:

(1) Respondent's Shareholders were aware of Petitioner's prior use of the Good-Ark Mark via firsthand knowledge, signed contract with Petitioner in 2013, and yet unlawfully declared in the application that Respondent was not aware of any others that have the right to use the mark in commerce;

(2) Respondent is not related to Petitioner or Good-Ark USA and is not a licensee to Petitioner or Good-Ark USA and therefore, the claim of use by a "related company" or "licensee predecessor in interest" is false and Respondent was not even organized at the time of the date of first use claimed June 24, 2013; and

(3) Further, Respondent unlawfully and without permission, took Petitioner's Good-Ark Mark and registered it as a trademark in the United States in its own name in order to trade upon the goodwill represented by said mark and to give Respondent's products and services a sale-ability that they otherwise would not have.

**Likelihood of Confusion**

16.     Petitioner has started using the Good-Ark Mark on semiconductor products in the U.S. as early as March 2014 and worldwide since January 1994.  Indeed, Good-Ark has been Petitioner's tradename since its inception in 1990.  Petitioner owns common law right over the Good-Ark Mark and the Good-Ark brand in the U.S. in connection with semiconductor products.

17.     Respondent's mark in the '282 Registration is identical to Petitioner's Good-Ark Mark and Good-Ark tradename; the applied for goods, the target consumers, and trade channels are also same.  Thus, there is a likelihood that Respondent's Goods are likely to be confusing to the consumer public and are likely to be seen as being sponsored by or affiliated with Petitioner.

18.     The use and continued registration of the Good-Ark Mark under the '282 Registration has damaged and will damage Petitioner in the selling of its goods by causing a likelihood of confusion.

19.     The use and continued registration of the Good-Ark Mark under the '282 Registration has damaged and will damage Petitioner by causing confusion, mistake, or deception on consumers as to the source of the identified goods and services within the meaning of Section 2(d) of the Lanham Act.

20.     The use and continued registration of the Good-Ark Mark under the '282 Registration has damaged and will damage Petitioner by creating a false association with Petitioner within the meaning of Section 2(a) of the Lanham Act.

21.     In addition, Petitioner is the owner of U.S. Trademark Application Serial No. 99036821 for the mark "Good-Ark" for "semiconductors" in International Class 9 and 99048949



for the mark for "semiconductors" in International Class 9 ("Petitioner's

Applications"). Petitioner's Applications are likely to be refused registration under Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d), on the basis that Petitioner's "Good-Ark" mark



and/or the  mark for the applied for goods is likely to be confused with Respondent's "Good-Ark Semiconductor" mark under the '282 Registration, when used on "semiconductors". Thus, Petitioner will be damaged for not being able to register the Good-Ark Mark in the U.S. because of the '282 Registration.

WHEREFORE, Petitioner respectfully requests that the present Petition for Cancellation be granted and that the '282 Registration be cancelled.

February 21, 2025                              Respectfully submitted,

                                               /Jigang Jin/
                                               Jigang Jin
                                               P.O. Box 1937
                                               Union City, CA 94010-1455
                                               (tel.) 408-220-4350
                                               jigang.jin@jfuslaw.com

                                               Attorney for Petitioner

Exhibit A



Good-Ark Semiconductor

| | | | |
|---|---|---|---|
| **US Serial Number:** | 98135271 | **Application Filing Date:** | Aug. 16, 2023 |
| **US Registration Number:** | 7548282 | **Registration Date:** | Oct. 29, 2024 |
| **Filed as TEAS Plus:** | Yes | **Currently TEAS Plus:** | Yes |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark | | |

**TM5 Common Status Descriptor:**

LIVE/REGISTRATION/Issued and Active

The trademark application has been registered with the Office.

**Status:** Registered. The registration date is used to determine when post-registration maintenance documents are due.

**Status Date:** Oct. 29, 2024

**Publication Date:** Aug. 13, 2024

# Mark Information

| | |
|---|---|
| **Mark Literal Elements:** | GOOD-ARK SEMICONDUCTOR |
| **Standard Character Claim:** | Yes. The mark consists of standard characters without claim to any particular font style, size, or color. |
| **Mark Drawing Type:** | 4 - STANDARD CHARACTER MARK |
| **Disclaimer:** | "SEMICONDUCTOR" |

# Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:
- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

| | | | |
|---|---|---|---|
| **For:** | Semiconductors | | |
| **International Class(es):** | 009 - Primary Class | **U.S Class(es):** | 021, 023, 026, 036, 038 |
| **Class Status:** | ACTIVE | | |
| **First Use:** | Jun. 24, 2013 | **Use in Commerce:** | Jun. 24, 2013 |

# Basis Information (Case Level)

| | | | |
|---|---|---|---|
| **Filed Use:** | Yes | **Currently Use:** | Yes |
| **Filed ITU:** | No | **Currently ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No |
| **Filed No Basis:** | No | **Currently No Basis:** | No |

# Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | GSC USA Inc |
| **Owner Address:** | 3 Wilafra Place<br>Northport, NEW YORK UNITED STATES 117682115 |
| **Legal Entity Type:** | CORPORATION |

**State or Country Where Organized:** NEW YORK

# Attorney/Correspondence Information

### Attorney of Record

| | |
|---|---|
| **Attorney Name:** | Evan M Seale |
| **Attorney Primary Email Address:** | U1449-J11564@vp.flatfee.ai |

**Docket Number:** FFC

**Attorney Email Authorized:** Yes

### Correspondent

| | |
|---|---|
| **Correspondent Name/Address:** | Evan M Seale<br>440 N. BARRANCA AVE. #3159<br>COVINA, CALIFORNIA United States 91723 |
| **Correspondent e-mail:** | U1449-J11564@vp.flatfee.ai trademarks@docket.flatfeecorp.com |

**Correspondent e-mail Authorized:** Yes

### Domestic Representative - Not Found

# Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Oct. 29, 2024 | NOTICE OF REGISTRATION CONFIRMATION EMAILED | |
| Oct. 29, 2024 | REGISTERED-PRINCIPAL REGISTER | |
| Aug. 13, 2024 | OFFICIAL GAZETTE PUBLICATION CONFIRMATION E-MAILED | |
| Aug. 13, 2024 | PUBLISHED FOR OPPOSITION | |
| Jul. 24, 2024 | NOTIFICATION OF NOTICE OF PUBLICATION E-MAILED | |
| Jul. 10, 2024 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Jun. 11, 2024 | TEAS/EMAIL CORRESPONDENCE ENTERED | |
| Jun. 11, 2024 | CORRESPONDENCE RECEIVED IN LAW OFFICE | |
| Jun. 11, 2024 | TEAS RESPONSE TO OFFICE ACTION RECEIVED | |
| Apr. 17, 2024 | NOTIFICATION OF NON-FINAL ACTION E-MAILED | |
| Apr. 17, 2024 | NON-FINAL ACTION E-MAILED | |
| Apr. 17, 2024 | NON-FINAL ACTION WRITTEN | |
| Apr. 16, 2024 | ASSIGNED TO EXAMINER | |
| Sep. 18, 2023 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED | |
| Aug. 19, 2023 | NEW APPLICATION ENTERED | |

# TM Staff and Location Information

### TM Staff Information - None

### File Location

| | | | |
|---|---|---|---|
| **Current Location:** | FILE REPOSITORY (FRANCONIA) | **Date in Location:** | Oct. 29, 2024 |

### OFFICIAL USPTO NOTICE OF REGISTRATION

**U.S. Application Serial No.** 98135271
**Mark:** GOOD-ARK SEMICONDUCTOR
**Owner/Holder:** GSC USA Inc
**Docket/Reference No.** FFC

**Issue Date:** October 29, 2024

Your mark has registered with the United States Patent and Trademark Office (USPTO). Your United States trademark registration number is 7548282.

View and download your registration certificate using the Trademark Status & Document Retrieval (TSDR) database. If you have difficulty accessing the registration certificate, contact the Trademark Assistance Center (TAC) at TrademarkAssistanceCenter@uspto.gov or 800-786-9199 (select option #1). New registration certificates are issued electronically. For more information, visit the USPTO's electronic registration certificates webpage.

If your registration certificate contains an error that would not require republication to correct it, you can use the Trademark Electronic Application System (TEAS) Section 7 Request for Amendment or Correction of Registration Certificate (Section 7) form to request correction of that error.

**Order presentation copies online:**

You can order a printed presentation copy of your registration certificate using the TEAS Order Trademark Presentation Copy of Registration Certificate form. The presentation copy is suitable for display and framing. For more information on the availability and cost of presentation copies of trademark registrations, visit the USPTO's electronic registration certificates webpage.

**Requirements to maintain your registration:**

- File your registration maintenance documents at the required times.

- **If you do not submit your maintenance documents at the required times, your registration will be cancelled.** If that happens, you must file a new application. Filing a new application doesn't guarantee your trademark will register again.

**Please note the following:**

- You may receive unsolicited offers and notices from third-parties not affiliated with the USPTO. All official correspondence about your trademark registration will be from the "United States Patent and Trademark Office" in Alexandria, Virginia, and all emails will be from the domain "@uspto.gov." Visit our misleading notices webpage for more information.

- If your registration covers products that are likely targets for international counterfeiters (e.g., popular or high-demand products), consider applying to record your trademark registration with U.S. Customs and Border Protection (CBP). Recording your trademark registration helps CBP detain and seize imported goods if they violate your recorded trademark. Visit our recording trademark registrations with CBP webpage for more information.

- To help ensure that you receive emails from the USPTO, keep your email address(es) current using the Change Address or Representation (CAR) form and add USPTO email addresses to your contacts or "Safe Senders" list.

- If your trademark registration identifies goods and/or services not in use with your trademark, you can use the Section 7 form to request deletion of any goods and/or services not in use with your trademark. There's no fee to file a Section 7 form if you file the Section 7 form before you file your required registration maintenance documents, and you are only deleting goods, services, or classes. Other amendments and corrections may require a filing fee. For information on amendments and corrections after registration, see TMEP §1609.

If you have any questions about this notice, contact TAC at TrademarkAssistanceCenter@uspto.gov or 800-786-9199 (select option #1).

# United States of America

## United States Patent and Trademark Office

# Good-Ark Semiconductor

**Reg. No. 7,548,282**

**Registered Oct. 29, 2024**

**Int. Cl.: 9**

**Trademark**

**Principal Register**

GSC USA Inc  (NEW YORK CORPORATION)
3 Wilafra Place
Northport, NEW YORK 117682115

CLASS 9: Semiconductors

FIRST USE 6-24-2013; IN COMMERCE 6-24-2013

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: "SEMICONDUCTOR"

SER. NO. 98-135,271, FILED 08-16-2023



Katherine Kelly Vidal

Director of the United States
Patent and Trademark Office



# REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION

## WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.

**Requirements in the First Ten Years***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

***ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

| From: | TMOfficialNotices@USPTO.GOV |
|---|---|
| Sent: | Tuesday, August 13, 2024 02:04:47 EDT |
| To: | XXXX |
| Subject: | Official USPTO Notification: U.S. Trademark Application SN 98135271 -- Docket/Reference No. FFC |

### *TRADEMARK OFFICIAL GAZETTE* PUBLICATION CONFIRMATION

**U.S. Serial Number:** 98135271
**Mark:** GOOD-ARK SEMICONDUCTOR
**International Class(es):** 009
**Owner:** GSC USA Inc
**Docket/Reference Number:** FFC

The mark identified above has been published in the Trademark Official Gazette (TMOG) on Aug 13, 2024.

**To Review the Mark in the TMOG:**

Click on the following link or paste the URL into an internet browser: https://tmog.uspto.gov/#issueDate=2024-08-13&serialNumber=98135271

On the publication date or shortly thereafter, the applicant should carefully review the information that appears in the TMOG for accuracy. For corrections or amendments after publication, please use the Post-Approval/Publication/Post-Notice of Allowance (NOA) Amendment Form, accessible at https://teas.uspto.gov/office/ppa. For general information about this notice, please contact the Trademark Assistance Center at 1-800-786-9199.

**Significance of Publication for Opposition:**

* Any party who believes it will be damaged by the registration of the mark may file a notice of opposition (or extension of time therefor) with the Trademark Trial and Appeal Board. If no party files an opposition or extension request within thirty (30) days after the publication date, then eleven (11) weeks after the publication date a certificate of registration should issue.

To check the status of the application, go to https://tsdr.uspto.gov/#caseNumber=98135271&caseType=SERIAL_NO&searchType=statusSearch or contact the Trademark Assistance Center at 1-800-786-9199. Please check the status of the application at least every three (3) months after the application filing date.

To view this notice and other documents for this application on-line, go to https://tsdr.uspto.gov/#caseNumber=98135271&caseType=SERIAL_NO&searchType=documentSearch. NOTE: This notice will only become available on-line the next business day after receipt of this e-mail.

 **UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)**

## OFFICIAL USPTO NOTICE OF PUBLICATION UNDER 12(a)

**U.S. Application Serial No.** 98135271
**Mark:** GOOD-ARK SEMICONDUCTOR
**International Class(es):** 009
**Owner:** GSC USA Inc
**Docket/Reference No.** FFC

**Issue Date:** July 24, 2024

**Your mark is scheduled to publish in the** *Trademark Official Gazette* **(TMOG) on August 13, 2024.**

**Your mark appears to be entitled to register** on the Principal Register, subject to any claims of concurrent use.

**What happens when your mark publishes.** Within 30 days of the publication date, any party who believes it will be damaged by the registration of the mark may file a notice of opposition (or extension of time) with the Trademark Trial and Appeal Board. If no objection is filed, we will issue a registration.

**View your mark in the TMOG** after the publication date at **https://tmog.uspto.gov/** by selecting your publication date in the "issues" field, entering your serial number in the "search by" field, and clicking on the magnifying glass.

**Ensure that the information in the TMOG is correct.** If any information is incorrect, promptly request correction using the "Post-Approval/Publication/Post-Notice of Allowance (NOA) Amendment" form at **https://teas.uspto.gov/office/ppa/**. For more information, see **https://www.uspto.gov/trademark/trademark-updates-and-announcements/procedures-submitting-amendmentscorrections-trademark**.

**Direct questions** about this notice to the Trademark Assistance Center (TAC) at 1-800-786-9199 (select option 1) or **TrademarkAssistanceCenter@uspto.gov**.

---

**Email Address(es):**

XXXX

| From: | TMOfficialNotices@USPTO.GOV |
| Sent: | Wednesday, July 24, 2024 01:52:37 EDT |
| To: | XXXX |
| Subject: | Official USPTO Notification: U.S. Trademark Application SN 98135271 -- Docket/Reference No. FFC |

<u>NOTIFICATION OF "NOTICE OF PUBLICATION"</u>

Your trademark application (U.S. Serial No.98135271) is scheduled to publish in the *Official Gazette* on Aug 13, 2024. To preview the Notice of Publication, go to the Trademark Status & Document Retrieval (TSDR) database, accessible at https://tsdr.uspto.gov/search.action?sn=98135271. If you have difficulty accessing the Notice of Publication, contact the Trademark Assistance Center (TAC) by e-mail at TrademarkAssistanceCenter@uspto.gov or by telephone at 800-786-9199.

**PLEASE NOTE:**
1. The Notice of Publication may not be immediately available but will be viewable within 24 hours of this e-mail notification.
2. You will receive a second e-mail on the actual "Publication Date," which will include a link to the issue of the *Official Gazette* in which the mark has published.

Please confirm that the correspondence information shown in TSDR is correct. If the correspondence information is not correct, please update this information using the online Change of Correspondence Address Form, accessible at https://teas.uspto.gov/ccr/cca.

Do NOT hit "Reply" to this e-mail notification. If you find an error in the Notice of Publication, update the information using the Post-Approval/Publication/Post-Notice of Allowance (NOA) Amendment Form, accessible at https://teas.uspto.gov/office/ppa.

# Trademark Snap Shot Publication Stylesheet
(Table presents the data on Publication Approval)

## OVERVIEW

| | | | |
|---|---|---|---|
| SERIAL NUMBER | 98135271 | FILING DATE | 08/16/2023 |
| REG NUMBER | 0000000 | REG DATE | N/A |
| REGISTER | PRINCIPAL | MARK TYPE | TRADEMARK |
| INTL REG # | N/A | INTL REG DATE | N/A |
| TM ATTORNEY | LADZEKPO, ASHIMADI DEL | L.O. ASSIGNED | O40-NOT FOUND |

## PUB INFORMATION

| | |
|---|---|
| RUN DATE | 07/10/2024 |
| PUB DATE | N/A |
| STATUS | 680-APPROVED FOR PUBLICATION |
| STATUS DATE | 07/10/2024 |
| LITERAL MARK ELEMENT | GOOD-ARK SEMICONDUCTOR |

| | | | |
|---|---|---|---|
| DATE ABANDONED | N/A | DATE CANCELLED | N/A |
| SECTION 2F | NO | SECTION 2F IN PART | NO |
| SECTION 8 | NO | SECTION 8 IN PART | NO |
| SECTION 15 | NO | REPUB 12C | N/A |
| RENEWAL FILED | NO | RENEWAL DATE | N/A |
| DATE AMEND REG | N/A | | |

## FILING BASIS

| FILED BASIS | | CURRENT BASIS | | AMENDED BASIS | |
|---|---|---|---|---|---|
| 1 (a) | YES | 1 (a) | YES | 1 (a) | NO |
| 1 (b) | NO | 1 (b) | NO | 1 (b) | NO |
| 44D | NO | 44D | NO | 44D | NO |
| 44E | NO | 44E | NO | 44E | NO |
| 66A | NO | 66A | NO | | |
| NO BASIS | NO | NO BASIS | NO | | |

## MARK DATA

| | |
|---|---|
| STANDARD CHARACTER MARK | YES |
| LITERAL MARK ELEMENT | GOOD-ARK SEMICONDUCTOR |
| MARK DRAWING CODE | 4-STANDARD CHARACTER MARK |
| COLOR DRAWING FLAG | NO |

## CURRENT OWNER INFORMATION

| | |
|---|---|
| PARTY TYPE | 10-ORIGINAL APPLICANT |

| NAME | GSC USA Inc |
|---|---|
| ADDRESS | 3 Wilafra Place<br>Northport, NY, 117682115 |
| ENTITY | 03-CORPORATION |
| CITIZENSHIP | NEW YORK |

## GOODS AND SERVICES

| INTERNATIONAL CLASS | 009 |
|---|---|
| DESCRIPTION TEXT | Semiconductors |

## GOODS AND SERVICES CLASSIFICATION

| INTERNATIONAL CLASS | 009 | FIRST USE DATE | 06/24/2013 | FIRST USE IN COMMERCE DATE | 06/24/2013 | CLASS STATUS | 6-ACTIVE |
|---|---|---|---|---|---|---|---|

## MISCELLANEOUS INFORMATION/STATEMENTS

| CHANGE IN REGISTRATION | NO |
|---|---|
| DISCLAIMER | "SEMICONDUCTOR" |

## PROSECUTION HISTORY

| DATE | ENT CD | ENT TYPE | DESCRIPTION | ENT NUM |
|---|---|---|---|---|
| 07/10/2024 | CNSA | O | APPROVED FOR PUB - PRINCIPAL REGISTER | 010 |
| 06/11/2024 | TEME | I | TEAS/EMAIL CORRESPONDENCE ENTERED | 009 |
| 06/11/2024 | CRFA | I | CORRESPONDENCE RECEIVED IN LAW OFFICE | 008 |
| 06/11/2024 | TROA | I | TEAS RESPONSE TO OFFICE ACTION RECEIVED | 007 |
| 04/17/2024 | GNRN | O | NOTIFICATION OF NON-FINAL ACTION E-MAILED | 006 |
| 04/17/2024 | GNRT | F | NON-FINAL ACTION E-MAILED | 005 |
| 04/17/2024 | CNRT | R | NON-FINAL ACTION WRITTEN | 004 |
| 04/16/2024 | DOCK | D | ASSIGNED TO EXAMINER | 003 |
| 09/18/2023 | NWOS | I | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED | 002 |
| 08/19/2023 | NWAP | I | NEW APPLICATION ENTERED | 001 |

## CURRENT CORRESPONDENCE INFORMATION

| ATTORNEY | Evan M Seale |
|---|---|
| CORRESPONDENCE ADDRESS | Evan M Seale<br>440 N. BARRANCA AVE. #3159<br>COVINA, CA, 91723 |
| DOMESTIC REPRESENTATIVE | NONE |

# Good-Ark Semiconductor

PTO- 1957
Approved for use through 01/31/2027. OMB 0651-0050
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number

# Response to Office Action

**The table below presents the data as entered.**

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 98135271 |
| **MARK SECTION** | |
| MARK | [mark](#) |
| LITERAL ELEMENT | GOOD-ARK SEMICONDUCTOR |
| STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| MARK STATEMENT | The mark consists of standard characters, without claim to any particular font style, size or color. |
| **GOODS AND/OR SERVICES SECTION (current)** | |
| INTERNATIONAL CLASS | 009 |
| DESCRIPTION | Semiconductors |
| FILING BASIS | Section 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 06/24/2013 |
| FIRST USE IN COMMERCE DATE | At least as early as 06/24/2013 |
| **GOODS AND/OR SERVICES SECTION (proposed)** | |
| INTERNATIONAL CLASS | 009 |
| DESCRIPTION | Semiconductors |
| FILING BASIS | Section 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 06/24/2013 |
| FIRST USE IN COMMERCE DATE | At least as early as 06/24/2013 |
| STATEMENT TYPE | **"The substitute (or new, or originally submitted, if appropriate) specimen(s) was/were in use in commerce at least as early as the filing date of the application"***[for an application based on Section 1(a), Use in Commerce] OR* **"The substitute (or new, or originally submitted, if appropriate) specimen(s) was/were in use in commerce prior either to the filing of the Amendment to Allege Use or expiration of the filing deadline for filing a Statement of Use"** *[for an application based on Section 1(b) Intent-to-Use]. OR* **"The attached specimen is a true copy of the specimen that was originally submitted with the application, amendment to allege use, or statement of use"** [for an illegible specimen]. |
| SPECIMEN FILE NAME(S) | \\TICRS\EXPORT18\IMAGEOUT 18\981\352\98135271\xml2 \ ROA0002.JPG |
| | \\TICRS\EXPORT18\IMAGEOUT 18\981\352\98135271\xml2 \ ROA0003.JPG |
| | \\TICRS\EXPORT18\IMAGEOUT 18\981\352\98135271\xml2 \ ROA0004.JPG |
| | \\TICRS\EXPORT18\IMAGEOUT 18\981\352\98135271\xml2 \ ROA0005.JPG |
| | \\TICRS\EXPORT18\IMAGEOUT 18\981\352\98135271\xml2 \ ROA0006.JPG |

| | |
|---|---|
| | \\TICRS\EXPORT18\IMAGEOUT 18\981\352\98135271\xml2 \ ROA0006.JPG |
| | \\TICRS\EXPORT18\IMAGEOUT 18\981\352\98135271\xml2 \ ROA0007.JPG |
| **SPECIMEN DESCRIPTION** | The attached specimens show the identifying mark in use with semiconductor products alongside websites displaying the products available for purchase |
| **WEBPAGE URL** | https://www.digikey.com/en/supplier-centers/good-ark-semiconductor |
| **WEBPAGE DATE OF ACCESS** | 06/11/2024 |
| **WEBPAGE URL** | https://www.digikey.com/en/products/detail/good-ark-semiconductor/GSDA213/18648568 |
| **WEBPAGE DATE OF ACCESS** | 06/11/2024 |
| **WEBPAGE URL** | https://www.digikey.com/en/products/detail/good-ark-semiconductor/F4TVS58A/18667740 |
| **WEBPAGE DATE OF ACCESS** | 06/11/2024 |
| **WEBPAGE URL** | https://www.digikey.com/en/products/detail/good-ark-semiconductor/SSF2220Y/18648597 |
| **WEBPAGE DATE OF ACCESS** | 06/11/2024 |
| **WEBPAGE URL** | https://www.digikey.com/en/products/detail/good-ark-semiconductor/BC856S/18649401 |
| **WEBPAGE DATE OF ACCESS** | 06/11/2024 |

## ADDITIONAL STATEMENTS SECTION

| | |
|---|---|
| **DISCLAIMER** | No claim is made to the exclusive right to use SEMICONDUCTOR apart from the mark as shown. |

## CORRESPONDENCE INFORMATION

| | |
|---|---|
| **NAME** | EVAN M SEALE |
| **PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE** | U1449-J11564@vp.flatfee.ai |
| **SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES)** | trademarks@docket.flatfeecorp.com |
| **DOCKET/REFERENCE NUMBER** | FFC |

## SIGNATURE SECTION

| | |
|---|---|
| **DECLARATION SIGNATURE** | /EMS/ |
| **SIGNATORY'S NAME** | Evan Marshall Seale |
| **SIGNATORY'S POSITION** | Attorney of record |
| **SIGNATORY'S PHONE NUMBER** | 832-409-0314 |
| **DATE SIGNED** | 06/11/2024 |
| **SIGNATURE METHOD** | Signed directly within the form |
| **RESPONSE SIGNATURE** | /EMS/ |
| **SIGNATORY'S NAME** | Evan Marshall Seale |
| **SIGNATORY'S POSITION** | Attorney of record |
| **SIGNATORY'S PHONE NUMBER** | 832-409-0314 |
| **DATE SIGNED** | 06/11/2024 |
| **ROLE OF AUTHORIZED SIGNATORY** | Authorized U.S.-Licensed Attorney |
| **SIGNATURE METHOD** | Signed directly within the form |

| FILING INFORMATION SECTION | |
|---|---|
| **SUBMIT DATE** | Tue Jun 11 14:47:08 ET 2024 |
| **TEAS STAMP** | USPTO/ROA-XX.XXX.XXX.XXX-20240611144708765144-9813 5271-850aa5d85ea4a3d12787 bb431f1877764e89e3a4b4f83 2966bce1123786fb95deb4-N/ A-N/A-20240611143255707072 2 |

PTO- 1957

Approved for use through 01/31/2027. OMB 0651-0050

U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number

## Response to Office Action

## To the Commissioner for Trademarks:

Application serial no. **98135271** GOOD-ARK SEMICONDUCTOR(Standard Characters, see https://tmng-al.uspto.gov/resting2/api/img/98135271/large) has been amended as follows:

**CLASSIFICATION AND LISTING OF GOODS/SERVICES**

**Applicant proposes to amend the following:**

**Current:**
Class 009 for Semiconductors
**Filing Basis: Section 1(a), Use in Commerce:** The applicant is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended. The mark was first used at least as early as 06/24/2013 and first used in commerce at least as early as 06/24/2013 , and is now in use in such commerce.

**Proposed:**
Class 009 for Semiconductors
**Filing Basis: Section 1(a), Use in Commerce:** The applicant is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended. The mark was first used at least as early as 06/24/2013 and first used in commerce at least as early as 06/24/2013 , and is now in use in such commerce. Applicant hereby submits one(or more) specimen(s) for Class 009. The specimen(s) submitted consists of The attached specimens show the identifying mark in use with semiconductor products alongside websites displaying the products available for purchase.
**"The substitute (or new, or originally submitted, if appropriate) specimen(s) was/were in use in commerce at least as early as the filing date of the application"***[for an application based on Section 1(a), Use in Commerce]* OR **"The substitute (or new, or originally submitted, if appropriate) specimen(s) was/were in use in commerce prior either to the filing of the Amendment to Allege Use or expiration of the filing deadline for filing a Statement of Use**" *[for an application based on Section 1(b) Intent-to-Use].* OR **"The attached specimen is a true copy of the specimen that was originally submitted with the application, amendment to allege use, or statement of use"** [for an illegible specimen].
Specimen File1
Specimen File2
Specimen File3
Specimen File4
Specimen File5
Specimen File6

Webpage URL: https://www.digikey.com/en/supplier-centers/good-ark-semiconductor
Webpage Date of Access: 06/11/2024
Webpage URL: https://www.digikey.com/en/products/detail/good-ark-semiconductor/GSDA213/18648568

Webpage Date of Access: 06/11/2024
Webpage URL: https://www.digikey.com/en/products/detail/good-ark-semiconductor/F4TVS58A/18667740
Webpage Date of Access: 06/11/2024
Webpage URL: https://www.digikey.com/en/products/detail/good-ark-semiconductor/SSF2220Y/18648597
Webpage Date of Access: 06/11/2024
Webpage URL: https://www.digikey.com/en/products/detail/good-ark-semiconductor/BC856S/18649401
Webpage Date of Access: 06/11/2024

**ADDITIONAL STATEMENTS**
**Disclaimer**
No claim is made to the exclusive right to use SEMICONDUCTOR apart from the mark as shown.


**Correspondence Information**
    EVAN M SEALE
    PRIMARY EMAIL FOR CORRESPONDENCE: U1449-J11564@vp.flatfee.ai
    SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES): trademarks@docket.flatfeecorp.com

The docket/reference number is FFC.


**Requirement for Email and Electronic Filing:** I understand that a valid email address must be maintained by the owner/holder and the owner's/holder's attorney, if appointed, and that all official trademark correspondence must be submitted via the Trademark Electronic Application System (TEAS).


**SIGNATURE(S)**
**Declaration Signature**


**DECLARATION: The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that, if the applicant submitted the application or allegation of use (AOU) unsigned, all statements in the application or AOU and this submission based on the signatory's own knowledge are true, and all statements in the application or AOU and this submission made on information and belief are believed to be true.**

**STATEMENTS FOR UNSIGNED SECTION 1(a) APPLICATION/AOU**: If the applicant filed an unsigned application under 15 U.S.C. §1051(a) or AOU under 15 U.S.C. §1051(c), the signatory additionally believes that: the applicant is the owner of the mark sought to be registered; the mark is in use in commerce and was in use in commerce as of the filing date of the application or AOU on or in connection with the goods/services/collective membership organization in the application or AOU; the original specimen(s), if applicable, shows the mark in use in commerce as of the filing date of the application or AOU on or in connection with the goods/services/collective membership organization in the application or AOU; *for a collective trademark, collective service mark, collective membership mark application, or certification mark application,* the applicant is exercising legitimate control over the use of the mark in commerce and was exercising legitimate control over the use of the mark in commerce as of the filing date of the application or AOU; *for a certification mark application,* the applicant is not engaged in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant. **To the best of the signatory's knowledge and belief, no other persons, except, if applicable, authorized users, members, and/or concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services/collective membership organization of such other persons, to cause confusion or mistake, or to deceive.**

**STATEMENTS FOR UNSIGNED SECTION 1(b)/SECTION 44 APPLICATION AND FOR SECTION 66(a) COLLECTIVE/CERTIFICATION MARK APPLICATION:** If the applicant filed an unsigned application under 15 U.S.C. §§ 1051(b), 1126(d), and/or 1126(e), or filed a collective/certification mark application under 15 U.S.C. §1141f(a), the signatory additionally believes that: *for a trademark or service mark application,* the applicant is entitled to use the mark in commerce on or in connection with the goods/services specified in the application; the applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date; *for a collective trademark, collective service mark, collective membership mark, or certification mark application,* the applicant has a bona fide intention, and is entitled, to exercise legitimate control over the use of the mark in commerce and had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce as of the application filing date; the signatory is properly authorized to execute the declaration on behalf of the applicant; *for a certification mark application,* the applicant will not engage in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant. **To the best of the signatory's knowledge and belief, no other persons, except, if applicable, authorized users, members, and/or concurrent users, have the right to use the mark in**

commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services/collective membership organization of such other persons, to cause confusion or mistake, or to deceive.


Signature: /EMS/    Date: 06/11/2024
Signatory's Name: Evan Marshall Seale
Signatory's Position: Attorney of record
Signatory's Phone Number: 832-409-0314

Signature method: Signed directly within the form

**Response Signature**
Signature: /EMS/    Date: 06/11/2024
Signatory's Name: Evan Marshall Seale
Signatory's Position: Attorney of record

Signatory's Phone Number: 832-409-0314 Signature method: Signed directly within the form

The signatory has confirmed that he/she is a U.S.-licensed attorney who is an active member in good standing of the bar of the highest court of a U.S. state (including the District of Columbia and any U.S. Commonwealth or territory); and he/she is currently the owner's/holder's attorney or an associate thereof; and to the best of his/her knowledge, if prior to his/her appointment another U.S.-licensed attorney not currently associated with his/her company/firm previously represented the owner/holder in this matter: the owner/holder has revoked their power of attorney by a signed revocation or substitute power of attorney with the USPTO; the USPTO has granted that attorney's withdrawal request; the owner/holder has filed a power of attorney appointing him/her in this matter; or the owner's/holder's appointed U.S.-licensed attorney has filed a power of attorney appointing him/her as an associate attorney in this matter.

Mailing Address:   EVAN M SEALE

    440 N. BARRANCA AVE. #3159
    COVINA, California 91723
Mailing Address:   Evan M Seale

    440 N. BARRANCA AVE. #3159
    COVINA, California 91723

Serial Number: 98135271
Internet Transmission Date: Tue Jun 11 14:47:08 ET 2024
TEAS Stamp: USPTO/ROA-XX.XXX.XXX.XXX-202406111447087
65144-98135271-850aa5d85ea4a3d12787bb431
f1877764e89e3a4b4f832966bce1123786fb95de
b4-N/A-N/A-20240611143255570722



GOOD-ARK
SEMICONDUCTOR

About Good Ark Semiconductor | Additional Content

# Good Ark Semiconductor

## Product Categories

Search 🔍

Circuit Protection | Discrete Semiconductor Products | Sensors, Transducers

## Our Products

**Featured Products** | Newest Products

| GSDA213 | F4TVS58A | SSF2220Y | BC856S |
|---|---|---|---|
| ACCELEROMETER, 3-AXIS, 14-BIT, L... | TVS, BI-DIR, 400V, 38V, ESGA (SO... | MOSFET 2N-CH 20V 0.8A SOT563 | TRANSISTOR, PNP, DUAL, -0.1A, -0... |
| Learn More | Learn More | Learn More | Learn More |

‹ ● › 

## About Good Ark Semiconductor

Good-Ark Semiconductor is a leading global discrete semiconductor manufacturer that offers a wide variety of surface mount, through-hole and wafer devices with superior quality and reliability at competitive costs. Good-Ark Semiconductor's product portfolio includes Diodes, Rectifiers, TVS, Transistors, ESD TVS and MOSFETs.

**Our Website**

## Additional Content

**RESOURCES**

Letter of Authorization

**Stay Connected!**

Enter your email | Subscribe

| INFORMATION | HELP | CONTACT US | FOLLOW US |
|---|---|---|---|
| About DigiKey | Help and Support | 💬 Chat | f X ▶ @ in |
| Marketplace | Order Status | 📞 1-800-344-4539 | |
| Get on DigiKey.com | Shipping Rates/Options | 218-681-6674 | 🍎 App Store  ▶ Google Play |
| Careers | Returns and Order Issues | ✉ sales@digikey.com | |
| Site Map | Tariff Information | 📍 CoECnote | |
| Digital Solutions | | | |
| Newsroom | | | |

ECIA MEMBER
Supporting the Authorized Channel

Electronic Representatives Association

🇺🇸 United States | Copyright © 1995-2024, DigiKey. | All Rights Reserved. | Terms & Conditions | Privacy Notice | Accessibility Statement | Cookie Settings
Local Support: 701 Brooks Avenue South, Thief River Falls, MN 56701 USA

Do Not Sell / Do Not Share My Personal Information

All Products ⌄   | Enter keyword or part # | 🔍

Login or REGISTER ⌄   🛒 0 item(s) ⌄

Products ⌄   Manufacturers ⌄   Resources ⌄

Product Index  >  Discrete Semiconductor Products  >  Transistors  >  Bipolar (BJT)  >  Bipolar Transistor Arrays  >  Good-Ark Semiconductor BC856S

Dark Mode ⬤   Share ⌁



### BC856S

| | |
|---|---|
| DigiKey Part Number | 4786-BC856STR-ND - Tape & Reel (TR)<br>4786-BC856SCT-ND - Cut Tape (CT)<br>4786-BC856SDKR-ND - Digi-Reel® |
| Manufacturer | **Good-Ark Semiconductor** |
| Manufacturer Product Number | BC856S |
| Description | TRANSISTOR, PNP, DUAL, -0.1A, -8 |
| Manufacturer Standard Lead Time | 16 Weeks |
| Customer Reference | |
| Detailed Description | Bipolar (BJT) Transistor Array 2 PNP 65V 100mA 100MHz 200mW Surface Mount SOT-363 |
| Datasheet | 📄 Datasheet |

*Image shown is a representation only. Exact specifications should be obtained from the product data sheet.*

### In-Stock: 5,914

Can ship immediately

**QUANTITY**

[ ]

[ Add to List ]   [ **Add to Cart** ]

All prices are in USD

#### Cut Tape (CT) & Digi-Reel®

| QUANTITY | UNIT PRICE | EXT PRICE |
|---|---|---|
| 1 | $0.19000 | $0.19 |
| 10 | $0.13400 | $1.34 |
| 100 | $0.07220 | $7.22 |
| 500 | $0.05672 | $28.36 |
| 1,000 | $0.03939 | $39.39 |

* All Digi-Reel orders will add a $7.00 reeling fee.

#### Tape & Reel (TR)

| QUANTITY | UNIT PRICE | EXT PRICE |
|---|---|---|
| 3,000 | $0.03263 | $97.89 |
| 6,000 | $0.03086 | $185.16 |
| 9,000 | $0.02626 | $236.34 |
| 30,000 | $0.02429 | $728.70 |
| 75,000 | $0.02101 | $1,575.75 |

## Product Attributes

| TYPE | DESCRIPTION | SELECT ALL ☐ |
|---|---|---|
| Category | **Discrete Semiconductor Products**<br>**Transistors**<br>**Bipolar (BJT)**<br>**Bipolar Transistor Arrays** | ○<br>○<br>○<br>⦿ |
| Manufacturer | Good-Ark Semiconductor | ☐ |
| Series | - | ☐ |
| Packaging | Tape & Reel (TR) ⓘ<br>Cut Tape (CT) ⓘ<br>Digi-Reel® ⓘ | ☐<br>☐<br>☐ |
| Part Status | Active | ☐ |

Feedback   Need Help?



# F4TVS58A

| | |
|---|---|
| DigiKey Part Number | 4786-F4TVS58ATR-ND - Tape & Reel (TR)<br>4786-F4TVS58ACT-ND - Cut Tape (CT)<br>4786-F4TVS58ADKR-ND - Digi-Reel® |
| Manufacturer | Good-Ark Semiconductor |
| Manufacturer Product Number | F4TVS58A |
| Description | TVS, BI DIR, 400W, 58V, ESGA (SO) |
| Manufacturer Standard Lead Time | 16 Weeks |
| Customer Reference | |
| Detailed Description | 93.6V Clamp 4.3A Ipp Tvs Diode Surface Mount eSGA (SOD-123FL) |
| Datasheet | 🔴 Datasheet |

*Image shown is a representation only. Exact specifications should be obtained from the product data sheet.*

**In-Stock: 5,985**

Can ship immediately

**QUANTITY**

[        ]

Add to List        Add to Cart

All prices are in USD

## Cut Tape (CT) & Digi-Reel®

| QUANTITY | UNIT PRICE | EXT PRICE |
|---|---|---|
| 1 | $0.25000 | $0.25 |
| 10 | $0.20200 | $2.02 |
| 25 | $0.16920 | $4.23 |
| 100 | $0.10710 | $10.71 |
| 250 | $0.08264 | $20.66 |
| 500 | $0.07044 | $35.22 |
| 1,000 | $0.04790 | $47.90 |

* All Digi-Reel orders will add a $7.00 reeling fee.

## Tape & Reel (TR)

| QUANTITY | UNIT PRICE | EXT PRICE |
|---|---|---|
| 3,000 | $0.04321 | $129.63 |
| 6,000 | $0.03757 | $225.42 |
| 15,000 | $0.03194 | $479.10 |

## Product Attributes

| TYPE | DESCRIPTION | SELECT ALL ☐ |
|---|---|---|
| Category | Circuit Protection<br>Transient Voltage Suppressors (TVS)<br>TVS Diodes | ○<br>○<br>⦿ |
| Mfr | Good-Ark Semiconductor | ☐ |
| Series | - | ☐ |
| Packaging | Tape & Reel (TR) ⓘ<br>Cut Tape (CT) ⓘ<br>Digi-Reel® ⓘ | ☐<br>☐<br>☐ |
| Part Status | Active | ☐ |



All Products | Enter keyword or part #

Login or REGISTER

1 item(s)

Products | Manufacturers | Resources

## Shopping Cart

Add Parts From

Share Copy | Download

New Cart

| | Product Details | Quantity | Availability | Unit Price | Extended Price |
|---|---|---|---|---|---|
| 1 | 4786-GSDA213CT-ND<br>GSDA213<br>Gravá Art Semiconductor<br>ACCELEROMETER, 3-AXIS, 14-BIT, I... | 10 | Immediate | 0.97000 | $9.70 |
| | Customer Reference | | | | |

Add to List | Save for Later | Delete

### Cart Summary

| | |
|---|---|
| Subtotal | $9.70 |
| Shipping | + $6.99 |
| **Total** | * **$16.69** |

* Estimates

FedEx Ground ( 6.99 )

🔒 Checkout as Guest

Already Registered? Log In

Your data will be encrypted and transmitted securely

**Information:** By clicking Submit Order you agree to DigiKey's Terms of Use and Conditions of Order and Privacy Notice.

### Manual Entry

Quantity | Part Number | Customer Reference | Add to Cart

### Upload a File

Upload a File: Drag a file here (.xls, .xlsx, .csv, .txt) or Browse.

### Bulk Add

One product per line, delimiter must be a comma. (5, P4525-ND, ABC123)

Add to Cart

Web ID: 348074245

Need Help? | Feedback

**DigiKey**

All Products ⌄  Enter keyword or part #  🔍  🇺🇸

Login or
REGISTER ⌄   🛒 0 item(s) ⌄

Products ⌄  Manufacturers ⌄  Resources ⌄

Product Index  ›  Sensors, Transducers  ›  Motion Sensors  ›  Accelerometers  ›  Good-Ark Semiconductor GSDA213

Dark Mode ⬤  Share ⤴



## GSDA213

| | |
|---|---|
| DigiKey Part Number | 4786-GSDA213TR-ND - Tape & Reel (TR)<br>4786-GSDA213CT-ND - Cut Tape (CT)<br>4786-GSDA213DKR-ND - Digi-Reel® |
| Manufacturer | Good-Ark Semiconductor |
| Manufacturer Product Number | GSDA213 |
| Description | ACCELEROMETER, 3-AXIS, 14-BIT, L |
| Manufacturer Standard Lead Time | 16 Weeks |
| Customer Reference | |
| Detailed Description | Accelerometer X, Y, Z Axis ±2g, 4g, 8g, 16g 1Hz ~ 1kHz 12-LGA (2x2) |
| Datasheet | 📄 Datasheet |

Image shown is a representation only. Exact specifications should be obtained from the product data sheet.

**In-Stock: 7,936**

Can ship immediately

QUANTITY

[        ]

[ Add to List ]   [ **Add to Cart** ]

All prices are in USD

### Cut Tape (CT) & Digi-Reel®

| QUANTITY | UNIT PRICE | EXT PRICE |
|---|---|---|
| 1 | $1.29000 | $1.29 |
| 10 | $0.97000 | $9.70 |
| 25 | $0.77560 | $19.39 |
| 100 | $0.71100 | $71.10 |
| 500 | $0.59792 | $298.96 |
| 1,000 | $0.53328 | $533.28 |

* All Digi-Reel orders will add a $7.00 reeling fee.

### Tape & Reel (TR)

| QUANTITY | UNIT PRICE | EXT PRICE |
|---|---|---|
| 🎞 5,000 | $0.48480 | $2,424.00 |
| 10,000 | $0.45248 | $4,524.80 |
| 15,000 | $0.44440 | $6,666.00 |

🎞 Manufacturers Standard Package

## Product Attributes

| TYPE | DESCRIPTION | | SELECT ALL ☐ |
|---|---|---|---|
| Category | Sensors, Transducers<br>Motion Sensors<br>Accelerometers | | ○<br>○<br>◉ |
| Manufacturer | Good-Ark Semiconductor | | ☐ |
| Series | - | | ☐ |
| Packaging | Tape & Reel (TR) ⓘ<br>Cut Tape (CT) ⓘ<br>Digi-Reel® ⓘ | | ☐<br>☐<br>☐ |
| Part Status | Active | | ☐ |

Feedback

Need Help?

**DigiKey**

All Products ▾    Enter keyword or part #    🔍    🇺🇸    Login or REGISTER ▾    🛒 0 item(s) ▾

Products ▾    Manufacturers ▾    Resources ▾

Product Index  >  Discrete Semiconductor Products  >  Transistors  >  FETs, MOSFETs  >  FET, MOSFET Arrays  >  Good-Ark Semiconductor SSF2220Y

Dark Mode ⬤◯    Share ◀



### SSF2220Y

| | |
|---|---|
| DigiKey Part Number | 4786-SSF2220YTR-ND - Tape & Reel (TR) |
| | 4786-SSF2220YCT-ND - Cut Tape (CT) |
| | 4786-SSF2220YDKR-ND - Digi-Reel® |
| Manufacturer | Good-Ark Semiconductor |
| Manufacturer Product Number | SSF2220Y |
| Description | MOSFET 2N-CH 20V 0.8A SOT563 |
| Manufacturer Standard Lead Time | 16 Weeks |
| Customer Reference | |
| Detailed Description | Mosfet Array 20V 800mA (Tc) 312W (Tc) Surface Mount SOT-563 |
| Datasheet | 📄 Datasheet |

Image shown is a representation only. Exact specifications should be obtained from the product data sheet.

**In-Stock: 5,840**

Can ship immediately

QUANTITY

[ ]

[ Add to List ]    [ Add to Cart ]

All prices are in USD

### Cut Tape (CT) & Digi-Reel®

| QUANTITY | UNIT PRICE | EXT PRICE |
|---|---|---|
| 1 | $0.36000 | $0.36 |
| 10 | $0.26700 | $2.67 |
| 25 | $0.23320 | $5.83 |
| 100 | $0.15100 | $15.10 |
| 250 | $0.12500 | $31.25 |
| 500 | $0.10000 | $50.00 |
| 1,000 | $0.07666 | $76.66 |

* All Digi-Reel orders will add a $7.00 reeling fee.

### Tape & Reel (TR)

| QUANTITY | UNIT PRICE | EXT PRICE |
|---|---|---|
| 🏷 3,000 | $0.06666 | $199.98 |
| 6,000 | $0.05999 | $359.94 |
| 15,000 | $0.05333 | $799.95 |

## Product Attributes

| TYPE | DESCRIPTION | SELECT ALL ☐ |
|---|---|---|
| Category | **Discrete Semiconductor Products** | ◯ |
| | **Transistors** | ◯ |
| | **FETs, MOSFETs** | ◯ |
| | **FET, MOSFET Arrays** | ⦿ |
| Manufacturer | Good-Ark Semiconductor | ☐ |
| Series | - | ☐ |
| Packaging | Tape & Reel (TR) ⑦ | ☐ |
| | Cut Tape (CT) ⑦ | ☐ |
| | Digi-Reel® ⑦ | ☐ |
| Part Status | Active | ☐ |

Feedback

Need Help?



GOOD-ARK
SEMICONDUCTOR

About Good Ark Semiconductor    Additional Content

## Good Ark Semiconductor

### Product Categories

Search 🔍

Circuit Protection

Discrete Semiconductor Products

Sensors, Transducers

### Our Products

**Featured Products**    Newest Products

| GSDA213 | F4TVS58A | SSF2220Y | BC856S |
|---|---|---|---|
| ACCELEROMETER, 3-AXIS, 14-BIT, L... | TVS, BI-DIR, 400V, 38V, ESGA (SO... | MOSFET 2N-CH 20V 0.8A SOT563 | TRANSISTOR, PNP, DUAL, -0.1A, -6... |
| Learn More | Learn More | Learn More | Learn More |

‹ • • ›

### About Good Ark Semiconductor

Good-Ark Semiconductor is a leading global discrete semiconductor manufacturer that offers a wide variety of surface mount, through-hole and wafer devices with superior quality and reliability at competitive costs. Good-Ark Semiconductor's product portfolio includes Diodes, Rectifiers, TVS, Transistors, ESD TVS and MOSFETs.

**Our Website**

### Additional Content

**RESOURCES**

Letter of Authorization

**Stay Connected!**

Enter your email    Subscribe

**INFORMATION**
About DigiKey
Marketplace
Get on DigiKey.com
Careers
Site Map
Digital Solutions
Newsroom

**HELP**
Help and Support
Order Status
Shipping Rates/Options
Returns and Order Issues
Tariff Information

**CONTACT US**
💬 Chat
📞 1-800-344-4539
218-681-6674
✉️ sales@digikey.com
🔧 CoilCraine

**FOLLOW US**
f  X  ▶  ◎  in

 App Store    Google Play

🟦 ECIA MEMBER
Supporting the Authorized Channel

⬡ Electronic
Representatives
Association

🇺🇸 United States | Copyright © 1995-2024 DigiKey. | All Rights Reserved. | Terms & Conditions | Privacy Notice | Accessibility Statement | Cookie Settings
Local Support: 701 Brooks Avenue South, Thief River Falls, MN 56701 USA

Do Not Sell / Do Not Share My Personal Information

DigiKey

All Products | Enter keyword or part #

Login or REGISTER | 0 item(s)

Products | Manufacturers | Resources

Product Index > Discrete Semiconductor Products > Transistors > Bipolar (BJT) > Bipolar Transistor Arrays > Good-Ark Semiconductor BC856S

Dark Mode | Share



**BC856S**

| | |
|---|---|
| DigiKey Part Number | 4786-BC856STR-ND - Tape & Reel (TR)<br>4786-BC856SCT-ND - Cut Tape (CT)<br>4786-BC856SDKR-ND - Digi-Reel® |
| Manufacturer | Good-Ark Semiconductor |
| Manufacturer Product Number | BC856S |
| Description | TRANSISTOR, PNP, DUAL, -0.1A, -8 |
| Manufacturer Standard Lead Time | 16 Weeks |
| Customer Reference | |
| Detailed Description | Bipolar (BJT) Transistor Array 2 PNP 65V 100mA 100MHz 200mW Surface Mount SOT-363 |
| Datasheet | Datasheet |

*Image shown is a representation only. Exact specifications should be obtained from the product data sheet.*

**In-Stock: 5,914**

Can ship immediately

QUANTITY

Add to List | Add to Cart

All prices are in USD

**Cut Tape (CT) & Digi-Reel®**

| QUANTITY | UNIT PRICE | EXT PRICE |
|---|---|---|
| 1 | $0.19000 | $0.19 |
| 10 | $0.13400 | $1.34 |
| 100 | $0.07220 | $7.22 |
| 500 | $0.05672 | $28.36 |
| 1,000 | $0.03939 | $39.39 |

* All Digi-Reel orders will add a $7.00 reeling fee.

**Tape & Reel (TR)**

| QUANTITY | UNIT PRICE | EXT PRICE |
|---|---|---|
| 3,000 | $0.03263 | $97.89 |
| 6,000 | $0.03086 | $185.16 |
| 9,000 | $0.02626 | $236.34 |
| 30,000 | $0.02429 | $728.70 |
| 75,000 | $0.02101 | $1,575.75 |

## Product Attributes

| TYPE | DESCRIPTION | SELECT ALL |
|---|---|---|
| Category | Discrete Semiconductor Products<br>Transistors<br>Bipolar (BJT)<br>Bipolar Transistor Arrays | ○○○● |
| Manufacturer | Good-Ark Semiconductor | ☐ |
| Series | - | ☐ |
| Packaging | Tape & Reel (TR) ⓘ<br>Cut Tape (CT) ⓘ<br>Digi-Reel® ⓘ | ☐☐☐ |
| Part Status | Active | ☐ |

Feedback | Need Help?

Dark Mode ◯ Share

# F4TVS58A



| | |
|---|---|
| **DigiKey Part Number** | 4786-F4TVS58ATR-ND - Tape & Reel (TR)<br>4786-F4TVS58ACT-ND - Cut Tape (CT)<br>4786-F4TVS58ADKR-ND - Digi-Reel® |
| **Manufacturer** | Good-Ark Semiconductor |
| **Manufacturer Product Number** | F4TVS58A |
| **Description** | TVS, BI DIR, 400W, 58V, ESGA (S0) |
| **Manufacturer Standard Lead Time** | 16 Weeks |
| **Customer Reference** | |
| **Detailed Description** | 93.6V Clamp 4.3A Ipp Tvs Diode Surface Mount eSGA (SOD-123FL) |
| **Datasheet** | 📄 Datasheet |

*Image shown is a representation only. Exact specifications should be obtained from the product data sheet.*

**In-Stock: 5,985**

Can ship immediately

**QUANTITY**

[ ]

Add to List | **Add to Cart**

All prices are in USD

### Cut Tape (CT) & Digi-Reel®

| QUANTITY | UNIT PRICE | EXT PRICE |
|---|---|---|
| 1 | $0.25000 | $0.25 |
| 10 | $0.20200 | $2.02 |
| 25 | $0.16920 | $4.23 |
| 100 | $0.10710 | $10.71 |
| 250 | $0.08264 | $20.66 |
| 500 | $0.07044 | $35.22 |
| 1,000 | $0.04790 | $47.90 |

* All Digi-Reel orders will add a $7.00 reeling fee.

### Tape & Reel (TR)

| QUANTITY | UNIT PRICE | EXT PRICE |
|---|---|---|
| 🏷 3,000 | $0.04321 | $129.63 |
| 6,000 | $0.03757 | $225.42 |
| 15,000 | $0.03194 | $479.10 |

## Product Attributes

| TYPE | DESCRIPTION | SELECT ALL ☐ |
|---|---|---|
| Category | **Circuit Protection**<br>**Transient Voltage Suppressors (TVS)**<br>**TVS Diodes** | ◯<br>◯<br>🔘 |
| Mfr | **Good-Ark Semiconductor** | ☐ |
| Series | - | ☐ |
| Packaging | Tape & Reel (TR) ⓘ<br>Cut Tape (CT) ⓘ<br>Digi-Reel® ⓘ | ☐<br>☐<br>☐ |
| Part Status | Active | ☐ |



## Shopping Cart

Add Parts From  ⌄                                   ☐ Share Copy   ⬇ Download                    ⬚ New Cart

| ☐ | Product Details | Quantity | Availability | Unit Price | Extended Price |
|---|-----------------|----------|--------------|------------|----------------|
| ☐ 1 | 4786-GSDA213CT-ND<br>GSDA213<br>Gooch A/s Semiconductor<br>ACCELEROMETER, 3-AXIS, 14-BIT, I.<br>Customer Reference | 18 | Immediate | 0.97000 | $9.70 |

[ Add to List ]   [ Save for Later ]   [ 🗑 Delete ]

---

### Cart Summary

Subtotal                          $9.70
Shipping                        + $6.99

**Total**          * **$16.69**
                              * Estimates ⓘ

FedEx Ground ( 6.99 )                      ⌄

[ 🔒 Checkout as Guest ]

Already Registered? **Log In**

🛡 Your data will be encrypted and
   transmitted securely.

**Information:** By clicking Submit Order you agree to
DigiKey's **Terms of Use and Conditions of Order**
and **Privacy Notice**.

---

| Manual Entry | Quantity | Part Number | Customer Reference | Add to Cart |

**Upload a File**

☁ Upload a File Drag a file here ( xls, xlsx,<br>csv, txt) or **Browse**.

**Bulk Add**

One product per line, delimiter must be a
comma. (5, P4525-ND, ABC123)

[ Add to Cart ]

Web ID: 348074245

**Stay Connected!**

Enter your email              [ Subscribe ]

DigiKey

All Products ⌄ | Enter keyword or part # | 🔍 | 🇺🇸

Login or
REGISTER ⌄   🛒 0 item(s) ⌄

Products ⌄   Manufacturers ⌄   Resources ⌄

Product Index  >  Sensors, Transducers  >  Motion Sensors  >  Accelerometers  >  Good-Ark Semiconductor GSDA213

Dark Mode ⬤   Share ⌔



## GSDA213

| | |
|---|---|
| DigiKey Part Number | 4786-GSDA213TR-ND - Tape & Reel (TR)<br>4786-GSDA213CT-ND - Cut Tape (CT)<br>4786-GSDA213DKR-ND - Digi-Reel® |
| Manufacturer | Good-Ark Semiconductor |
| Manufacturer Product Number | GSDA213 |
| Description | ACCELEROMETER, 3-AXIS, 14-BIT, L |
| Manufacturer Standard Lead Time | 16 Weeks |
| Customer Reference | |
| Detailed Description | Accelerometer X, Y, Z Axis ±2g, 4g, 8g, 16g 1Hz ~ 1kHz 12-LGA (2x2) |
| Datasheet | 📄 Datasheet |

*Image shown is a representation only. Exact specifications should be obtained from the product data sheet.*

**In-Stock: 7,936**

Can ship immediately

QUANTITY

[               ]

[ Add to List ]   [ Add to Cart ]

*All prices are in USD*

### Cut Tape (CT) & Digi-Reel®

| QUANTITY | UNIT PRICE | EXT PRICE |
|---|---|---|
| 1 | $1.29000 | $1.29 |
| 10 | $0.97000 | $9.70 |
| 25 | $0.77560 | $19.39 |
| 100 | $0.71100 | $71.10 |
| 500 | $0.59792 | $298.96 |
| 1,000 | $0.53328 | $533.28 |

* All Digi-Reel orders will add a $7.00 reeling fee.

### Tape & Reel (TR)

| QUANTITY | UNIT PRICE | EXT PRICE |
|---|---|---|
| 🔖 5,000 | $0.48480 | $2,424.00 |
| 10,000 | $0.45248 | $4,524.80 |
| 15,000 | $0.44440 | $6,666.00 |

🔖 Manufacturers Standard Package

## Product Attributes

| TYPE | DESCRIPTION | SELECT ALL ☐ |
|---|---|---|
| Category | **Sensors, Transducers**<br>**Motion Sensors**<br>**Accelerometers** | ○<br>○<br>⦿ |
| Manufacturer | Good-Ark Semiconductor | ☐ |
| Series | - | ☐ |
| Packaging | Tape & Reel (TR) ⓘ<br>Cut Tape (CT) ⓘ<br>Digi-Reel® ⓘ | ☐<br>☐<br>☐ |
| Part Status | Active | ☐ |

Feedback

Need Help?

**DigiKey**

All Products ⌄    Enter keyword or part #

Login or REGISTER ⌄    🛒 0 item(s) ⌄

Products ⌄    Manufacturers ⌄    Resources ⌄

Product Index  ›  Discrete Semiconductor Products  ›  Transistors  ›  FETs, MOSFETs  ›  FET, MOSFET Arrays  ›  Good-Ark Semiconductor SSF2220Y

Dark Mode ⬤    Share ⌕



## SSF2220Y

| | |
|---|---|
| DigiKey Part Number | 4786-SSF2220YTR-ND - Tape & Reel (TR) |
| | 4786-SSF2220YCT-ND - Cut Tape (CT) |
| | 4786-SSF2220YDKR-ND - Digi-Reel® |
| Manufacturer | Good-Ark Semiconductor |
| Manufacturer Product Number | SSF2220Y |
| Description | MOSFET 2N-CH 20V 0.8A SOT563 |
| Manufacturer Standard Lead Time | 16 Weeks |
| Customer Reference | |
| Detailed Description | Mosfet Array 20V 800mA (Tc) 312W (Tc) Surface Mount SOT-563 |
| Datasheet | 📄 Datasheet |

Image shown is a representation only. Exact specifications should be obtained from the product data sheet.

### In-Stock: 5,840

Can ship immediately

QUANTITY

[ ]

Add to List        Add to Cart

All prices are in USD

### Cut Tape (CT) & Digi-Reel®

| QUANTITY | UNIT PRICE | EXT PRICE |
|---|---|---|
| 1 | $0.36000 | $0.36 |
| 10 | $0.26700 | $2.67 |
| 25 | $0.23320 | $5.83 |
| 100 | $0.15100 | $15.10 |
| 250 | $0.12500 | $31.25 |
| 500 | $0.10000 | $50.00 |
| 1,000 | $0.07666 | $76.66 |

* All Digi-Reel orders will add a $7.00 reeling fee.

### Tape & Reel (TR)

| QUANTITY | UNIT PRICE | EXT PRICE |
|---|---|---|
| 🗘 3,000 | $0.06666 | $199.98 |
| 6,000 | $0.05999 | $359.94 |
| 15,000 | $0.05333 | $799.95 |

## Product Attributes

| TYPE | DESCRIPTION | SELECT ALL ☐ |
|---|---|---|
| Category | Discrete Semiconductor Products | ○ |
| | Transistors | ○ |
| | FETs, MOSFETs | ○ |
| | FET, MOSFET Arrays | ⦿ |
| Manufacturer | Good-Ark Semiconductor | ☐ |
| Series | - | ☐ |
| Packaging | Tape & Reel (TR) ⓘ | ☐ |
| | Cut Tape (CT) ⓘ | ☐ |
| | Digi-Reel® ⓘ | ☐ |
| Part Status | Active | ☐ |

Feedback

Need Help?

## Trademark Snap Shot Amendment & Mail Processing Stylesheet
(Table presents the data on Amendment & Mail Processing Complete)

### OVERVIEW

| | | | |
|---|---|---|---|
| SERIAL NUMBER | 98135271 | FILING DATE | 08/16/2023 |
| REG NUMBER | 0000000 | REG DATE | N/A |
| REGISTER | PRINCIPAL | MARK TYPE | TRADEMARK |
| INTL REG # | N/A | INTL REG DATE | N/A |
| TM ATTORNEY | LADZEKPO, ASHIMADI DEL | L.O. ASSIGNED | O40-NOT FOUND |

### PUB INFORMATION

| | |
|---|---|
| RUN DATE | 06/11/2024 |
| PUB DATE | N/A |
| STATUS | 661-RESPONSE AFTER NON-FINAL ACTION - ENTERED |
| STATUS DATE | 06/11/2024 |
| LITERAL MARK ELEMENT | GOOD-ARK SEMICONDUCTOR |

| | | | |
|---|---|---|---|
| DATE ABANDONED | N/A | DATE CANCELLED | N/A |
| SECTION 2F | NO | SECTION 2F IN PART | NO |
| SECTION 8 | NO | SECTION 8 IN PART | NO |
| SECTION 15 | NO | REPUB 12C | N/A |
| RENEWAL FILED | NO | RENEWAL DATE | N/A |
| DATE AMEND REG | N/A | | |

### FILING BASIS

| FILED BASIS | | CURRENT BASIS | | AMENDED BASIS | |
|---|---|---|---|---|---|
| 1 (a) | YES | 1 (a) | YES | 1 (a) | NO |
| 1 (b) | NO | 1 (b) | NO | 1 (b) | NO |
| 44D | NO | 44D | NO | 44D | NO |
| 44E | NO | 44E | NO | 44E | NO |
| 66A | NO | 66A | NO | | |
| NO BASIS | NO | NO BASIS | NO | | |

### MARK DATA

| | |
|---|---|
| STANDARD CHARACTER MARK | YES |
| LITERAL MARK ELEMENT | GOOD-ARK SEMICONDUCTOR |
| MARK DRAWING CODE | 4-STANDARD CHARACTER MARK |
| COLOR DRAWING FLAG | NO |

### CURRENT OWNER INFORMATION

| | |
|---|---|
| PARTY TYPE | 10-ORIGINAL APPLICANT |

| NAME | GSC USA Inc |
|------|-------------|
| ADDRESS | 3 Wilafra Place<br>Northport, NY 117682115 |
| ENTITY | 03-CORPORATION |
| CITIZENSHIP | NEW YORK |

## GOODS AND SERVICES

| INTERNATIONAL CLASS | 009 |
|---------------------|-----|
| DESCRIPTION TEXT | Semiconductors |

## GOODS AND SERVICES CLASSIFICATION

| INTERNATIONAL CLASS | 009 | FIRST USE DATE | 06/24/2013 | FIRST USE IN COMMERCE DATE | 06/24/2013 | CLASS STATUS | 6-ACTIVE |
|---------------------|-----|----------------|------------|----------------------------|------------|--------------|----------|

## MISCELLANEOUS INFORMATION/STATEMENTS

| CHANGE IN REGISTRATION | NO |
|------------------------|-----|
| DISCLAIMER | SEMICONDUCTOR |

## PROSECUTION HISTORY

| DATE | ENT CD | ENT TYPE | DESCRIPTION | ENT NUM |
|------|--------|----------|-------------|---------|
| 06/11/2024 | TEME | I | TEAS/EMAIL CORRESPONDENCE ENTERED | 009 |
| 06/11/2024 | CRFA | I | CORRESPONDENCE RECEIVED IN LAW OFFICE | 008 |
| 06/11/2024 | TROA | I | TEAS RESPONSE TO OFFICE ACTION RECEIVED | 007 |
| 04/17/2024 | GNRN | O | NOTIFICATION OF NON-FINAL ACTION E-MAILED | 006 |
| 04/17/2024 | GNRT | F | NON-FINAL ACTION E-MAILED | 005 |
| 04/17/2024 | CNRT | R | NON-FINAL ACTION WRITTEN | 004 |
| 04/16/2024 | DOCK | D | ASSIGNED TO EXAMINER | 003 |
| 09/18/2023 | NWOS | I | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED | 002 |
| 08/19/2023 | NWAP | I | NEW APPLICATION ENTERED | 001 |

## CURRENT CORRESPONDENCE INFORMATION

| ATTORNEY | Evan M Seale |
|----------|--------------|
| CORRESPONDENCE ADDRESS | Evan M Seale<br>440 N. BARRANCA AVE. #3159<br>COVINA, CA 91723 |
| DOMESTIC REPRESENTATIVE | NONE |

# Good-Ark Semiconductor

| To: | Evan M Seale(U1449-J11564@vp.flatfee.ai) |
|---|---|
| Subject: | U.S. Trademark Application Serial No. 98135271 - GOOD-ARK SEMICONDUCTOR - - FFC |
| Sent: | April 17, 2024 11:19:39 AM EDT |
| Sent As: | tmng.notices@uspto.gov |

**Attachments**

screencapture-www-merriam-webster-com-dictionary-semiconductor-17133669402311

### United States Patent and Trademark Office (USPTO)
#### Office Action (Official Letter) About Applicant's Trademark Application

**U.S. Application Serial No.** 98135271

**Mark:** GOOD-ARK SEMICONDUCTOR

**Correspondence Address:**
EVAN M SEALE
440 N. BARRANCA AVE. #3159
COVINA CA 91723
UNITED STATES

**Applicant:** GSC USA Inc

**Reference/Docket No.** FFC

**Correspondence Email Address:** U1449-J11564@vp.flatfee.ai

# NONFINAL OFFICE ACTION

**Response deadline.** File a response to this nonfinal Office action within three months of the "Issue date" below to avoid abandonment of the application. Review the Office action and respond using one of the links to the appropriate electronic forms in the "How to respond" section below.

**Request an extension.** For a fee, applicant may request one three-month extension of the response deadline prior to filing a response. The request must be filed within three months of the "Issue date" below. If the extension request is granted, the USPTO must receive applicant's response to this letter within six months of the "Issue date" to avoid abandonment of the application.

**Issue date:** April 17, 2024

## Introduction

The referenced application has been reviewed by the assigned trademark examining attorney. Applicant must respond timely and completely to the issue(s) below. 15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a),

2.65(a); TMEP §§711, 718.03.

## Summary of Issues

- Search Results - No Conflicting Marks Found
- Section 1 and 45 Refusal - Advertising For Goods Is Not An Acceptable Specimen
- Disclaimer of Descriptive Wording Required

## Search Results - No Conflicting Marks Found

The trademark examining attorney has searched the USPTO database of registered and pending marks and has found no conflicting marks that would bar registration under Trademark Act Section 2(d). 15 U.S.C. §1052(d); TMEP §704.02.

## Section 1 and 45 Refusal - Advertising For Goods Is Not An Acceptable Specimen

Registration is refused because the specimen appears to be mere advertising and does not properly show the applied-for mark as actually used in commerce in International Class 009. Trademark Act Sections 1 and 45, 15 U.S.C. §§1051, 1127; 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a); TMEP §§904, 904.04(b), 904.07(a). An application based on Trademark Act Section 1(a) must include a specimen showing the applied-for mark as actually used in commerce for each international class of goods identified in the application or amendment to allege use. 15 U.S.C. §1051(a)(1); 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a); TMEP §§904, 904.07(a).

Specifically, applicant submitted a screenshot of the applicant's website, however, the provide specimen does not meet the requirements of a specimen for goods used in commerce. Although, the specimen does show the applied for mark, there is no means to purchase the goods. Therefore, the provided specimen is merely advertising for the goods.

Advertising is not acceptable as a specimen for goods. *See In re Yarnell Ice Cream, LLC*, 2019 USPQ2d 265039, at *15-16 (TTAB 2019) (quoting *In re Siny Corp.*, 920 F.3d 1331, 1336, 2019 USPQ2d 127099, at *2-3 (Fed. Cir. 2019)); *see also Avakoff v. S. Pac. Co.*, 765 F.2d 1097, 1098, 226 USPQ 435, 436 (Fed. Cir. 1985); TMEP §904.04(b), (c). Advertising includes online advertising banners appearing on search-engine results pages or in social media, advertising circulars and brochures, price lists, and business cards. *See* TMEP §904.04(b).

**Examples of specimens.** Specimens for goods include a photograph of (1) the actual goods bearing the mark; (2) an actual container, packaging, tag or label for the goods bearing the mark; or (3) a point-of-sale display showing the mark directly associated with the goods. *See* 37 C.F.R. §2.56(b)(1), (c); TMEP §904.03(a)-(m). A webpage specimen submitted as a display associated with the goods must show the mark in association with a picture or textual description of the goods and include information necessary for ordering the goods. TMEP §904.03(i); *see* 37 C.F.R. §2.56(b)(1), (c). Any webpage printout or screenshot submitted as a specimen must include the webpage's URL and the date it was accessed or printed on the specimen itself, within the TEAS form that submits the specimen, or in a verified statement under 37 C.F.R. §2.20 or 28 U.S.C. §1746 in a later-filed response. *See* 37 C.F.R. §2.56(c); TMEP §§904.03(i), 1301.04(a).

## Response Options for Section 1  and 45 Refusal

Applicant may respond to this refusal by satisfying one of the following for each applicable international class:

> (1)    Submit a different specimen (a verified "substitute" specimen) that (a) was in actual use in commerce at least as early as the filing date of the application or prior to the filing of an amendment to allege use and (b) shows the mark in actual use in commerce for the goods identified in the application or amendment to allege use. A "verified substitute specimen" is a specimen that is accompanied by the following statement made in a signed affidavit or supported by a declaration under 37 C.F.R. §2.20: "The substitute (or new, or originally submitted, if appropriate) specimen(s) was/were in use in commerce at least as early as the filing date of the application or prior to the filing of the amendment to allege use." The substitute specimen cannot be accepted without this statement.

> (2)    Amend the filing basis to intent to use under Section 1(b) (which includes withdrawing an amendment to allege use, if one was filed), as no specimen is required before publication. This option will later necessitate additional fee(s) and filing requirements, including a specimen.

For an overview of the response options referenced above and instructions on how to satisfy these options using the online Trademark Electronic Application System (TEAS) form, see the Specimen webpage.

Although applicant's mark has been refused registration, applicant may respond to the refusal by submitting evidence and arguments in support of registration. However, if applicant responds to the refusal, applicant must also respond to the requirement set forth below.

## Disclaimer of Descriptive Wording Required

Applicant must disclaim the wording "SEMICONDUCTOR" because it is merely descriptive of an ingredient, quality, characteristic, function, feature, purpose, or use of applicant's goods and/or services. *See* 15 U.S.C. §§1052(e)(1), 1056(a); *DuoProSS Meditech Corp. v. Inviro Med. Devices, Ltd.*, 695 F.3d 1247, 1251, 103 USPQ2d 1753, 1755 (Fed. Cir. 2012); TMEP §§1213, 1213.03(a). Specifically, the term SEMICONDUCTOR immediately identifies the type of goods being sold. *See attached evidence of the screenshot for the website for Merriam Webster Dictionary.*

Applicant may respond to this issue by submitting a disclaimer in the following format:

> **No claim is made to the exclusive right to use "SEMINCONDUCTOR" apart from the mark as shown.**

For an overview of disclaimers and instructions on how to provide one using the Trademark Electronic Application System (TEAS), see the Disclaimer webpage.

## Response Guidelines

For this application to proceed, applicant must explicitly address each refusal and/or requirement in this Office action. For a refusal, applicant may provide written arguments and evidence against the refusal, and may have other response options if specified above. For a requirement, applicant should set forth the changes or statements. Please see the Responding to Office Actions webpage for more information

and tips on responding.

Please call or email the assigned trademark examining attorney with questions about this Office action. Although an examining attorney cannot provide legal advice, the examining attorney can provide additional explanation about the refusal(s) and/or requirement(s) in this Office action. *See* TMEP §§705.02, 709.06.

The USPTO does not accept emails as responses to Office actions; however, emails can be used for informal communications and are included in the application record. *See* 37 C.F.R. §§2.62(c), 2.191; TMEP §§304.01-.02, 709.04-.05.

**How to respond.** File a **response form to this nonfinal Office action** or file a **request form for an extension of time to file a response**.

/Ashimadi Ladzekpo/
Ashimadi Ladzekpo
Examining Attorney
LO131--LAW OFFICE 131
(571) 272-5329
Ashimadi.Ladzekpo@uspto.gov

# RESPONSE GUIDANCE

- **Missing the deadline for responding to this letter will cause the application to abandon.** A response or extension request must be received by the USPTO before 11:59 p.m. **Eastern Time** of the last day of the response deadline. Trademark Electronic Application System (TEAS) system availability could affect an applicant's ability to timely respond. For help resolving technical issues with TEAS, email TEAS@uspto.gov.

- **Responses signed by an unauthorized party** are not accepted and can **cause the application to abandon.** If applicant does not have an attorney, the response must be signed by the individual applicant, all joint applicants, or someone with legal authority to bind a juristic applicant. If applicant has an attorney, the response must be signed by the attorney.

- If needed, **find contact information for the supervisor** of the office or unit listed in the signature block.



Learn a new word every day. Delivered to your inbox!

SUBSCRIBE

Help   About Us   Advertising Info   Contact Us   Diversity   Privacy Policy   Terms of Use

© 2024 Merriam-Webster, Incorporated

## semiconductor noun

**Definition**

Did you know?

Example Sentences

Word History

semi·con·duc·tor  ˌse-mē-kən-ˈdək-tər  ˌse-ˌmī-,  -mi-

: any of a class of solids (such as germanium or silicon) whose electrical conductivity is between that of a conductor and that of an insulator in being nearly as great as that of a metal at high temperatures and nearly absent at low temperatures

Related Articles
Entries Near
Cite this Entry
Share
Kids Definition
Medical Definition
More from M-W
Show Less ^

Save Word





BUILD & PRICE    SEARCH NEW INVENTORY

Quordle

| W | O | R | D | Y |
| L | O | V | E | R |
| P | L | A | Y | S |
| D | I | L | L | Y |

Can you solve 4 words at once?

Play

THE BEST IN PESTS™   ORKIN
THE BEST IN PESTS™   ORKIN
Learn More

WORD OF THE DAY
circumlocution
See Definitions and Examples »

Get Word of the Day daily email!
Your email address    SUBSCRIBE

## Did you know?

A semiconductor is a crystal material whose ability to conduct electricity rises as its temperature goes up. That is, it sometimes acts as a conductor and sometimes as an insulator. Its conducting ability can be much increased by chemical treatment. A manufactured chip of silicon, less than half an inch square, may contain millions of microscopic transistors, which can serve control and memory functions when installed in a computer, automobile, cell phone, DVD player, or microwave oven. an insulator. Its conducting ability can be much increased by chemical treatment. A manufactured chip of silicon, less than half an inch square, may contain millions of microscopic transistors, which can serve control and memory functions when installed in a computer, automobile, cell phone, DVD player, or microwave oven.

## Examples of *semiconductor* in a Sentence

### Recent Examples on the Web

Meanwhile, the United States is also stepping up efforts to curb Chinese advanced chipmaking, and has reportedly asked South Korea — one of China's key trading partners — to adopt export controls on *semiconductor* tools.
– Britney Nguyen, *Quartz*, 12 Apr. 2024

Samsung's project adds to a robust *semiconductor* ecosystem in Texas, including tens of billions of dollars of additional investment from Texas Instruments Inc. in its home state and Samsung's existing factory in Austin.
– Mackenzie Hawkins, *Fortune Asia*, 12 Apr. 2024

GenX chemicals are made by the Chemours Co., which owns the trade name, to produce fluoropolymers used in *semiconductor* chips.
—Democrat-Gazette Staff From Wire Reports, *arkansasonline.com*, 11 Apr. 2024

See More ⌄

These examples are programmatically compiled from various online sources to illustrate current usage of the word 'semiconductor.' Any opinions expressed in the examples do not represent those of Merriam-Webster or its editors. Send us feedback about these examples.



BUILD

Learn more

## Word History

### First Known Use

1838, in the meaning defined above

### Time Traveler

**The first known use of *semiconductor* was in 1838**

See more words from the same year

## Articles Related to *semiconductor*



PROGRESSIVE

SEE THE LIGHT
and save on home insurance.

SEE THE LIGHT
and save on home insurance.

Get a quote



SEE THE LIGHT
and save on





**The Words of the Week - July 29**

Dictionary lookups from politics, the economy, and Loch Ness





U.S. ARMY MEDICINE USES...

## Dictionary Entries Near *semiconductor*

semiconduction

**semiconductor**

semiconscious

See More Nearby Entries >



SEE THE LIGHT

and save on home insurance.

Get a quote

## Cite this Entry

**Style** MLA

"Semiconductor." *Merriam-Webster.com Dictionary*, Merriam-Webster, https://www.merriam-webster.com/dictionary/semiconductor. Accessed 17 Apr. 2024.

Copy Citation

## Share



Facebook


Twitter

## Kids Definition

# semiconductor noun

semi·con·duc·tor   ˌsem-i-kən-ˈdək-tər   ˌsem-ˌī-

: any of a class of solids (as germanium) that have an ability to conduct electricity between that of a conductor and that of an insulator

**semiconducting** -tiŋ *adjective*



HEART DISEASE IS THE LEADING CAUSE OF DEATH IN THE U.S.



SEE THE LIGHT and save on home insurance.

Get a quote

## Medical Definition

# semiconductor noun

semi·con·duc·tor   -kən-ˈdək-tər

: any of a class of solids (as germanium or silicon) whose electrical conductivity is between that of a conductor and that of an insulator in being nearly as great as that of a metal at high temperatures and nearly absent at low temperatures



### More from Merriam-Webster on *semiconductor*

Nglish: Translation of *semiconductor* for Spanish Speakers
Britannica English: Translation of *semiconductor* for Arabic Speakers
Britannica.com: Encyclopedia article about *semiconductor*

Last Updated: 16 Apr 2024 - Updated example sentences

**Love words? Need even more definitions?**

Subscribe to America's largest dictionary and get thousands more definitions and advanced search—ad free!

MERRIAM-WEBSTER UNABRIDGED

## Popular in Grammar & Usage

See All >








Your vs. You're: How to Use    Every Letter Is Silent,    More Commonly    How to Use Em Dashes (—), En    Absent Letters That Are Heard







Your vs. You're: How to Use Them Correctly

Every Letter Is Silent, Sometimes: A-Z List of Examples

More Commonly Mispronounced Words

How to Use Em Dashes (—), En Dashes (–), and Hyphens (-)

Absent Letters That Are Heard Anyway

## Popular in Wordplay

See All >







A Great Big List of Bread Words

The Words of the Week - Apr. 12

10 Scrabble Words Without Any Vowels

12 More Bird Names that Sound Like Insults (and Sometimes Are)

9 Superb Owl Words

## Games & Quizzes

See All ›






## United States Patent and Trademark Office (USPTO)

# USPTO OFFICIAL NOTICE

### Office Action (Official Letter) has issued
### on April 17, 2024 for
### U.S. Trademark Application Serial No. 98135271

A USPTO examining attorney has reviewed your trademark application and issued an Office action.  You must respond to this Office action to avoid your application abandoning.  Follow the steps below.

**(1)  Read the Office action**.  This email is NOT the Office action.

**(2)  Respond to the Office action by the deadline** using the Trademark Electronic Application System (TEAS).  Your response, or extension request, must be received by the USPTO on or before 11:59 p.m. **Eastern Time** of the last day of the response deadline.  Otherwise, your application will be abandoned.  See the Office action itself regarding how to respond.

**(3)  Direct general questions** about using USPTO electronic forms, the USPTO website, the application process, the status of your application, and whether there are outstanding deadlines to the Trademark Assistance Center (TAC).

After reading the Office action, address any question(s) regarding the specific content to the USPTO examining attorney identified in the Office action.

# GENERAL GUIDANCE

- **Check the status of your application periodically** in the Trademark Status & Document Retrieval (TSDR) database to avoid missing critical deadlines.

- **Update your correspondence email address** to ensure you receive important USPTO notices about your application.

- **Beware of trademark-related scams**.  Protect yourself from people and companies that may try to take financial advantage of you.  Private companies may call you and pretend to be the USPTO or may send you communications that resemble official USPTO documents to trick you.  We will never request your credit card number or social security number over the phone.  Verify the correspondence originated from us by using your serial number in our database, TSDR, to confirm that it appears under the "Documents" tab, or contact the Trademark Assistance Center.

- **Hiring a U.S.-licensed attorney**.  If you do not have an attorney and are not required to

have one under the trademark rules, we encourage you to hire a U.S.-licensed attorney specializing in trademark law to help guide you through the registration process.  The USPTO examining attorney is not your attorney and cannot give you legal advice, but rather works for and represents the USPTO in trademark matters.



User: Ashimadi Ladzekpo

| | Statistics for Case 98135271 | | | | | |
|---|---|---|---|---|---|---|
| **#** | **Search** | **Total Marks** | **Dead Marks** | **Live Viewed Docs** | **Live Viewed Images** | **Status/Search Duration** |
| **1** | SN:98135271 | 1 | 0 | 1 | 1 | |
| **2** | CM:/.*g+[aeiouy]+[aeiouwy]+d.*/ AND LD:true | 21101 | 0 | 0 | 0 | 0:00 |
| **3** | CM:/.*r+[ckq].*/ AND LD:true | 271230 | 0 | 0 | 0 | 0:00 |
| **4** | CM:/.*[scz]+[aeiouy]+m+[aeiouy]+[ckqx]+[aeiouy]+n+d+[aeiouy]+[ckqx].*/ AND LD:true | 162 | 0 | 162 | 56 | |
| **5** | 2 AND 3 AND 4 | 1 | 0 | 1 | 1 | |
| **6** | 2 AND (3 4) | 2742 | 0 | 0 | 0 | 0:00 |
| **7** | 3 AND 4 | 10 | 0 | 10 | 10 | |
| **8** | 6 AND CC:009 | 959 | 0 | 0 | 0 | 0:00 |
| **9** | 6 AND IC:(009 010 016 028 a b 200) | 409 | 0 | 409 | 124 | |
| **10** | CM:/.*g+[aeiouy]+[aeiouwy]+d.*r+[ckq].*/ AND LD:true | 51 | 0 | 51 | 38 | |
| **11** | CM:"good-ark" AND LD:true | 1 | 0 | 1 | 1 | |
| **12** | CM:"good-ark semiconductor" AND LD:true | 1 | 0 | 1 | 1 | |
| **13** | CM:/.*g+[aeiouy]+[aeiouwy]+d+[aeiouy]+r+[ckq].*/ AND LD:true | 9 | 0 | 9 | 9 | |
| **14** | CM:/.*g+[aeiouy]+[aeiouwy]+d.*[aeiouy]+r+[ckq].*/ AND LD:true | 46 | 0 | 46 | 39 | |

Session started 04/16/2024 11:33 pm

Session ended 04/16/2024 11:58 pm

Total search duration 0.00

Session duration 24 minutes 50 seconds

Adjacency Level 1

Near Level 1

# Good-Ark Semiconductor


GOOD-ARK
SEMICONDUCTOR

## DISCRETE SEMICONDUCTORS EMPOWERING YOUR DESIGN

**Good-Ark Semiconductor** is a leading global discrete semiconductor manufacturer that offers a wide variety of surface mount, through-hole and wafer devices with superior quality and reliability at competitive costs.

LEARN MORE

### DIODES
- Switching
- Schottky
- Zener
- Current Limiting

### RECTIFIERS
- General Purpose
- Fast Recovery
- Ultra-Fast Recovery/ High Efficiency
- Super-Fast Recovery
- Schottky
- Silicon Carbide Schottky

### BRIDGE RECTIFIERS
- General Purpose
- Fast/Ultra-Fast/ Super-Fast Recovery
- Schottky

### MEMS
- Three-Axis Accelerometer
- Three-Axis Magnetometer
- Six-Axis A+M

### PROTECTION DEVICES
- ESD TVS
- Ultra Low Cap. Polymer and Ceramic ESD TVS
- TVS
- Chip Fuses
- Thermistors

### MOSFETS
- Small Signal and Power MOSFETs
- Complementary (N+P)

### TRANSISTORS
- NPN
- PNP
- Complementary (N+P)

### WAFER/BARE DIE
- Schottky Wafer
- Rectifier Wafer
- TVS Wafer
- Zener Wafer

**NEW PRODUCT: THE INDUSTRY'S FIRST 5A, 200V SCHOTTKY BRIDGE RECTIFIER IN THE DFS PACKAGE – DB520**

### ABOUT US
Good-Ark manufactures innovative discrete semiconductors with increased power density and energy efficiency in pursuit of environmental sustainability and cost effectiveness. Good-Ark has both the flexibility and R&D capability of providing custom devices to meet customers' specific requirements.



LEARN MORE

### CERTIFICATIONS
- Quality: **ISO9001: 2008**
- Automotive: **ISO/TS16949**
- Environment: **ISO14001 & QC080000**
- Health & Safety: **OHSAS18001**
- Information Security: **ISO/IEC27001**

LEARN MORE

**FREE SAMPLES AVAILABLE - CONTACT US**

GOOD-ARK SEMICONDUCTOR
90-8, 13th Avenue, Ronkonkoma, NY 11779
Tel: 631-319-1858 • Fax: 631-319-1855 • Email: **inquiry@goodarksemi.com**

PTO- 1478
Approved for use through 10/31/2024. OMB 0651-0009
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number

# Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 98135271**
**Filing Date: 08/16/2023**

*NOTE: Data fields with the * are mandatory under TEAS Plus. The wording "(if applicable)" appears where the field is only mandatory under the facts of the particular application.*

---

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **TEAS Plus** | **YES** |
| **MARK INFORMATION** | |
| *MARK | Good-Ark Semiconductor |
| *STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | Good-Ark Semiconductor |
| *MARK STATEMENT | The mark consists of standard characters, without claim to any particular font style, size, or color. |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | GSC USA Inc |
| *MAILING ADDRESS | 3 Wilafra Place |
| *CITY | Northport |
| *STATE (Required for U.S. applicants) | New York |
| *COUNTRY/REGION/JURISDICTION/U.S. TERRITORY | United States |
| *ZIP/POSTAL CODE (Required for U.S. and certain international addresses) | 11768-2115 |
| *EMAIL ADDRESS | XXXX |
| **LEGAL ENTITY INFORMATION** | |
| *TYPE | CORPORATION |
| * STATE/COUNTRY/REGION/JURISDICTION/U.S. TERRITORY OF INCORPORATION | New York |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| *INTERNATIONAL CLASS | 009 |
| *IDENTIFICATION | Semiconductors |
| *FILING BASIS | SECTION 1(a) |

| FIRST USE ANYWHERE DATE | At least as early as 06/24/2013 |
|---|---|
| FIRST USE IN COMMERCE DATE | At least as early as 06/24/2013 |
| SPECIMEN<br>FILE NAME(S) | \\TICRS\EXPORT18\IMAGEOUT<br>18\981\352\98135271\xml1 \ FTK0003.JPG |
| SPECIMEN DESCRIPTION | The attached specimen shows the identifying mark being used in conjunction with the sale of semiconductors on a website which displays various semiconductor products available for purchase |
| WEBPAGE URL | https://goodarksemi.com/ |
| WEBPAGE DATE OF ACCESS | 08/15/2023 |

## ADDITIONAL STATEMENTS INFORMATION

| | |
|---|---|
| *TRANSLATION<br>(if applicable) | |
| *TRANSLITERATION<br>(if applicable) | |
| *CLAIMED PRIOR REGISTRATION<br>(if applicable) | |
| *CONSENT (NAME/LIKENESS)<br>(if applicable) | |
| *CONCURRENT USE CLAIM<br>(if applicable) | |

## ATTORNEY INFORMATION

| | |
|---|---|
| NAME | Evan M Seale |
| ATTORNEY DOCKET NUMBER | FFC |
| ATTORNEY BAR MEMBERSHIP NUMBER | XXX |
| YEAR OF ADMISSION | XXXX |
| U.S. STATE/ COMMONWEALTH/ TERRITORY | XX |
| STREET | 440 N. Barranca Ave. #3159 |
| CITY | Covina |
| STATE | California |
| COUNTRY/REGION/JURISDICTION/U.S. TERRITORY | United States |
| ZIP/POSTAL CODE | 91723 |
| EMAIL ADDRESS | U1449-J11564@vp.flatfee.ai |

## CORRESPONDENCE INFORMATION

| | |
|---|---|
| NAME | Evan M Seale |
| PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE | U1449-J11564@vp.flatfee.ai |
| SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES) | trademarks@docket.flatfeecorp.com |

## FEE INFORMATION

| | |
|---|---|
| APPLICATION FILING OPTION | TEAS Plus |
| NUMBER OF CLASSES | 1 |
| APPLICATION FOR REGISTRATION PER CLASS | 250 |
| *TOTAL FEES DUE | 250 |

| | |
|---|---|
| *TOTAL FEES PAID | 250 |
| **SIGNATURE INFORMATION** | |
| * SIGNATURE | /EMS/ |
| * SIGNATORY'S NAME | Evan Marshall Seale |
| * SIGNATORY'S POSITION | Attorney of record |
| SIGNATORY'S PHONE NUMBER | 832-409-0314 |
| * DATE SIGNED | 08/16/2023 |
| SIGNATURE METHOD | Signed directly within the form |

PTO- 1478
Approved for use through 10/31/2024. OMB 0651-0009
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number

# Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 98135271**
**Filing Date: 08/16/2023**

## To the Commissioner for Trademarks:

**MARK:** Good-Ark Semiconductor (Standard Characters, see mark)
The literal element of the mark consists of Good-Ark Semiconductor. The mark consists of standard characters, without claim to any particular font style, size, or color.
The applicant, GSC USA Inc, a corporation of New York, having an address of
   3 Wilafra Place
   Northport, New York 11768-2115
   United States
   XXXX

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

**For specific filing basis information for each item, you must view the display within the Input Table.**
International Class 009:  Semiconductors

Use in Commerce: The applicant is using the mark in commerce on or in connection with the identified goods/services. The applicant attaches, or will later submit, one specimen as a JPG/PDF image file showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, regardless of whether the mark itself is in the standard character format or is a stylized or design mark. The specimen image file may be in color, and the image must be in color if color is being claimed as a feature of the mark.

In International Class 009, the mark was first used by the applicant or the applicant's related company or licensee predecessor in interest at least as early as 06/24/2013, and first used in commerce at least as early as 06/24/2013, and is now in use in such commerce. The applicant is submitting one(or more) specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, consisting of a(n) The attached specimen shows the identifying mark being used in conjunction with the sale of semiconductors on a website which displays various semiconductor products available for purchase.
Specimen File1

Webpage URL: https://goodarksemi.com/
Webpage Date of Access: 08/15/2023

The owner's/holder's proposed attorney information: Evan M Seale. Evan M Seale, is a member of the XX bar, admitted to the bar in XXXX, bar membership no. XXX, is located at
   440 N. Barranca Ave. #3159
   Covina, California 91723
   United States
   U1449-J11564@vp.flatfee.ai
The docket/reference number is FFC.
Evan M Seale submitted the following statement: The attorney of record is an active member in good standing of the bar of the highest court of a U.S. state, the District of Columbia, or any U.S. Commonwealth or territory.
The applicant's current Correspondence Information:
   Evan M Seale
   PRIMARY EMAIL FOR CORRESPONDENCE: U1449-J11564@vp.flatfee.ai
   SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES): trademarks@docket.flatfeecorp.com

**Requirement for Email and Electronic Filing:** I understand that a valid email address must be maintained by the applicant owner/holder and the applicant owner's/holder's attorney, if appointed, and that all official trademark correspondence must be submitted via the Trademark Electronic Application System (TEAS).

A fee payment in the amount of $250 has been submitted with the application, representing payment for 1 class(es).

**Declaration**

☑ **Basis:**

**If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):**

- The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;
- The mark is in use in commerce and was in use in commerce as of the filing date of the application on or in connection with the goods/services in the application;
- The specimen(s) shows the mark as used on or in connection with the goods/services in the application and was used on or in connection with the goods/services in the application as of the application filing date; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

**And/Or**

**If the applicant is filing the application based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e):**

- The signatory believes that the applicant is entitled to use the mark in commerce;
- The applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

☑ To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

☑ To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

☑ The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

**Declaration Signature**

Signature: /EMS/   Date: 08/16/2023
Signatory's Name: Evan Marshall Seale
Signatory's Position: Attorney of record
Signatory's Phone Number: 832-409-0314
Signature method: Signed directly within the form
Payment Sale Number: 98135271
Payment Accounting Date: 08/16/2023

Serial Number: 98135271
Internet Transmission Date: Wed Aug 16 13:05:04 ET 2023
TEAS Stamp: USPTO/FTK-XX.XXX.XXX.XXX-202308161305065
64522-98135271-8603d22e8bffab73b64d414a3
59a056dc4c65d553b6f999c8d917707dffcb0-CC
-05047310-20230816130347011236

# Good-Ark Semiconductor



GOOD-ARK
SEMICONDUCTOR

## DISCRETE SEMICONDUCTORS EMPOWERING YOUR DESIGN

**Good-Ark Semiconductor** is a leading global discrete semiconductor manufacturer that offers a wide variety of surface mount, through-hole and wafer devices with superior quality and reliability at competitive costs.

LEARN MORE

### DIODES
- Switching
- Schottky
- Zener
- Current Limiting

### RECTIFIERS
- General Purpose
- Fast Recovery
- Ultra-Fast Recovery/ High Efficiency
- Super-Fast Recovery
- Schottky
- Silicon Carbide Schottky

### BRIDGE RECTIFIERS
- General Purpose
- Fast/Ultra-Fast/ Super-Fast Recovery
- Schottky

### MEMS
- Three-Axis Accelerometer
- Three-Axis Magnetometer
- Six-Axis A+M

### PROTECTION DEVICES
- ESD TVS
- Ultra Low Cap. Polymer and Ceramic ESD TVS
- TVS
- Chip Fuses
- Thermistors

### MOSFETS
- Small Signal and Power MOSFETs
- Complementary (N+P)

### TRANSISTORS
- NPN
- PNP
- Complementary (N+P)

### WAFER/BARE DIE
- Schottky Wafer
- Rectifier Wafer
- TVS Wafer
- Zener Wafer

▶ NEW PRODUCT: THE INDUSTRY'S FIRST 5A, 200V SCHOTTKY BRIDGE RECTIFIER IN THE DFS PACKAGE — DB520

### ABOUT US

Good-Ark manufactures innovative discrete semiconductors with increased power density and energy efficiency in pursuit of environmental sustainability and cost effectiveness. Good-Ark has both the flexibility and R&D capability of providing custom devices to meet customers' specific requirements.



### CERTIFICATIONS
- Quality: **ISO9001: 2008**
- Automotive: **ISO/TS16949**
- Environment: **ISO14001** & **QC080000**
- Health & Safety: **OHSAS18001**
- Information Security: **ISO/IEC27001**

▶ LEARN MORE

▶ LEARN MORE

FREE SAMPLES AVAILABLE - CONTACT US

GOOD-ARK SEMICONDUCTOR
90-8, 13th Avenue, Ronkonkoma, NY 11779
Tel: 631-319-1858 • Fax: 631-319-1855 • Email: **inquiry@goodarksemi.com**

Exhibit B



*TMXZ20180000068306XZHZ01*

# 商标续展注册证明

兹核准第 1263842 号商标第 9 类续展注册。

续展注册有效期至　2029 年 04 月 13 日

发证机关 

注：本证明应与《商标注册证》一并使用。

# 商 标 注 册 证

第 1263842 号

商 标



GOOD-ARK

注 册 人 苏州固锝电子有限公司

注 册 人 地 址 江苏苏州市沧浪区长街25号

核定使用商品 第 9 类

★二极管★

注册有效期限 自公元 1999 年 4 月 14 日至 2009 年 4 月 13 日止

局 长 签 发 候 林



由 扫描全能王 扫描创建





第　4473847　号

# 商 标 注 册 证

# 固锝

## GOOD-ARK

**核定使用商品(第 9 类)**

夜明或机械信号标志；霓虹灯；照相机快门开关；测量器械和仪器；光学品；工业操作遥控电器设备；电镀设备；非医用 X 光产生器械和设备；个人用防事故装置；电动开门器（截止）

**注 册 人**　苏州固锝电子股份有限公司

**注 册 地 址**　江苏省苏州市通安开发区通锡路 31 号

**注 册 有 效 期 限**　自公元　2008 年 10 月 07 日　至　2018 年 10 月 06 日止

**局长签发**　





*TMXZ20170000140371XZHZ01*

# 商标续展注册证明

兹核准第 4473847 号商标第 9 类续展注册。

续展注册有效期至　　2028 年 10 月 06 日

发证机关 

注：本证明应与《商标注册证》一并使用。



第　4473845　号

# 商 标 注 册 证

## GOOD-ARK

**核定使用商品(第 9 类)**

单晶硅；硅外延片；石英晶体；多晶硅；硒堆和硒片；二极管；遥控仪器（截止）

**注 册 人**　苏州固锝电子股份有限公司

**注 册 地 址**　江苏省苏州市通安开发区通锡路 31 号

**注册有效期限**　自公元　2009 年 04 月 07 日　至　2019 年 04 月 06 日

**局长签发**





*TMXZ20180000060674XZHZ01*

# 商标续展注册证明

兹核准第 4473845 号商标第 9 类续展注册。

续展注册有效期至　2029 年 04 月 06 日



发证机关　

注：本证明应与《商标注册证》一并使用。

Exhibit C

MPN: SL310B

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

QTY: 6000 PCS

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

LOT: 3401357

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

D/C: 2450

Serial NO: 253401357046

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

QCG
2025.01.11
ACC

GOOD-ARK

SEMICONDUCTOR
www.goodarksemi.com

RoHS


HF

GOOD-ARK



MPN SL310B
QTY 30000PCS
LOT 3401357
D/C 2450
Serial NO: 25340135710    GW 7.47kg

RoHS

Exhibit 4 to
Declaration of Wenhao Wu

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
## BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| Proceeding no. | 92087613 |
|---|---|
| Party | Defendant<br>GSC USA Inc |
| Correspondence address | GSC USA INC<br>3 WILAFRA PLACE<br>NORTHPORT, NY 117682115<br>UNITED STATES<br>Primary email: djunkins@goodarksemi.com<br>No phone number provided |
| Submission | Answer |
| Filer's name | Benjamin Solter |
| Filer's email | bsolter@cbcounselor.com |
| Signature | /Benjamin Solter/ |
| Date | 04/02/2025 |
| Attachments | Answer to Petition Final 04-02-2025.pdf(188779 bytes )<br>Exhibit A.pdf(255305 bytes )<br>Exhibit B.pdf(257043 bytes ) |

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
## BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | | |
|---|---|---|
| SUZHOU GOOD-ARK ELECTRONICS CO., LTD., | ) | |
| | ) | |
| Petitioner | ) | Cancellation No. 92087613 |
| | ) | |
| v. | ) | Registration No. 7,548,282 |
| | ) | |
| GSC USA INC., | ) | Mark: GOOD-ARK SEMICONDUCTOR |
| | ) | |
| Respondent | ) | |
| | ) | |

## ANSWER TO PETITION FOR CANCELLATION

Registrant GSC USA Inc. ("Registrant" or "Respondent"), through its undersigned counsel, answers the Petition for Cancellation filed by Suzhou Good-Ark Electronics Co., Ltd. ("Petitioner") as follows.

---

**1.** Petitioner is a limited company organized under the laws of the People's Republic of China, having its principal place of business at No. 200 Huajin Road, Tongan Economic Development Zone, Suzhou, China.

**Answer:** Registrant admits the allegations in Paragraph 1.

**2.** On information and belief, Respondent is a New York corporation, having its principal place of business at 3 Wilafra Place, Northport, NY.

**Answer:** Registrant admits the allegations in Paragraph 2.

**3.** On information and belief, Respondent is the owner of the '282 Registration in connection with "semiconductors" in International Class 9 (the

"Respondent's Goods"). A copy of the USPTO database record for the '282 Registration is attached as Exhibit A.

**Answer:** Registrant admits that it was the owner of the '282 Registration but the '282 Registration has been assigned to Good-Ark Semiconductor USA Corp. See Registrant's Exhibit B.

4. Respondent filed a use-based application (Application Ser. No. 98135271, the '271 Application) for the '282 Registration on or about August 16, 2023. In the application, Respondent asserted a date of first use in commerce of June 24, 2013.

**Answer:** Registrant admits the allegations in Paragraph 4.

### NON-OWNERSHIP

5. Respondent was not the rightful owner of the Good-Ark Mark at the time of filing the '271 Application. Instead, Petitioner has always been the rightful owner of the mark.

**Answer:** Registrant denies the allegations in Paragraph 5.

6. Established in 1990, Petitioner is a leading Chinese semiconductor manufacturer specializing in discrete devices and IC packaging. With a comprehensive supply chain from wafer fabrication to packaging, it is one of China's largest rectifier producers. Its global sales network supports industries including automotive, aerospace, IoT, and renewable energy.

**Answer:** Registrant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

**7.** Petitioner has spent substantial time and effort developing its Good-Ark brand in China and worldwide. Since 1999, Petitioner has registered multiple trademarks that contain the wording "Good-Ark". True and correct copies of these registrations are attached as Exhibit B.

**Answer:** Registrant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

**8.** As early as 2001, Petitioner started shipping and selling its semiconductor products in the U.S. under its own brand name. Because of its superior product quality and customer service, Petitioner gained great reputation and brand recognition among its U.S. customers. To expand on this early success, Petitioner decided to invest more in the U.S. to further develop the market, establish brand image, and increase brand awareness and product sales. As such, in 2013, Petitioner,[Shareholder A] and [Shareholder B] jointly formed Good-Ark Semiconductor USA Corp. in the U.S. ("Good-Ark USA"). Petitioner has always been a majority shareholder of Good-Ark USA.

**Answer:** Registrant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences of Paragraph 8. Registrant admits the allegation that as such, in 2013, Petitioner, [Shareholder A] and [Shareholder B] jointly formed Good-Ark Semiconductor USA Corp. in the U.S. ("Good-Ark USA"). As to the last sentence, Registrant admits that Petitioner holds the majority of preferred stock in Good-Ark USA, and otherwise denies the allegations in the last sentence.

**9.** Since its establishment, Good-Ark USA has been Petitioner's distributor of its semiconductor products in the U.S. As early as 2014, Petitioner started using the Good-Ark Mark on its products for the U.S. market. True and correct copies of photos showing packages of Petitioner's semiconductor products made for the U.S. market and bearing the Good-Ark Mark are attached as Exhibit C.

**Answer:** Registrant denies the allegations in the first two sentences of Paragraph 9. Registrant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence in Paragraph 9.

**10.** On information and belief, Respondent was formed on July 12, 2023. And on information and belief, its shareholders, officers, and/or beneficiaries include [Shareholder A], and/or [Shareholder B] ("Respondent's Shareholders").

**Answer:** Registrant admits the allegations in Paragraph 10.

**11.** Respondent's Shareholders knew that Petitioner had always been the rightful owner of the Good-Ark Mark and Respondent was not the rightful owner of the mark. Yet, Respondent filed the '271 Application, knowing that it had no right to claim ownership of the mark.

**Answer:** Registrant denies the allegations in Paragraph 11.

**12.** As such, because Respondent is not the rightful owner of the Good-Ark Mark, the '271 Application is void ab initio.

**Answer:** Registrant denies the allegations in Paragraph 12.

**13.** Because Petitioner is the rightful owner of the Good-Ark Mark, Petitioner will be damaged by the continued registration of the mark by Respondent under

the '282 Registration.

**Answer:** Registrant denies the allegations in Paragraph 13.

**FRAUD**

**14.** Respondent obtained the '282 Registration fraudulently. Respondent claimed in the '271 Application that "the mark was first used by the applicant or the applicant's related company or licensee predecessor in interest." However, Respondent is not related to Petitioner and/or Good-Ark USA. Nor is it a licensee predecessor in interest. Furthermore, since it was formed in 2023, Respondent itself could not have used the Good-Ark Mark before 2023, let alone 2013.

**Answer:** Registrant denies the allegations in Paragraph 14.

**15.** Respondent obtained the '282 Registration fraudulently on the basis that it unlawfully and knowingly claimed first use of the Good-Ark Mark in the '271 Application knowing that the Good-Ark Mark was not owned or controlled by Respondent. The claim made in the '271 Application that its first use was by "the applicant or the applicant's related company or licensee predecessor in interest" is fraudulent. Respondent did not own the prior common law trademark rights nor did Respondent have a basis to claim the exclusive right to use the Good-Ark Mark in the United States, specifically in view of the following facts:

(1) Respondent's Shareholders were aware of Petitioner's prior use of the Good-Ark Mark via firsthand knowledge, signed contract with Petitioner in 2013, and yet unlawfully declared in the application that Respondent was not aware of any others that have the right to use the mark in commerce;

(2) Respondent is not related to Petitioner or Good-Ark USA and is not a licensee to Petitioner or Good-Ark USA and therefore, the claim of use by a "related company" or "licensee predecessor in interest" is false and Respondent was not even organized at the time of the date of first use claimed June 24, 2013; and

(3) Further, Respondent unlawfully and without permission, took Petitioner's Good-Ark Mark and registered it as a trademark in the United States in its own name in order to trade upon the goodwill represented by said mark and to give Respondent's products and services a sale-ability that they otherwise would not have.

**Answer:** Registrant denies the allegations in Paragraph 15, including subparts (1) through (3).

**LIKELIHOOD OF CONFUSION**

**16.** Petitioner has started using the Good-Ark Mark on semiconductor products in the U.S. as early as March 2014 and worldwide since January 1994. Indeed, Good-Ark has been Petitioner's tradename since its inception in 1990. Petitioner owns common law right over the Good-Ark Mark and the Good-Ark brand in the U.S. in connection with semiconductor products.

**Answer:** Registrant denies the allegations in Paragraph 16.

**17.** Respondent's mark in the '282 Registration is identical to Petitioner's Good-Ark Mark and Good-Ark tradename; the applied for goods, the target consumers, and trade channels are also same. Thus, there is a likelihood that

Respondent's Goods are likely to be confusing to the consumer public and are likely to be seen as being sponsored by or affiliated with Petitioner.

**Answer:** Registrant admits the similarity of the marks, but otherwise denies the allegations in Paragraph 17.

**18.** The use and continued registration of the Good-Ark Mark under the '282 Registration has damaged and will damage Petitioner in the selling of its goods by causing a likelihood of confusion.

**Answer:** Registrant denies the allegations in Paragraph 18.

**19.** The use and continued registration of the Good-Ark Mark under the '282 Registration has damaged and will damage Petitioner by causing confusion, mistake, or deception on consumers as to the source of the identified goods and services within the meaning of Section 2(d) of the Lanham Act.

**Answer:** Registrant denies the allegations in Paragraph 19.

**20.** The use and continued registration of the Good-Ark Mark under the '282 Registration has damaged and will damage Petitioner by creating a false association with Petitioner within the meaning of Section 2(a) of the Lanham Act.

**Answer:** Registrant denies the allegations in Paragraph 20.

**21.** In addition, Petitioner is the owner of U.S. Trademark Application Serial No. 99036821 for the mark "Good-Ark" for "semiconductors" in International Class 9 and 99048949 for the mark for "semiconductors" in International Class 9 ("Petitioner's Applications"). Petitioner's Applications are likely to be refused

registration under Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d), on the basis that Petitioner's "Good-Ark" mark and/or the mark for the applied for goods is likely to be confused with Respondent's "Good-Ark Semiconductor" mark under the '282 Registration, when used on "semiconductors". Thus, Petitioner will be damaged for not being able to register the Good-Ark Mark in the U.S. because of the '282 Registration.

**Answer:** Registrant admits the allegations in Paragraph 21, except for those in the last sentence, which are denied.

### AFFIRMATIVE DEFENSES

1. Respondent **GSC USA INC.** was formed in 2023 with the authority of GOOD-ARK SEMICONDUCTOR USA CORP ("Good-Ark USA).

2. Good-Ark USA assigned the right to use the mark to Registrant. See Registrant's Exhibit A.

3. Prior to the assignment Good-Ark USA had the exclusive right to use the GOOD-ARK marks in the USA since its formation in 2013.

4. Subsequently, Respondent assigned the Registration back to Good-Ark USA. See Registrant's Exhibit B.

5. Petitioner is indeed a shareholder of Good-Ark USA. However, it has had little active involvement in the management of the company, preferring to passively use Good-Ark USA as a distributor for its own products, while allowing Good-Ark USA to develop its own products, which are also sold through Good-Ark USA.

6. If there is any remaining dispute, it is as to the management of Good-Ark
   USA.

**First Affirmative Defense – Lack of Standing**

7. Respondent incorporates all previous allegations in this First Affirmative
   Defense.

8. Because of the assignment to Good-Ark USA, Petitioner lacks standing to
   bring this action, as it is a shareholder of Good-Ark USA.

**Second Affirmative Defense – Mootness / Barred by Assignment**

9. Petitioner's claims are moot due to the assignment of the subject mark to
   Good-Ark USA. Because Good-Ark USA now owns the registration and
   any associated trademark rights, there is no meaningful "case or
   controversy" to be resolved before the TTAB, requiring dismissal of the
   Petition.

**Third Affirmative Defense - Improper Forum / Subject Matter**
**Jurisdiction**

10. Petitioner's claims revolve around internal corporate and contractual
    questions—namely, which entity within Petitioner's corporate structure
    truly has the right to control the Good-Ark Semiconductor mark in the
    United States. The Trademark Trial and Appeal Board lacks subject
    matter jurisdiction to resolve these issues because they fall outside the
    Board's limited power to determine registrability. To the extent
    Petitioner's allegations require evaluation of internal corporate rights or

broader contractual disputes, such issues belong in a state or federal court of general jurisdiction, rather than before the TTAB.

**Fourth Affirmative Defense - Implied License / Course of Dealing**

11. Petitioner's claims are barred by implied license principles. Petitioner knew or should have known Registrant was using the Good-Ark Semiconductor mark for their mutual benefit. The parties' course of dealing created an implied license or permission for Registrant to use and register the mark. Petitioner's longstanding acquiescence in the brand's ongoing use and promotion constitutes implied consent to Registrant's continued ownership of the U.S. registration.

**Fifth Affirmative Defense - Unclean Hands**

12. Petitioner benefited from Registrant's extensive brand development in the U.S. Petitioner encouraged or allowed the same branding on products, even though it never objected nor took steps to clarify ownership. By now claiming the mark exclusively for itself, Petitioner seeks to seize the benefit of the brand's goodwill while denying Registrant's role in creating that goodwill, constituting unclean hands and barring Petitioner's requested relief.

**WHEREFORE**, Registrant respectfully requests that the Petition for Cancellation be dismissed in its entirety, and that Registration No. 7,548,282 remain valid and in full force and effect.

Dated: April 2, 2025

Respectfully Submitted,

/s/ Benjamin Solter

Benjamin Solter
Cross-Border Counselor LLP
Suite 1167, 7755 Center Ave,
Huntington Beach, CA 92647
Telephone No.: (781) 752-6369
bsolter@cbcounselor.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing ANSWER TO PETITION FOR CANCELLATION is being electronically mailed to the following address:

Jin Law Firm
P.O. Box 1937
Union City, CA 94578
United States
jigang.jin@jfuslaw.com, jjin@vcllegal.com


*/s/ Benjamin Solter*
Benjamin Solter
April 2, 2025

Exhibit A

# TRADEMARK ASSIGNMENT AGREEMENT

This TRADEMARK ASSIGNMENT AGREEMENT ("**Trademark Assignment**"), dated as of July20, 2023 ("**Effective Date**"), is made by Good-Ark Semiconductor USA Corp. ("**Assignor**"), a New York corporation, and GSC USA Inc. ("**Assignee**", and each of Assignor and Assignee, a "**Party**"), a New York corporation.

**WHEREAS**, Assignor owns the entire right, title and interest in and to a U.S. trademark GOOD-ARK SEMICONDUCTOR ("**Assigned Mark**");

**WHEREAS**, Assignee desires to acquire all of Assignor's right, title and interest, in and to the Assigned Mark, and Assignor desires to assign all such right, title and interest in and to the Assigned Mark to Assignee, upon the terms and conditions set forth herein.

NOW THEREFORE, the Parties hereto agree as follows:

1.  Assignment. Assignor hereby irrevocably transfers and assigns to Assignee, and Assignee hereby accepts and assumes from Assignor, all of Assignor's right, title and interest in and to the Assigned Mark.

2.  Cooperation. The Parties shall, and shall cause their employees, affiliates, successors and assigns to, execute all documents and take all additional steps reasonably necessary to effect the intent of this Agreement.

3.  Representations and Warranties. Assignor represents and warrants that:

    (1)  Assignor owns the entire right, title, and interest in and to the Assigned Mark;

    (2)  Assignor has not licensed the Assigned Mark to any other person or entity or granted, either expressly or impliedly, any trademark or service mark rights with respect to the Assigned Mark to any other person or entity;

    (3)  there are no liens or security interests against the Assigned Mark;

    (4)  Assignor has all authority necessary to enter into this Agreement and the execution and delivery of this Agreement has been duly and validly authorized; and

    (5)  execution of this Assignment and performance of Assignor's obligations hereunder shall not violate or conflict with any other agreement to which Assignor is a party or provision of Assignor's Certificate of Incorporation or By-laws.

4.  Counterparts. This Trademark Assignment may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed one and the same agreement.

5.  Successors and Assigns. This Trademark Assignment shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and assigns.

6.  Notices. All notices, requests, consents, claims, demands, waivers, and other communications hereunder (other than routine communications having no legal effect) must be in writing and will be deemed to have been given (a) when delivered by hand (with written confirmation of receipt); (b) when received by the addressee if sent by a nationally recognized overnight courier (receipt requested); (c) on the date sent by facsimile or email (in each case, with confirmation of transmission or receipt) if sent during normal business hours of the recipient, and on the next business day if sent after normal business hours of the recipient; or (d) on the third day after the date mailed, by certified or registered mail, return receipt requested, postage prepaid. Such communications must be sent to the respective parties at their respective addresses which may be provided by email.

7.  Entire Agreement. This Agreement, together with all Schedules and Exhibits hereto and any other documents incorporated herein by reference, constitutes the sole and entire agreement of the Parties to this Agreement with respect to the subject matter contained herein, and supersedes all prior and contemporaneous understandings and agreements, both written and oral, with respect to such subject matter.

8.  Amendment and Modification; Waiver. This Agreement may only be amended, modified, or supplemented by an agreement in writing signed by each party hereto. No waiver by either Party of any of the provisions hereof will be effective unless explicitly set forth in writing and signed by the waiving Party. Except as otherwise set forth in this Agreement, no failure to exercise, or delay in exercising, any rights, remedy, power, or privilege arising from this Agreement will operate or be construed as a waiver thereof; nor will any single or partial exercise of any right, remedy, power, or privilege hereunder preclude any other or further exercise thereof or the exercise of any other right, remedy, power, or privilege.

9.  Governing Law. This Trademark Assignment and any claim, controversy, dispute, or cause of action (whether in contract, tort, or otherwise) based upon, arising out of, or relating to this Trademark Assignment and the transactions contemplated hereby shall be governed by, and construed in accordance with, the internal Laws of the State of New York without giving effect to any choice or conflict of law provision or rule (whether of the State of New York or any other jurisdiction) that would cause the application of Laws of any other jurisdiction. Each Party irrevocably and unconditionally agrees that any action, litigation, or proceeding arising out of or relating to this Agreement may not be commenced in any forum other than the federal or state courts of the State of New York, and each Party irrevocably submits to the exclusive jurisdiction of such courts in any such action, litigation, or proceeding. Service of process, summons, notice, or other document by mail to such party's address will be effective service of process for any suit, action, or other proceeding brought in any such court.

[SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of the Effective Date by their respective officers thereunto duly authorized.

Good-Ark Semiconductor USA Corp.

By_____
Name: John Marullo
Title: VP Of Sales and Marketing

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of the Effective Date by their respective officers thereunto duly authorized.

GSC USA Inc.

By_____
Name: Danielle Junkins
Title: Managing Director

Exhibit B

# TRADEMARK ASSIGNMENT COVER SHEET

Electronic Version v1.1                                                          Assignment ID: TMI885518
Stylesheet Version v1.2

| SUBMISSION TYPE: | NEW ASSIGNMENT |
|---|---|
| NATURE OF CONVEYANCE: | ASSIGNMENT OF THE ENTIRE INTEREST AND THE GOODWILL |

### CONVEYING PARTY DATA

| Name | Formerly | Execution Date | Entity Type |
|---|---|---|---|
| GSC USA Inc. | | 10/30/2024 | Corporation: NEW YORK |

### RECEIVING PARTY DATA

| | |
|---|---|
| Company Name: | Good-Ark Semiconductor USA Corp. |
| Street Address: | 90-8 13th Ave. |
| City: | Ronkonkoma |
| State/Country: | NEW YORK |
| Postal Code: | 11779 |
| Entity Type: | Corporation: NEW YORK |

### PROPERTY NUMBERS Total: 1

| Property Type | Number | Word Mark |
|---|---|---|
| Registration Number: | 7548282 | GOOD-ARK SEMICONDUCTOR |

### CORRESPONDENCE DATA

**Fax Number:**          6314992791
*Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.*
**Phone:**               6314992790
**Email:**               jack@jsa-iplaw.com
**Correspondent Name:**  Mr. Jackie Jay Schwartz
**Address Line 1:**      6165 Jericho Turnpike
**Address Line 4:**      Commack, NEW YORK 11725

| NAME OF SUBMITTER: | Jack Schwartz |
|---|---|
| SIGNATURE: | /Jack Schwartz/ |
| DATE SIGNED: | 03/13/2025 |

**Total Attachments: 5**
source=Trademark Assignment Agreement_GSC to GoodArkSemi#page1.tiff
source=Trademark Assignment Agreement_GSC to GoodArkSemi#page2.tiff
source=Trademark Assignment Agreement_GSC to GoodArkSemi#page3.tiff
source=Trademark Assignment Agreement_GSC to GoodArkSemi#page4.tiff
source=Trademark Assignment Agreement_GSC to GoodArkSemi#page5.tiff

OP $40.00.00 98135271

# TRADEMARK ASSIGNMENT AGREEMENT

This TRADEMARK ASSIGNMENT AGREEMENT ("**Trademark Assignment**"), dated as of Oct. 30, 2024 ("**Effective Date**"), is made by GSC USA Inc. ("**Assignor**"), a New York corporation, and Good-Ark Semiconductor USA Corp., ("**Assignee**", and each of Assignor and Assignee, a "**Party**"), a New York corporation.

**WHEREAS**, Assignor owns the entire right, title and interest in and to a U.S. trademark GOOD-ARK SEMICONDUCTOR with U.S. Application registration no. 7,548,282, issued on October 29, 2024 ("**Assigned Mark**");

**WHEREAS**, Assignee desires to acquire all of Assignor's right, title and interest, in and to the Assigned Mark, and Assignor desires to assign all such right, title and interest in and to the Assigned Mark to Assignee, upon the terms and conditions set forth herein.

NOW THEREFORE, the Parties hereto agree as follows:

    1.    <u>Assignment</u>. Assignor hereby conveys, transfers, and assigns to Assignee, and Assignee hereby accepts, all of Assignor's right, title, and interest in and to the following:

    (a)    the trademark registrations and trademark applications regarding the Assigned Mark and all issuances, extensions, and renewals thereof, together with the goodwill of the business connected with the use of, and symbolized by, the Assigned Mark;

    (b)    all rights of any kind whatsoever of Assignor accruing under any of the foregoing provided by applicable law of any jurisdiction, by international treaties and conventions, and otherwise throughout the world;

    (c)    any and all royalties, fees, income, payments, and other proceeds now or hereafter due or payable with respect to any and all of the foregoing; and

    (d)    any and all claims and causes of action with respect to any of the foregoing, whether accruing before, on, or after the date hereof, including all rights to and claims for damages, restitution, and injunctive and other legal and equitable relief for past, present, and future infringement, dilution, misappropriation, violation, misuse, breach, or default, with the right but no obligation to sue for such legal and equitable relief and to collect, or otherwise recover, any such damages.

    2.    <u>Recordation and Cooperation</u>. Assignor hereby authorizes the Commissioner for Trademarks in the United States Patent and Trademark Office to record and register this Trademark Assignment upon request by Assignee. The Parties shall, and shall cause their employees, affiliates, successors and assigns to, execute all documents and take all additional steps reasonably necessary to effect the intent of this Agreement.

    3.    <u>Representations and Warranties</u>. Assignor represents and warrants that:

    (1) Assignor owns the entire right, title, and interest in and to the Assigned Mark;

(2) Assignor has not licensed the Assigned Mark to any other person or entity or granted, either expressly or impliedly, any trademark or service mark rights with respect to the Assigned Mark to any other person or entity;

(3) there are no liens or security interests against the Assigned Mark;

(4) Assignor has all authority necessary to enter into this Agreement and the execution and delivery of this Agreement has been duly and validly authorized; and

(5) execution of this Assignment and performance of Assignor's obligations hereunder shall not violate or conflict with any other agreement to which Assignor is a party or provision of Assignor's Certificate of Incorporation or By-laws.

4.     <u>Counterparts</u>. This Trademark Assignment may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed one and the same agreement.

5.     <u>Successors and Assigns</u>. This Trademark Assignment shall be binding upon and shall inure to the benefit of the Parties hereto and their respective successors and assigns.

6.     <u>Notices.</u> All notices, requests, consents, claims, demands, waivers, and other communications hereunder (other than routine communications having no legal effect) must be in writing and will be deemed to have been given (a) when delivered by hand (with written confirmation of receipt); (b) when received by the addressee if sent by a nationally recognized overnight courier (receipt requested); (c) on the date sent by facsimile or email (in each case, with confirmation of transmission or receipt) if sent during normal business hours of the recipient, and on the next business day if sent after normal business hours of the recipient; or (d) on the third day after the date mailed, by certified or registered mail, return receipt requested, postage prepaid. Such communications must be sent to the respective parties at their respective addresses which may be provided by email.

7.     <u>Entire Agreement.</u> This Agreement, together with all Schedules and Exhibits hereto and any other documents incorporated herein by reference, constitutes the sole and entire agreement of the Parties to this Agreement with respect to the subject matter contained herein, and supersedes all prior and contemporaneous understandings and agreements, both written and oral, with respect to such subject matter.

8.     <u>Amendment and Modification; Waiver.</u> This Agreement may only be amended, modified, or supplemented by an agreement in writing signed by each party hereto. No waiver by either Party of any of the provisions hereof will be effective unless explicitly set forth in writing and signed by the waiving Party. Except as otherwise set forth in this Agreement, no failure to exercise, or delay in exercising, any rights, remedy, power, or privilege arising from this Agreement will operate or be construed as a waiver thereof; nor will any single or partial exercise of any right, remedy, power, or privilege hereunder preclude any other or further exercise thereof or the exercise of any other right, remedy, power, or privilege.

2

9.     <u>Governing Law</u>. This Trademark Assignment and any claim, controversy, dispute, or cause of action (whether in contract, tort, or otherwise) based upon, arising out of, or relating to this Trademark Assignment and the transactions contemplated hereby shall be governed by, and construed in accordance with, the internal Laws of the State of New York without giving effect to any choice or conflict of law provision or rule (whether of the State of New York or any other jurisdiction) that would cause the application of Laws of any other jurisdiction. Each Party irrevocably and unconditionally agrees that any action, litigation, or proceeding arising out of or relating to this Agreement may not be commenced in any forum other than the federal or state courts of the State of New York, and each Party irrevocably submits to the exclusive jurisdiction of such courts in any such action, litigation, or proceeding. Service of process, summons, notice, or other document by mail to such party's address will be effective service of process for any suit, action, or other proceeding brought in any such court.

[SIGNATURE PAGE FOLLOWS]

TRADEMARK
REEL: 008781 FRAME: 0514

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of the Effective Date by their respective officers thereunto duly authorized.

GSC USA Inc.

By _____

Name: Danielle Junkins

Title: Managing Director

4

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of the Effective Date by their respective officers thereunto duly authorized.

Good-Ark Semiconductor USA Corp.

By_____
Name: John Marullo
Title: VP of Sales & Marketing

**TRADEMARK**
**RECORDED: 03/13/2025**                    **REEL: 008781 FRAME: 0516**

# Exhibit 5 to
# Declaration of Wenhao Wu

**Mark:** GOOD-ARK SEMICONDUCTOR



Good-Ark Semiconductor

| | | | |
|---|---|---|---|
| **US Serial Number:** | 98135271 | **Application Filing Date:** | Aug. 16, 2023 |
| **US Registration Number:** | 7548282 | **Registration Date:** | Oct. 29, 2024 |
| **Filed as TEAS Plus:** | Yes | **Currently TEAS Plus:** | Yes |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark | | |

**TM5 Common Status Descriptor:**

LIVE/REGISTRATION/Cancellation/Invalidation Pending

This trademark application has been registered with the Office, but it is currently undergoing a challenge which may result in its removal from the registry.

**Status:** A cancellation proceeding is pending at the Trademark Trial and Appeal Board. For further information, see TTABVUE on the Trademark Trial and Appeal Board web page.

**Status Date:** Feb. 21, 2025

**Publication Date:** Aug. 13, 2024

# Mark Information

| | |
|---|---|
| **Mark Literal Elements** | GOOD-ARK SEMICONDUCTOR |
| **Standard Character Claim:** | Yes. The mark consists of standard characters without claim to any particular font style, size, or color. |
| **Mark Drawing Type:** | 4 - STANDARD CHARACTER MARK |
| **Disclaimer:** | "SEMICONDUCTOR" |

# Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:
- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

| | | | |
|---|---|---|---|
| **For:** | Semiconductors | | |
| **International Class(es):** | 009 - Primary Class | **U.S Class(es):** | 021, 023, 026, 036, 038 |
| **Class Status:** | ACTIVE | | |
| **First Use:** | Jun. 24, 2013 | **Use in Commerce:** | Jun. 24, 2013 |

# Basis Information (Case Level)

| | | | |
|---|---|---|---|
| **Filed Use:** | Yes | **Currently Use:** | Yes |
| **Filed ITU:** | No | **Currently ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No |
| **Filed No Basis:** | No | **Currently No Basis:** | No |

# Current Owner(s) Information

|  |  |
|---|---|
| **Owner Name:** | GSC USA Inc |
| **Owner Address:** | 3 Wilafra Place<br>Northport, NEW YORK UNITED STATES 117682115 |
| **Legal Entity Type:** | CORPORATION |
| **State or Country Where Organized:** | NEW YORK |

## Attorney/Correspondence Information

**Attorney of Record**

|  |  |  |  |
|---|---|---|---|
| **Attorney Name:** | BENJAMIN SOLTER | | |
| **Attorney Primary Email Address:** | bsolter@cbcounselor.com | **Attorney Email Authorized:** | Yes |

**Correspondent**

|  |  |  |  |
|---|---|---|---|
| **Correspondent Name/Address:** | BENJAMIN SOLTER<br>CROSS-BORDER COUNSELOR LLP<br>SUITE 1167, 7755 CENTER AVE<br>HUNTINGTON BEACH, CALIFORNIA UNITED STATES 92647 | | |
| **Phone:** | 781-752-6369 | | |
| **Correspondent e-mail:** | bsolter@cbcounselor.com | **Correspondent e-mail Authorized:** | Yes |

**Domestic Representative - Not Found**

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Mar. 19, 2025 | ASSIGNMENT OF OWNERSHIP NOT UPDATED AUTOMATICALLY | |
| Feb. 21, 2025 | CANCELLATION INSTITUTED NO. 999999 | 87613 |
| Oct. 29, 2024 | NOTICE OF REGISTRATION CONFIRMATION EMAILED | |
| Oct. 29, 2024 | REGISTERED-PRINCIPAL REGISTER | |
| Aug. 13, 2024 | OFFICIAL GAZETTE PUBLICATION CONFIRMATION E-MAILED | |
| Aug. 13, 2024 | PUBLISHED FOR OPPOSITION | |
| Jul. 24, 2024 | NOTIFICATION OF NOTICE OF PUBLICATION E-MAILED | |
| Jul. 10, 2024 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Jun. 11, 2024 | TEAS/EMAIL CORRESPONDENCE ENTERED | |
| Jun. 11, 2024 | CORRESPONDENCE RECEIVED IN LAW OFFICE | |
| Jun. 11, 2024 | TEAS RESPONSE TO OFFICE ACTION RECEIVED | |
| Apr. 17, 2024 | NOTIFICATION OF NON-FINAL ACTION E-MAILED | |
| Apr. 17, 2024 | NON-FINAL ACTION E-MAILED | |
| Apr. 17, 2024 | NON-FINAL ACTION WRITTEN | |
| Apr. 16, 2024 | ASSIGNED TO EXAMINER | |
| Sep. 18, 2023 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED | |
| Aug. 19, 2023 | NEW APPLICATION ENTERED | |

## TM Staff and Location Information

**TM Staff Information - None**

**File Location**

|  |  |  |  |
|---|---|---|---|
| **Current Location:** | FILE REPOSITORY (FRANCONIA) | **Date in Location:** | Oct. 29, 2024 |

## Assignment Abstract Of Title Information

**Summary**

|  |  |  |  |
|---|---|---|---|
| **Total Assignments:** | 1 | **Registrant:** | GSC USA Inc |

**Assignment 1 of 1**

|  |  |  |  |
|---|---|---|---|
| **Conveyance:** | ASSIGNS THE ENTIRE INTEREST | | |
| **Reel/Frame:** | 8781/0511 | **Pages:** | 6 |

|  |  |  |  |
|---|---|---|---|
| Date Recorded: | Mar. 13, 2025 | | |
| Supporting Documents: | assignment-tm-8781-0511.pdf | | |

### Assignor

|  |  |  |  |
|---|---|---|---|
| Name: | GSC USA INC. | Execution Date: | Oct. 30, 2024 |
| Legal Entity Type: | CORPORATION | State or Country Where Organized: | NEW YORK |

### Assignee

|  |  |  |  |
|---|---|---|---|
| Name: | GOOD-ARK SEMICONDUCTOR USA CORP. | State or Country Where Organized: | NEW YORK |
| Legal Entity Type: | CORPORATION | | |
| Address: | 90-8 13TH AVE. RONKONKOMA, NEW YORK 11779 | | |

### Correspondent

|  |  |
|---|---|
| Correspondent Name: | MR. JACKIE JAY SCHWARTZ |
| Correspondent Address: | 6165 JERICHO TURNPIKE COMMACK, NY 11725 |

### Domestic Representative - Not Found

# Proceedings

### Summary

|  |  |
|---|---|
| Number of Proceedings: | 1 |

### Type of Proceeding: Cancellation

|  |  |  |  |
|---|---|---|---|
| Proceeding Number: | 92087613 | Filing Date: | Feb 21, 2025 |
| Status: | Pending | Status Date: | Feb 21, 2025 |
| Interlocutory Attorney: | YONG OH (RICHARD) KIM | | |

### Defendant

|  |  |
|---|---|
| Name: | GSC USA Inc |
| Correspondent Address: | BENJAMIN SOLTER CROSS-BORDER COUNSELOR LLP SUITE 1167, 7755 CENTER AVE HUNTINGTON BEACH CA UNITED STATES , 92647 |
| Correspondent e-mail: | bsolter@cbcounselor.com |

### Associated marks

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| GOOD-ARK SEMICONDUCTOR | | 98135271 | 7548282 |

### Plaintiff(s)

|  |  |
|---|---|
| Name: | Suzhou Good-Ark Electronics Co., Ltd. |
| Correspondent Address: | JIGANG JIN JIN LAW FIRM PO BOX 1937 UNION CITY CA UNITED STATES , 94578 |
| Correspondent e-mail: | jjgang.jin@jfuslaw.com , jjin@vcllegal.com |

### Associated marks

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| GOOD-ARK | | 99036821 | |
| GOOD-ARK SEMICONDUCTOR | | 99048949 | |

### Prosecution History

| Entry Number | History Text | Date | Due Date |
|---|---|---|---|
| 7 | D OPP/RESP TO MOTION | May 12, 2025 | |
| 6 | P MOT TO STRIKE | Apr 23, 2025 | |
| 5 | ANSWER | Apr 02, 2025 | |
| 4 | PETITION FOR CANCELLATION (CONFIDENTIAL) | Feb 21, 2025 | |
| 3 | INSTITUTED | Feb 21, 2025 | |
| 2 | NOTICE AND TRIAL DATES SENT; ANSWER DUE: | Feb 21, 2025 | Apr 02, 2025 |
| 1 | FILED AND FEE | Feb 21, 2025 | |

PTO- 1957
Approved for use through 01/31/2027. OMB 0651-0050
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number

# Response to Office Action

**The table below presents the data as entered.**

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 98135271 |
| **MARK SECTION** | |
| MARK | [mark](mark) |
| LITERAL ELEMENT | GOOD-ARK SEMICONDUCTOR |
| STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| MARK STATEMENT | The mark consists of standard characters, without claim to any particular font style, size or color. |
| **GOODS AND/OR SERVICES SECTION (current)** | |
| INTERNATIONAL CLASS | 009 |
| DESCRIPTION | Semiconductors |
| FILING BASIS | Section 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 06/24/2013 |
| FIRST USE IN COMMERCE DATE | At least as early as 06/24/2013 |
| **GOODS AND/OR SERVICES SECTION (proposed)** | |
| INTERNATIONAL CLASS | 009 |
| DESCRIPTION | Semiconductors |
| FILING BASIS | Section 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 06/24/2013 |
| FIRST USE IN COMMERCE DATE | At least as early as 06/24/2013 |
| STATEMENT TYPE | **"The substitute (or new, or originally submitted, if appropriate) specimen(s) was/were in use in commerce at least as early as the filing date of the application"** *[for an application based on Section 1(a), Use in Commerce] OR* **"The substitute (or new, or originally submitted, if appropriate) specimen(s) was/were in use in commerce prior either to the filing of the Amendment to Allege Use or expiration of the filing deadline for filing a Statement of Use"** *[for an application based on Section 1(b) Intent-to-Use]. OR* **"The attached specimen is a true copy of the specimen that was originally submitted with the application, amendment to allege use, or statement of use"** [for an illegible specimen]. |
| SPECIMEN FILE NAME(S) | [\\TICRS\EXPORT18\IMAGEOUT 18\981\352\98135271\xml2 \ ROA0002.JPG](#) |
| | [\\TICRS\EXPORT18\IMAGEOUT 18\981\352\98135271\xml2 \ ROA0003.JPG](#) |
| | [\\TICRS\EXPORT18\IMAGEOUT 18\981\352\98135271\xml2 \ ROA0004.JPG](#) |
| | [\\TICRS\EXPORT18\IMAGEOUT 18\981\352\98135271\xml2 \ ROA0005.JPG](#) |
| | [\\TICRS\EXPORT18\IMAGEOUT 18\981\352\98135271\xml2 \ ROA0006.JPG](#) |

| | \\TICRS\EXPORT18\IMAGEOUT 18\981\352\98135271\xml2 \ ROA0006.JPG |
|---|---|
| | \\TICRS\EXPORT18\IMAGEOUT 18\981\352\98135271\xml2 \ ROA0007.JPG |
| **SPECIMEN DESCRIPTION** | The attached specimens show the identifying mark in use with semiconductor products alongside websites displaying the products available for purchase |
| **WEBPAGE URL** | https://www.digikey.com/en/supplier-centers/good-ark-semiconductor |
| **WEBPAGE DATE OF ACCESS** | 06/11/2024 |
| **WEBPAGE URL** | https://www.digikey.com/en/products/detail/good-ark-semiconductor/GSDA213/18648568 |
| **WEBPAGE DATE OF ACCESS** | 06/11/2024 |
| **WEBPAGE URL** | https://www.digikey.com/en/products/detail/good-ark-semiconductor/F4TVS58A/18667740 |
| **WEBPAGE DATE OF ACCESS** | 06/11/2024 |
| **WEBPAGE URL** | https://www.digikey.com/en/products/detail/good-ark-semiconductor/SSF2220Y/18648597 |
| **WEBPAGE DATE OF ACCESS** | 06/11/2024 |
| **WEBPAGE URL** | https://www.digikey.com/en/products/detail/good-ark-semiconductor/BC856S/18649401 |
| **WEBPAGE DATE OF ACCESS** | 06/11/2024 |

## ADDITIONAL STATEMENTS SECTION

| | |
|---|---|
| **DISCLAIMER** | No claim is made to the exclusive right to use SEMICONDUCTOR apart from the mark as shown. |

## CORRESPONDENCE INFORMATION

| | |
|---|---|
| **NAME** | EVAN M SEALE |
| **PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE** | U1449-J11564@vp.flatfee.ai |
| **SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES)** | trademarks@docket.flatfeecorp.com |
| **DOCKET/REFERENCE NUMBER** | FFC |

## SIGNATURE SECTION

| | |
|---|---|
| **DECLARATION SIGNATURE** | /EMS/ |
| **SIGNATORY'S NAME** | Evan Marshall Seale |
| **SIGNATORY'S POSITION** | Attorney of record |
| **SIGNATORY'S PHONE NUMBER** | 832-409-0314 |
| **DATE SIGNED** | 06/11/2024 |
| **SIGNATURE METHOD** | Signed directly within the form |
| **RESPONSE SIGNATURE** | /EMS/ |
| **SIGNATORY'S NAME** | Evan Marshall Seale |
| **SIGNATORY'S POSITION** | Attorney of record |
| **SIGNATORY'S PHONE NUMBER** | 832-409-0314 |
| **DATE SIGNED** | 06/11/2024 |
| **ROLE OF AUTHORIZED SIGNATORY** | Authorized U.S.-Licensed Attorney |
| **SIGNATURE METHOD** | Signed directly within the form |

| FILING INFORMATION SECTION | |
|---|---|
| SUBMIT DATE | Tue Jun 11 14:47:08 ET 2024 |
| TEAS STAMP | USPTO/ROA-XX.XXX.XXX.XXX-20240611144708765144-9813 5271-850aa5d85ea4a3d12787 bb431f1877764e89e3a4b4f83 2966bce1123786fb95deb4-N/ A-N/A-2024061114325557072 2 |

PTO- 1957
Approved for use through 01/31/2027. OMB 0651-0050
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number

## Response to Office Action

## To the Commissioner for Trademarks:

Application serial no. **98135271** GOOD-ARK SEMICONDUCTOR(Standard Characters, see https://tmng-al.uspto.gov/resting2/api/img/98135271/large) has been amended as follows:

**CLASSIFICATION AND LISTING OF GOODS/SERVICES**

**Applicant proposes to amend the following:**

**Current:**
Class 009 for Semiconductors
**Filing Basis: Section 1(a), Use in Commerce:** The applicant is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended. The mark was first used at least as early as 06/24/2013 and first used in commerce at least as early as 06/24/2013 , and is now in use in such commerce.


**Proposed:**
Class 009 for Semiconductors
**Filing Basis: Section 1(a), Use in Commerce:** The applicant is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended. The mark was first used at least as early as 06/24/2013 and first used in commerce at least as early as 06/24/2013 , and is now in use in such commerce. Applicant hereby submits one(or more) specimen(s) for Class 009. The specimen(s) submitted consists of The attached specimens show the identifying mark in use with semiconductor products alongside websites displaying the products available for purchase.
**"The substitute (or new, or originally submitted, if appropriate) specimen(s) was/were in use in commerce at least as early as the filing date of the application"***[for an application based on Section 1(a), Use in Commerce] OR* **"The substitute (or new, or originally submitted, if appropriate) specimen(s) was/were in use in commerce prior either to the filing of the Amendment to Allege Use or expiration of the filing deadline for filing a Statement of Use**" *[for an application based on Section 1(b) Intent-to-Use]. OR* **"The attached specimen is a true copy of the specimen that was originally submitted with the application, amendment to allege use, or statement of use"** [for an illegible specimen].
Specimen File1
Specimen File2
Specimen File3
Specimen File4
Specimen File5
Specimen File6


Webpage URL: https://www.digikey.com/en/supplier-centers/good-ark-semiconductor
Webpage Date of Access: 06/11/2024
Webpage URL: https://www.digikey.com/en/products/detail/good-ark-semiconductor/GSDA213/18648568

Webpage Date of Access: 06/11/2024
Webpage URL: https://www.digikey.com/en/products/detail/good-ark-semiconductor/F4TVS58A/18667740
Webpage Date of Access: 06/11/2024
Webpage URL: https://www.digikey.com/en/products/detail/good-ark-semiconductor/SSF2220Y/18648597
Webpage Date of Access: 06/11/2024
Webpage URL: https://www.digikey.com/en/products/detail/good-ark-semiconductor/BC856S/18649401
Webpage Date of Access: 06/11/2024

**ADDITIONAL STATEMENTS**
**Disclaimer**
No claim is made to the exclusive right to use SEMICONDUCTOR apart from the mark as shown.


**Correspondence Information**
    EVAN M SEALE
    PRIMARY EMAIL FOR CORRESPONDENCE: U1449-J11564@vp.flatfee.ai
    SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES): trademarks@docket.flatfeecorp.com

The docket/reference number is FFC.


**Requirement for Email and Electronic Filing: I** understand that a valid email address must be maintained by the owner/holder and the owner's/holder's attorney, if appointed, and that all official trademark correspondence must be submitted via the Trademark Electronic Application System (TEAS).


**SIGNATURE(S)**
**Declaration Signature**


**DECLARATION: The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that, if the applicant submitted the application or allegation of use (AOU) unsigned, all statements in the application or AOU and this submission based on the signatory's own knowledge are true, and all statements in the application or AOU and this submission made on information and belief are believed to be true.**

**STATEMENTS FOR UNSIGNED SECTION 1(a) APPLICATION/AOU**: If the applicant filed an unsigned application under 15 U.S.C. §1051(a) or AOU under 15 U.S.C. §1051(c), the signatory additionally believes that: the applicant is the owner of the mark sought to be registered; the mark is in use in commerce and was in use in commerce as of the filing date of the application or AOU on or in connection with the goods/services/collective membership organization in the application or AOU; the original specimen(s), if applicable, shows the mark in use in commerce as of the filing date of the application or AOU on or in connection with the goods/services/collective membership organization in the application or AOU; *for a collective trademark, collective service mark, collective membership mark application, or certification mark application,* the applicant is exercising legitimate control over the use of the mark in commerce and was exercising legitimate control over the use of the mark in commerce as of the filing date of the application or AOU; *for a certification mark application,* the applicant is not engaged in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant. **To the best of the signatory's knowledge and belief, no other persons, except, if applicable, authorized users, members, and/or concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services/collective membership organization of such other persons, to cause confusion or mistake, or to deceive.**

**STATEMENTS FOR UNSIGNED SECTION 1(b)/SECTION 44 APPLICATION AND FOR SECTION 66(a) COLLECTIVE/CERTIFICATION MARK APPLICATION:** If the applicant filed an unsigned application under 15 U.S.C. §§ 1051(b), 1126(d), and/or 1126(e), or filed a collective/certification mark application under 15 U.S.C. §1141f(a), the signatory additionally believes that: *for a trademark or service mark application,* the applicant is entitled to use the mark in commerce on or in connection with the goods/services specified in the application; the applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date; *for a collective trademark, collective service mark, collective membership mark, or certification mark application,* the applicant has a bona fide intention, and is entitled, to exercise legitimate control over the use of the mark in commerce and had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce as of the application filing date; the signatory is properly authorized to execute the declaration on behalf of the applicant; *for a certification mark application,* the applicant will not engage in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant. **To the best of the signatory's knowledge and belief, no other persons, except, if applicable, authorized users, members, and/or concurrent users, have the right to use the mark in**

**commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services/collective membership organization of such other persons, to cause confusion or mistake, or to deceive.**


Signature: /EMS/    Date: 06/11/2024
Signatory's Name: Evan Marshall Seale
Signatory's Position: Attorney of record
Signatory's Phone Number: 832-409-0314

Signature method: Signed directly within the form

**Response Signature**
Signature: /EMS/    Date: 06/11/2024
Signatory's Name: Evan Marshall Seale
Signatory's Position: Attorney of record

Signatory's Phone Number: 832-409-0314 Signature method: Signed directly within the form

The signatory has confirmed that he/she is a U.S.-licensed attorney who is an active member in good standing of the bar of the highest court of a U.S. state (including the District of Columbia and any U.S. Commonwealth or territory); and he/she is currently the owner's/holder's attorney or an associate thereof; and to the best of his/her knowledge, if prior to his/her appointment another U.S.-licensed attorney not currently associated with his/her company/firm previously represented the owner/holder in this matter: the owner/holder has revoked their power of attorney by a signed revocation or substitute power of attorney with the USPTO; the USPTO has granted that attorney's withdrawal request; the owner/holder has filed a power of attorney appointing him/her in this matter; or the owner's/holder's appointed U.S.-licensed attorney has filed a power of attorney appointing him/her as an associate attorney in this matter.

Mailing Address:   EVAN M SEALE

   440 N. BARRANCA AVE. #3159
   COVINA, California 91723
Mailing Address:   Evan M Seale

   440 N. BARRANCA AVE. #3159
   COVINA, California 91723

Serial Number: 98135271
Internet Transmission Date: Tue Jun 11 14:47:08 ET 2024
TEAS Stamp: USPTO/ROA-XX.XXX.XXX.XXX-202406111447087
65144-98135271-850aa5d85ea4a3d12787bb431
f1877764e89e3a4b4f832966bce1123786fb95de
b4-N/A-N/A-20240611143255570722



DigiKey

All Products | Enter keyword or part #  🔍

Login or REGISTER | 🛒 0 item(s)

Products  Manufacturers  Resources

GOOD-ARK
SEMICONDUCTOR

About Good Ark Semiconductor    Additional Content

# Good Ark Semiconductor

## Product Categories

Search 🔍

Circuit Protection    Discrete Semiconductor Products    Sensors, Transducers

## Our Products

Featured Products    Newest Products

**GSDA213**
ACCELEROMETER, 3-AXIS, 14-BIT, L...
Learn More

**F4TVS58A**
TVS, BI-DIR, 400V, 58V, ESQA (SO
Learn More

**SSF2220Y**
MOSFET 2N-CH 20V 0.8A SOT563
Learn More

**BC856S**
TRANSISTOR, PNP, DUAL, -0.1A, -6
Learn More

‹ • › 

## About Good Ark Semiconductor

Good-Ark Semiconductor is a leading global discrete semiconductor manufacturer that offers a wide variety of surface mount, through-hole and wafer devices with superior quality and reliability at competitive costs. Good-Ark Semiconductor's product portfolio includes Diodes, Rectifiers, TVS, Transistors, ESD TVS and MOSFETs.

Our Website

## Additional Content

**RESOURCES**

Letter of Authorization

Need Help?    Feedback

**Stay Connected!**
Enter your email    Subscribe

**INFORMATION**
About DigiKey
Marketplace
Get on DigiKey.com
Careers
Site Map
Digital Solutions
Newsroom

**HELP**
Help and Support
Order Status
Shipping Rates/Options
Returns and Order Issues
Tariff Information

**CONTACT US**
Chat
1-800-344-4539
218-681-6674
sales@digikey.com
Co-Browse

ECIA MEMBER

**FOLLOW US**
App Store   Google Play

United States | Copyright © 1995-2024, DigiKey. | All Rights Reserved. | Terms & Conditions | Privacy Notice | Accessibility Statement | Cookie Settings
Local Support: 701 Brooks Avenue South, Thief River Falls, MN 56701 USA
Do Not Sell / Do Not Share My Personal Information

**DigiKey**

All Products ⌄ | Enter keyword or part # | 🔍 | 🇺🇸

Login or
**REGISTER** ⌄

🛒 **0 item(s)** ⌄

Products ⌄ | Manufacturers ⌄ | Resources ⌄

Product Index > Discrete Semiconductor Products > Transistors > Bipolar (BJT) > Bipolar Transistor Arrays > Good-Ark Semiconductor BC856S

Dark Mode ⬤ | Share ⌟



### BC856S

| | |
|---|---|
| **DigiKey Part Number** | 4786-BC856STR-ND - Tape & Reel (TR) |
| | 4786-BC856SCT-ND - Cut Tape (CT) |
| | 4786-BC856SDKR-ND - Digi-Reel® |
| **Manufacturer** | Good-Ark Semiconductor |
| **Manufacturer Product Number** | BC856S |
| **Description** | TRANSISTOR, PNP, DUAL, -0.1A, -8 |
| **Manufacturer Standard Lead Time** | 16 Weeks |
| **Customer Reference** | |
| **Detailed Description** | Bipolar (BJT) Transistor Array 2 PNP 65V 100mA 100MHz 200mW Surface Mount SOT-363 |
| **Datasheet** | 📄 Datasheet |

*Image shown is a representation only. Exact specifications should be obtained from the product data sheet.*

**In-Stock: 5,914**

Can ship immediately

**QUANTITY**

[ ]

Add to List | **Add to Cart**

All prices are in USD

#### Cut Tape (CT) & Digi-Reel®

| QUANTITY | UNIT PRICE | EXT PRICE |
|---|---|---|
| 1 | $0.19000 | $0.19 |
| 10 | $0.13400 | $1.34 |
| 100 | $0.07220 | $7.22 |
| 500 | $0.05672 | $28.36 |
| 1,000 | $0.03939 | $39.39 |

* All Digi-Reel orders will add a $7.00 reeling fee.

#### Tape & Reel (TR)

| QUANTITY | UNIT PRICE | EXT PRICE |
|---|---|---|
| 3,000 | $0.03263 | $97.89 |
| 6,000 | $0.03086 | $185.16 |
| 9,000 | $0.02626 | $236.34 |
| 30,000 | $0.02429 | $728.70 |
| 75,000 | $0.02101 | $1,575.75 |

## Product Attributes

| TYPE | DESCRIPTION | SELECT ALL ☐ |
|---|---|---|
| Category | Discrete Semiconductor Products | ○ |
| | Transistors | ○ |
| | Bipolar (BJT) | ○ |
| | Bipolar Transistor Arrays | ◉ |
| Manufacturer | Good-Ark Semiconductor | ☐ |
| Series | - | ☐ |
| Packaging | Tape & Reel (TR) ⓘ | ☐ |
| | Cut Tape (CT) ⓘ | ☐ |
| | Digi-Reel® ⓘ | ☐ |
| Part Status | Active | ☐ |

Feedback | Need Help?



# DigiKey

All Products | Enter keyword or part #

Login or REGISTER | 0 item(s)

Products | Manufacturers | Resources

Product Index > Circuit Protection > Transient Voltage Suppressors (TVS) > TVS Diodes > Good-Ark Semiconductor F4TVS58A

Dark Mode | Share

## F4TVS58A

| | |
|---|---|
| DigiKey Part Number | 4786-F4TVS58ATR-ND - Tape & Reel (TR)<br>4786-F4TVS58ACT-ND - Cut Tape (CT)<br>4786-F4TVS58ADKR-ND - Digi-Reel® |
| Manufacturer | Good-Ark Semiconductor |
| Manufacturer Product Number | F4TVS58A |
| Description | TVS, BI-DIR, 400W, 58V, ESGA (SO |
| Manufacturer Standard Lead Time | 16 Weeks |
| Customer Reference | |
| Detailed Description | 93.6V Clamp 4.3A Ipp Tvs Diode Surface Mount eSGA (SOD-123FL) |
| Datasheet | 📄 Datasheet |

Image shown is a representation only. Exact specifications should be obtained from the product data sheet.

## In-Stock: 5,985

Can ship immediately

QUANTITY

[          ]

Add to List | Add to Cart

All prices are in USD

### Cut Tape (CT) & Digi-Reel®

| QUANTITY | UNIT PRICE | EXT PRICE |
|---|---|---|
| 1 | $0.25000 | $0.25 |
| 10 | $0.20200 | $2.02 |
| 25 | $0.16920 | $4.23 |
| 100 | $0.10710 | $10.71 |
| 250 | $0.08264 | $20.66 |
| 500 | $0.07044 | $35.22 |
| 1,000 | $0.04790 | $47.90 |

* All Digi-Reel orders will add a $7.00 reeling fee.

### Tape & Reel (TR)

| QUANTITY | UNIT PRICE | EXT PRICE |
|---|---|---|
| 🕙 3,000 | $0.04321 | $129.63 |
| 6,000 | $0.03757 | $225.42 |
| 15,000 | $0.03194 | $479.10 |

Feedback | Need Help?

## Product Attributes

| TYPE | DESCRIPTION | SELECT ALL ☐ |
|---|---|---|
| Category | Circuit Protection<br>Transient Voltage Suppressors (TVS)<br>TVS Diodes | ○<br>○<br>● |
| Mfr | Good-Ark Semiconductor | ☐ |
| Series | - | ☐ |
| Packaging | Tape & Reel (TR) ⑦<br>Cut Tape (CT) ⑦<br>Digi-Reel® ⑦ | ☐<br>☐<br>☐ |
| Part Status | Active | ☐ |



# Shopping Cart

Add Parts From ▾

☐ Share Copy   ⬇ Download                                          🛒 New Cart

| ☐ | Product Details | Quantity | Availability | Unit Price | Extended Price |
|---|-----------------|----------|--------------|------------|----------------|
| ☐ 1 | **4786-G8DA213CT-ND**<br>G8DA213<br>Good A/h Semiconductor<br>ACCELEROMETER, 3-AXIS, 14-BIT, L<br>Customer Reference | 10 | Immediate | 0.97000 | $9.70 |

Add to List   Save for Later   🗑 Delete

**Manual Entry**  Quantity   Part Number   Customer Reference   Add to Cart

**Upload a File**
Upload a File: Drag a file here ( .xls, .xlsx, .csv, .txt) or **Browse**

**Bulk Add**
One product per line, delimiter must be a comma. (5, P4525-ND, ABC123)

Add to Cart

Web ID: 34607424‑

**Cart Summary**

Subtotal                      $9.70
Shipping                     * $6.99

**Total**          **$16.69**
                     * Estimates ⓘ

FedEx Ground | 6.99  ▾

🔒 Checkout as Guest

Already Registered? **Log in**

Your data will be encrypted and transmitted securely.

**Information:** By clicking Submit Order you agree to DigiKey's **Terms of Use and Conditions of Order** and **Privacy Notice**.

☐ Need Help?    ❤ Feedback

**Stay Connected!**
Enter your email    Subscribe

DigiKey

All Products ▾    Enter keyword or part #    🔍    🇺🇸

Login or
REGISTER ▾    🛒 0 item(s) ▾

Products ▾    Manufacturers ▾    Resources ▾

Product Index  >  Sensors, Transducers  >  Motion Sensors  >  Accelerometers  >  Good-Ark Semiconductor GSDA213

Dark Mode ⬜    Share ⬘



### GSDA213

| | |
|---|---|
| DigiKey Part Number | 4786-GSDA213TR-ND - Tape & Reel (TR)<br>4786-GSDA213CT-ND - Cut Tape (CT)<br>4786-GSDA213DKR-ND - Digi-Reel® |
| Manufacturer | **Good-Ark Semiconductor** |
| Manufacturer Product Number | GSDA213 |
| Description | ACCELEROMETER, 3-AXIS, 14-BIT, L |
| Manufacturer Standard Lead Time | 16 Weeks |
| Customer Reference | |
| Detailed Description | Accelerometer X, Y, Z Axis ±2g, 4g, 8g, 16g 1Hz ~ 1kHz 12-LGA (2x2) |
| Datasheet | 📄 Datasheet |

*Image shown is a representation only. Exact specifications should be obtained from the product data sheet.*

**In-Stock: 7,936**

Can ship immediately

QUANTITY

[            ]

[ Add to List ]    [ Add to Cart ]

All prices are in USD

#### Cut Tape (CT) & Digi-Reel®

| QUANTITY | UNIT PRICE | EXT PRICE |
|---|---|---|
| 1 | $1.29000 | $1.29 |
| 10 | $0.97000 | $9.70 |
| 25 | $0.77560 | $19.39 |
| 100 | $0.71100 | $71.10 |
| 500 | $0.59792 | $298.96 |
| 1,000 | $0.53328 | $533.28 |

* All Digi-Reel orders will add a $7.00 reeling fee

#### Tape & Reel (TR)

| QUANTITY | UNIT PRICE | EXT PRICE |
|---|---|---|
| 📦 5,000 | $0.46480 | $2,424.00 |
| 10,000 | $0.45248 | $4,524.80 |
| 15,000 | $0.44440 | $6,666.00 |

📦 Manufacturers Standard Package

## Product Attributes

| TYPE | DESCRIPTION | SELECT ALL ☐ |
|---|---|---|
| Category | **Sensors, Transducers**<br>**Motion Sensors**<br>**Accelerometers** | ○<br>○<br>⦿ |
| Manufacturer | Good-Ark Semiconductor | ☐ |
| Series | - | ☐ |
| Packaging | Tape & Reel (TR) ⍰<br>Cut Tape (CT) ⍰<br>Digi-Reel® ⍰ | ☐<br>☐<br>☐ |
| Part Status | Active | ☐ |
| | Digital | ☐ |

Feedback

Need Help?

**DigiKey**

All Products ⌄    Enter keyword or part #    🔍    🇺🇸

Login or
REGISTER ⌄    🛒 0 item(s) ⌄

Products ⌄   Manufacturers ⌄   Resources ⌄

Product Index   >   Discrete Semiconductor Products   >   Transistors   >   FETs, MOSFETs   >   FET, MOSFET Arrays   >   Good-Ark Semiconductor SSF2220Y

Dark Mode ⬜   Share ⬝



### SSF2220Y

| | |
|---|---|
| DigiKey Part Number | 4786-SSF2220YTR-ND - Tape & Reel (TR)<br>4786-SSF2220YCT-ND - Cut Tape (CT)<br>4786-SSF2220YDKR-ND - Digi-Reel® |
| Manufacturer | Good-Ark Semiconductor |
| Manufacturer Product Number | SSF2220Y |
| Description | MOSFET 2N-CH 20V 0.8A SOT563 |
| Manufacturer Standard Lead Time | 16 Weeks |
| Customer Reference | |
| Detailed Description | Mosfet Array 20V 800mA (Tc) 312W (Tc) Surface Mount SOT-563 |
| Datasheet | 📄 Datasheet |

*Image shown is a representation only. Exact specifications should be obtained from the product data sheet.*

**In-Stock: 5,840**

Can ship immediately

QUANTITY

[          ]

Add to List          **Add to Cart**

All prices are in USD

#### Cut Tape (CT) & Digi-Reel®

| QUANTITY | UNIT PRICE | EXT PRICE |
|---|---|---|
| 1 | $0.36000 | $0.36 |
| 10 | $0.26700 | $2.67 |
| 25 | $0.23320 | $5.83 |
| 100 | $0.15100 | $15.10 |
| 250 | $0.12500 | $31.25 |
| 500 | $0.10000 | $50.00 |
| 1,000 | $0.07666 | $76.66 |

* All Digi-Reel orders will add a $7.00 reeling fee.

#### Tape & Reel (TR)

| QUANTITY | UNIT PRICE | EXT PRICE |
|---|---|---|
| 🔖 3,000 | $0.06666 | $199.98 |
| 6,000 | $0.05999 | $359.94 |
| 15,000 | $0.05333 | $799.95 |

## Product Attributes

| TYPE | DESCRIPTION | SELECT ALL ⬜ |
|---|---|---|
| Category | Discrete Semiconductor Products<br>Transistors<br>FETs, MOSFETs<br>FET, MOSFET Arrays | ○<br>○<br>○<br>⦿ |
| Manufacturer | Good-Ark Semiconductor | ⬜ |
| Series | - | ⬜ |
| Packaging | Tape & Reel (TR) ⓘ<br>Cut Tape (CT) ⓘ<br>Digi-Reel® ⓘ | ⬜<br>⬜<br>⬜ |
| Part Status | Active | ⬜ |

Feedback

Need Help?



**DigiKey**

All Products | Enter keyword or part #

Login or REGISTER

0 item(s)

Products | Manufacturers | Resources

Product Index > Discrete Semiconductor Products > Transistors > Bipolar (BJT) > Bipolar Transistor Arrays > Good-Ark Semiconductor BC856S

Dark Mode | Share



### BC856S

| | |
|---|---|
| DigiKey Part Number | 4786-BC856STR-ND - Tape & Reel (TR) |
| | 4786-BC856SCT-ND - Cut Tape (CT) |
| | 4786-BC856SDKR-ND - Digi-Reel® |
| Manufacturer | Good-Ark Semiconductor |
| Manufacturer Product Number | BC856S |
| Description | TRANSISTOR, PNP, DUAL, -0.1A, -8 |
| Manufacturer Standard Lead Time | 16 Weeks |
| Customer Reference | |
| Detailed Description | Bipolar (BJT) Transistor Array 2 PNP 65V 100mA 100MHz 200mW Surface Mount SOT-363 |
| Datasheet | 📄 Datasheet |

*Image shown is a representation only. Exact specifications should be obtained from the product data sheet.*

**In-Stock: 5,914**

Can ship immediately

**QUANTITY**

Add to List | Add to Cart

All prices are in USD

#### Cut Tape (CT) & Digi-Reel®

| QUANTITY | UNIT PRICE | EXT PRICE |
|---|---|---|
| 1 | $0.19000 | $0.19 |
| 10 | $0.13400 | $1.34 |
| 100 | $0.07220 | $7.22 |
| 500 | $0.05672 | $28.36 |
| 1,000 | $0.03939 | $39.39 |

* All Digi-Reel orders will add a $7.00 reeling fee.

#### Tape & Reel (TR)

| QUANTITY | UNIT PRICE | EXT PRICE |
|---|---|---|
| 3,000 | $0.03263 | $97.89 |
| 6,000 | $0.03086 | $185.16 |
| 9,000 | $0.02626 | $236.34 |
| 30,000 | $0.02429 | $728.70 |
| 75,000 | $0.02101 | $1,575.75 |

## Product Attributes

| TYPE | DESCRIPTION | SELECT ALL |
|---|---|---|
| Category | Discrete Semiconductor Products | ○ |
| | Transistors | ○ |
| | Bipolar (BJT) | ○ |
| | Bipolar Transistor Arrays | ● |
| Manufacturer | Good-Ark Semiconductor | ☐ |
| Series | - | ☐ |
| Packaging | Tape & Reel (TR) ⓘ | ☐ |
| | Cut Tape (CT) ⓘ | ☐ |
| | Digi-Reel® ⓘ | ☐ |
| Part Status | Active | ☐ |

Feedback

Need Help?



All Products | Enter keyword or part #

Login or REGISTER | 0 item(s)

Products | Manufacturers | Resources

Product Index > Circuit Protection > Transient Voltage Suppressors (TVS) > TVS Diodes > Good-Ark Semiconductor F4TVS58A

Dark Mode | Share

## F4TVS58A

| | |
|---|---|
| DigiKey Part Number | 4786-F4TVS58ATR-ND - Tape & Reel (TR)<br>4786-F4TVS58ACT-ND - Cut Tape (CT)<br>4786-F4TVS58ADKR-ND - Digi-Reel® |
| Manufacturer | Good-Ark Semiconductor |
| Manufacturer Product Number | F4TVS58A |
| Description | TVS, BI-DIR, 400W, 58V, ESGA (SO |
| Manufacturer Standard Lead Time | 16 Weeks |
| Customer Reference | |
| Detailed Description | 93.6V Clamp 4.3A Ipp Tvs Diode Surface Mount eSGA (SOD-123FL) |
| Datasheet | Datasheet |

*Image shown is a representation only. Exact specifications should be obtained from the product data sheet.*

**In-Stock: 5,985**

Can ship immediately

QUANTITY

Add to List | Add to Cart

All prices are in USD

### Cut Tape (CT) & Digi-Reel®

| QUANTITY | UNIT PRICE | EXT PRICE |
|---|---|---|
| 1 | $0.25000 | $0.25 |
| 10 | $0.20200 | $2.02 |
| 25 | $0.16920 | $4.23 |
| 100 | $0.10710 | $10.71 |
| 250 | $0.08264 | $20.66 |
| 500 | $0.07044 | $35.22 |
| 1,000 | $0.04790 | $47.90 |

* All Digi-Reel orders will add a $7.00 reeling fee.

### Tape & Reel (TR)

| QUANTITY | UNIT PRICE | EXT PRICE |
|---|---|---|
| 3,000 | $0.04321 | $129.63 |
| 6,000 | $0.03757 | $225.42 |
| 15,000 | $0.03194 | $479.10 |

## Product Attributes

| TYPE | DESCRIPTION | SELECT ALL |
|---|---|---|
| Category | Circuit Protection<br>Transient Voltage Suppressors (TVS)<br>TVS Diodes | ○<br>○<br>● |
| Mfr | Good-Ark Semiconductor | ☐ |
| Series | - | ☐ |
| Packaging | Tape & Reel (TR) ⓘ<br>Cut Tape (CT) ⓘ<br>Digi-Reel® ⓘ | ☐<br>☐<br>☐ |
| Part Status | Active | ☐ |

Feedback | Need Help?



All Products  |  Enter keyword or part #

Login or REGISTER  |  1 item(s)

Products  Manufacturers  Resources

## Shopping Cart

Add Parts From

Share Copy   Download

New Cart

| | Product Details | Quantity | Availability | Unit Price | Extended Price |
|---|---|---|---|---|---|
| 1 | 4786-G8DA213CT-ND<br>G8DA213<br>Bosch Semiconductor<br>ACCELEROMETER, 3-AXIS, 14-BIT, I...<br>Customer Reference | 10 | Immediate | 0.97000 | $9.70 |

Add to List    Save for Later    Delete

**Cart Summary**

Subtotal ........................... $9.70
Shipping .......................... * $6.99

**Total**      * **$16.69**

* Estimates ⓘ

FedEx Ground | 6.99

🔒 Checkout as Guest

Already Registered? Log In

Your data will be encrypted and transmitted securely.

### Manual Entry

Quantity    Part Number    Customer Reference    Add to Cart

### Upload a File

Upload a File: Drag a file here ( .xls, .xlsx, .csv, .txt) or Browse.

### Bulk Add

One product per line, delimiter must be a comma. (5, P4525-ND, ABC123)

Add to Cart

**Information:** By clicking Submit Order you agree to DigiKey's **Terms of Use and Conditions of Order** and **Privacy Notice**.

Web ID: 34807424ñ

Need Help?    Feedback

**Stay Connected!**

Enter your email    Subscribe



## DigiKey

All Products ▾    | Enter keyword or part #              | 🔍

Login or
REGISTER ▾

🛒 0 item(s) ▾

Products ▾    Manufacturers ▾    Resources ▾

Dark Mode  ⬤   Share ◄

### GSDA213

| | |
|---|---|
| DigiKey Part Number | 4786-GSDA213TR-ND - Tape & Reel (TR)<br>4786-GSDA213CT-ND - Cut Tape (CT)<br>4786-GSDA213DKR-ND - Digi-Reel® |
| Manufacturer | Good-Ark Semiconductor |
| Manufacturer Product Number | GSDA213 |
| Description | ACCELEROMETER, 3-AXIS, 14-BIT, L |
| Manufacturer Standard Lead Time | 16 Weeks |
| Customer Reference | |
| Detailed Description | Accelerometer X, Y, Z Axis ±2g, 4g, 8g, 16g 1Hz ~ 1kHz 12-LGA (2x2) |
| Datasheet | 📄 Datasheet |

*Image shown is a representation only. Exact specifications should be obtained from the product data sheet.*

### In-Stock: 7,936

Can ship immediately

QUANTITY

| | |

[ Add to List ]      [ Add to Cart ]

All prices are in USD

### Cut Tape (CT) & Digi-Reel®

| QUANTITY | UNIT PRICE | EXT PRICE |
|---|---|---|
| 1 | $1.29000 | $1.29 |
| 10 | $0.97000 | $9.70 |
| 25 | $0.77560 | $19.39 |
| 100 | $0.71100 | $71.10 |
| 500 | $0.59792 | $298.96 |
| 1,000 | $0.53328 | $533.28 |

* All Digi-Reel orders will add a $7.00 reeling fee

### Tape & Reel (TR)

| QUANTITY | UNIT PRICE | EXT PRICE |
|---|---|---|
| 📦 5,000 | $0.46480 | $2,424.00 |
| 10,000 | $0.45248 | $4,524.80 |
| 15,000 | $0.44440 | $6,666.00 |

📦 Manufacturers Standard Package

## Product Attributes

| TYPE | DESCRIPTION | SELECT ALL ☐ |
|---|---|---|
| Category | Sensors, Transducers<br>Motion Sensors<br>Accelerometers | ○<br>○<br>⦿ |
| Manufacturer | Good-Ark Semiconductor | ☐ |
| Series | - | ☐ |
| Packaging | Tape & Reel (TR) ⑦<br>Cut Tape (CT) ⑦<br>Digi-Reel® ⑦ | ☐<br>☐<br>☐ |
| Part Status | Active | ☐ |

Feedback

Need Help?



Dark Mode ◯  Share ⦓

## SSF2220Y

| | |
|---|---|
| DigiKey Part Number | 4786-SSF2220YTR-ND - Tape & Reel (TR) |
| | 4786-SSF2220YCT-ND - Cut Tape (CT) |
| | 4786-SSF2220YDKR-ND - Digi-Reel® |
| Manufacturer | Good-Ark Semiconductor |
| Manufacturer Product Number | SSF2220Y |
| Description | MOSFET 2N-CH 20V 0.8A SOT563 |
| Manufacturer Standard Lead Time | 16 Weeks |
| Customer Reference | |
| Detailed Description | Mosfet Array 20V 800mA (Tc) 312W (Tc) Surface Mount SOT-563 |
| Datasheet | 📄 Datasheet |

*Image shown is a representation only. Exact specifications should be obtained from the product data sheet.*

**In-Stock: 5,840**

Can ship immediately

QUANTITY

[ ]

[ Add to List ]  [ Add to Cart ]

All prices are in USD

### Cut Tape (CT) & Digi-Reel®

| QUANTITY | UNIT PRICE | EXT PRICE |
|---|---|---|
| 1 | $0.36000 | $0.36 |
| 10 | $0.26700 | $2.67 |
| 25 | $0.23320 | $5.83 |
| 100 | $0.15100 | $15.10 |
| 250 | $0.12500 | $31.25 |
| 500 | $0.10000 | $50.00 |
| 1,000 | $0.07666 | $76.66 |

* All Digi-Reel orders will add a $7.00 reeling fee.

### Tape & Reel (TR)

| QUANTITY | UNIT PRICE | EXT PRICE |
|---|---|---|
| 3,000 | $0.06666 | $199.98 |
| 6,000 | $0.05999 | $359.94 |
| 15,000 | $0.05333 | $799.95 |

## Product Attributes

| TYPE | DESCRIPTION | SELECT ALL ☐ |
|---|---|---|
| Category | Discrete Semiconductor Products | ◯ |
| | Transistors | ◯ |
| | FETs, MOSFETs | ◯ |
| | FET, MOSFET Arrays | ◉ |
| Manufacturer | Good-Ark Semiconductor | ☐ |
| Series | - | ☐ |
| Packaging | Tape & Reel (TR) ⓘ | ☐ |
| | Cut Tape (CT) ⓘ | ☐ |
| | Digi-Reel® ⓘ | ☐ |
| Part Status | Active | ☐ |

Exhibit 6 to
Declaration of Wenhao Wu

BYLAWS OF

GOOD-ARK SEMICONDUCTOR USA CORP.

# TABLE OF CONTENTS

**Page**

ARTICLE I OFFICES ...................................................................................................1
   1.1   Registered Office.............................................................................................1
   1.2   Offices ............................................................................................................1

ARTICLE II MEETINGS OF SHAREHOLDERS .......................................................1
   2.1   Location...........................................................................................................1
   2.2   Timing .............................................................................................................1
   2.3   Notice of Meeting............................................................................................1
   2.4   Shareholders' Records .....................................................................................1
   2.5   Special Meetings .............................................................................................2
   2.6   Notice of Meeting............................................................................................2
   2.7   Business Transacted at Special Meeting .........................................................2
   2.8   Quorum; Meeting Adjournment; Presence by Remote Means ........................2
   2.9   Voting Thresholds ...........................................................................................3
   2.10  Number of Votes Per Share.............................................................................3
   2.11  Action by Written Consent of Shareholders; Electronic Consent; Notice of
           Action.............................................................................................................3

ARTICLE III DIRECTORS ..........................................................................................4
   3.1   Authorized Directors.......................................................................................4
   3.2   Vacancies ........................................................................................................4
   3.3   Board Authority...............................................................................................5
   3.4   Location of Meetings ......................................................................................5
   3.5   First Meeting ...................................................................................................5
   3.6   Regular Meetings ............................................................................................5
   3.7   Special Meetings .............................................................................................5
   3.8   Quorum............................................................................................................6
   3.9   Action Without a Meeting ...............................................................................6
   3.10  Telephonic Meetings .......................................................................................6
   3.11  Committees......................................................................................................6
   3.12  Minutes of Meetings .......................................................................................7
   3.13  Compensation of Directors..............................................................................7
   3.14  Removal of Directors ......................................................................................7

ARTICLE IV NOTICES.................................................................................................7
   4.1   Notice ..............................................................................................................7
   4.2   Waiver of Notice .............................................................................................7
   4.3   Electronic Notice .............................................................................................7

ARTICLE V OFFICERS ...............................................................................................8
   5.1   Required and Permitted Officers .....................................................................8
   5.2   Appointment of Required Officers...................................................................8
   5.3   Appointment of Permitted Officers.................................................................8

5.4    Officer Compensation ..................................................................................................8
5.5    Term of Office; Vacancies .............................................................................................8
5.6    Chairman President ........................................................................................................9
5.7    Absence of Chairman .....................................................................................................9
5.8    Powers of President .......................................................................................................9
5.9    President's Signature Authority .....................................................................................9
5.10   Absence of President ......................................................................................................9
5.11   Duties of Secretary .........................................................................................................9
5.12   Duties of Assistant Secretary .......................................................................................10
5.13   Duties of Treasurer .......................................................................................................10
5.14   Disbursements and Financial Reports ..........................................................................10
5.15   Treasurer's Bond ..........................................................................................................10
5.16   Duties of Assistant Treasurer .......................................................................................10

ARTICLE VI CERTIFICATE OF STOCK ...............................................................................10
6.1    Stock Certificates .........................................................................................................10
6.2    Facsimile Signatures .....................................................................................................11
6.3    Lost Certificates ...........................................................................................................11
6.4    Transfer of Stock ..........................................................................................................11
6.5    Fixing a Record Date.....................................................................................................11
6.6    Registered Shareholders ...............................................................................................12

ARTICLE VII GENERAL PROVISIONS ..................................................................................12
7.1    Dividends ......................................................................................................................12
7.2    Reserve for Dividends ...................................................................................................12
7.3    Checks ...........................................................................................................................12
7.4    Fiscal Year.....................................................................................................................12
7.5    Corporate Seal ..............................................................................................................12
7.6    Indemnification .............................................................................................................12
7.7    Conflicts with Certificate of Incorporation .................................................................14

ARTICLE VIII AMENDMENTS.................................................................................................14

ARTICLE IX LOANS TO OFFICERS .......................................................................................14

# BYLAWS
## OF
## GOOD-ARK SEMICONDUCTOR USA CORP.

## ARTICLE I
### OFFICES

1.1  **Registered Office**.  The registered office shall be in the City of Northport, County of Suffolk, State of New York.

1.2  **Offices**.  The corporation may also have offices at such other places both within and without the State of New York as the Board of Directors may from time to time determine or the business of the corporation may require.

## ARTICLE II
### MEETINGS OF SHAREHOLDERS

2.1  **Location**.  All meetings of the shareholders for the election of directors shall be held in the City of Northport, State of New York, at such place as may be fixed from time to time by the Board of Directors, or at such other place either within or without the State of New York as shall be designated from time to time by the Board of Directors and stated in the notice of the meeting; provided, however, that the Board of Directors may, in its sole discretion, determine that the meeting shall not be held at any place, but may instead be held solely by means of remote communication as authorized by Section 602 of the Business Corporation Law ("BCL").  Meetings of shareholders for any other purpose may be held at such time and place, if any, within or without the State of New York, as shall be stated in the notice of the meeting or in a duly executed waiver of notice thereof, or a waiver by electronic transmission by the person entitled to notice.

2.2  **Timing**.  Annual meetings of shareholders, commencing with the year 2013, shall be held at such date and time as shall be designated from time to time by the Board of Directors and stated in the notice of the meeting, at which they shall elect by a plurality vote a Board of Directors, and transact such other business as may properly be brought before the meeting.

2.3  **Notice of Meeting**.  Written notice of any shareholder meeting stating the place, if any, date and hour of the meeting, the means of remote communication, if any, by which shareholders and proxyholders may be deemed to be present in person and vote at such meeting, shall be given to each shareholder entitled to vote at such meeting not fewer than ten (10) nor more than sixty (60) days before the date of the meeting.

2.4  **Shareholders' Records**.  The officer who has charge of the stock ledger of the corporation shall prepare and make, at least ten (10) days before every meeting of shareholders, a complete list of the shareholders entitled to vote at the meeting, arranged in alphabetical order, and showing the address (but not the electronic address or other electronic contact information) of each shareholder and the number of shares registered in the name of each

shareholder.  Such list shall be open to the examination of any shareholder, for any purpose germane to the meeting for a period of at least 10 days prior to the meeting: (i) on a reasonably accessible electronic network, provided that the information required to gain access to such list is provided with the notice of the meeting, or (ii) during ordinary business hours, at the principal place of business of the corporation.  In the event that the corporation determines to make the list available on an electronic network, the corporation may take reasonable steps to ensure that such information is available only to shareholders of the corporation.  If the meeting is to be held at a place, then the list shall be produced and kept at the time and place of the meeting during the whole time thereof, and may be inspected by any shareholder who is present.  If the meeting is to be held solely by means of remote communication, then the list shall also be open to the examination of any shareholder during the whole time of the meeting on a reasonably accessible electronic network, and the information required to access such list shall be provided with the notice of the meeting.

2.5    **Special Meetings**.  Special meetings of the shareholders, for any purpose or purposes, unless otherwise prescribed by statute or by the certificate of incorporation, may be called by the president and shall be called by the president or secretary at the request in writing by at least two-thirds (2/3) of the Board of Directors, or at the request in writing of shareholders owning at least fifteen percent (15%) in amount of the entire capital stock of the corporation issued and outstanding and entitled to vote.  Such request shall state the purpose or purposes of the proposed meeting.

2.6    **Notice of Meeting**.  Written notice of a special meeting stating the place, date and hour of the meeting and the purpose or purposes for which the meeting is called, shall be given not fewer than ten (10) nor more than sixty (60) days before the date of the meeting, to each shareholder entitled to vote at such meeting.  The means of remote communication, if any, by which shareholders and proxyholders may be deemed to be present in person and vote at such meeting shall also be provided in the notice.

2.7    **Business Transacted at Special Meeting**.  Business transacted at any special meeting of shareholders shall be limited to the purposes stated in the notice.

2.8    **Quorum; Meeting Adjournment; Presence by Remote Means**.

(a)    *Quorum; Meeting Adjournment*.  The holders of at least two-thirds (2/3) of the stock issued and outstanding and entitled to vote thereat, present in person or represented by proxy, shall constitute a quorum at all meetings of the shareholders for the transaction of business except as otherwise provided by statute or by the certificate of incorporation.  If, however, such quorum shall not be present or represented at any meeting of the shareholders, the shareholders entitled to vote thereat, present in person or represented by proxy, shall have power to adjourn the meeting from time to time, without notice other than announcement at the meeting, until a quorum shall be present or represented.  At such adjourned meeting at which a quorum shall be present or represented, any business may be transacted that might have been transacted at the meeting as originally notified.  If the adjournment is for more than thirty (30) days, or if after the adjournment a new record date is fixed for the adjourned

meeting, a notice of the adjourned meeting shall be given to each shareholder of record entitled to vote at the meeting.

(b) *Presence by Remote Means*. If authorized by the Board of Directors in its sole discretion, and subject to such guidelines and procedures as the Board of Directors may adopt, shareholders and proxyholders not physically present at a meeting of shareholders may, by means of remote communication:

(1) participate in a meeting of shareholders; and

(2) be deemed present in person and vote at a meeting of shareholders whether such meeting is to be held at a designated place or solely by means of remote communication, provided that (i) the corporation shall implement reasonable measures to verify that each person deemed present and permitted to vote at the meeting by means of remote communication is a shareholder or proxyholder, (ii) the corporation shall implement reasonable measures to provide such shareholders and proxyholders a reasonable opportunity to participate in the meeting and to vote on matters submitted to the shareholders, including an opportunity to read or hear the proceedings of the meeting substantially concurrently with such proceedings, and (iii) if any shareholder or proxyholder votes or takes other action at the meeting by means of remote communication, a record of such vote or other action shall be maintained by the corporation.

2.9 **Voting Thresholds**. When a quorum is present at any meeting, the vote of the holders of greater than two-thirds (2/3) of the stock having voting power present in person or represented by proxy shall decide any question brought before such meeting, unless the question is one upon which by express provision of the statutes or of the certificate of incorporation, a different vote is required, in which case such express provision shall govern and control the decision of such question.

2.10 **Number of Votes Per Share**. Unless otherwise provided in the certificate of incorporation, each shareholder shall at every meeting of the shareholders be entitled to one vote by such shareholder or by proxy for each share of the capital stock having voting power held by such shareholder, but no proxy shall be voted on after three years from its date, unless the proxy provides for a longer period.

2.11 **Action by Written Consent of Shareholders; Electronic Consent; Notice of Action**.

(a) *Action by Written Consent of Shareholders.* Unless otherwise provided by the certificate of incorporation, any action required or permitted to be taken at any annual or special meeting of the shareholders may be taken without a meeting, without prior notice and without a vote, if a consent in writing setting forth the action so taken, is signed in a manner permitted by law by the holders of outstanding stock having not less than the number of votes that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted. Written shareholder consents shall bear the date of signature of each shareholder who signs the consent in the manner permitted by law and shall be delivered to the corporation as provided in subsection (b) below. No written consent shall be

effective to take the action set forth therein unless, within sixty (60) days of the earliest dated consent delivered to the corporation in the manner provided above, written consents signed by a sufficient number of shareholders to take the action set forth therein are delivered to the corporation in the manner provided above.

(b)     *Electronic Consent*.   A telegram, cablegram or other electronic transmission consenting to an action to be taken and transmitted by a shareholder or proxyholder, or a person or persons authorized to act for a shareholder or proxyholder, shall be deemed to be written, signed and dated for the purposes of this section, provided that any such telegram, cablegram or other electronic transmission sets forth or is delivered with information from which the corporation can determine (1) that the telegram, cablegram or other electronic transmission was transmitted by the shareholder or proxyholder or by a person or persons authorized to act for the shareholder or proxyholder and (2) the date on which such shareholder or proxyholder or authorized person or persons transmitted such telegram, cablegram or electronic transmission. The date on which such telegram, cablegram or electronic transmission is transmitted shall be deemed to be the date on which such consent was signed. No consent given by telegram, cablegram or other electronic transmission shall be deemed to have been delivered until such consent is reproduced in paper form and until such paper form is delivered to the corporation by delivery to its registered office in the State of New York, its principal place of business or an officer or agent of the corporation having custody of the book in which proceedings of meetings of shareholders are recorded. Delivery made to a corporation's registered office shall be made by hand or by certified or registered mail, return receipt requested. Notwithstanding the foregoing limitations on delivery, consents given by telegram, cablegram or other electronic transmission may be otherwise delivered to the principal place of business of the corporation or to an officer or agent of the corporation having custody of the book in which proceedings of meetings of shareholders are recorded if, to the extent and in the manner provided by resolution of the Board of Directors of the corporation.

(c)     *Notice of Action*.   Prompt notice of any action taken pursuant to this Section 2.11 shall be provided to the shareholders in accordance with Section 615(c) of the BCL.

## ARTICLE III
### DIRECTORS

3.1     **Authorized Directors**.  The number of directors that shall constitute the whole Board of Directors shall be determined by resolution of the Board of Directors or by the shareholders at the annual meeting of the shareholders, except as provided in Section 3.2 of this Article, and each director elected shall hold office until his successor is elected and qualified.  Directors need not be shareholders.

3.2     **Vacancies**.  Unless otherwise provided in the corporation's certificate of incorporation, as it may be amended, vacancies and newly created directorships resulting from any increase in the authorized number of directors may be filled by a majority of the directors then in office, though less than a quorum, or by a sole remaining director, and the directors so chosen shall hold office until the next annual election and until their successors are duly elected and shall qualify, unless sooner displaced.  If there are no directors in office, then an election of

directors may be held in the manner provided by statute. If, at the time of filling any vacancy or any newly created directorship, the directors then in office shall constitute less than a majority of the whole Board of Directors (as constituted immediately prior to any such increase), the Court of Chancery may, upon application of any shareholder or shareholders holding at least ten percent (10%) of the total number of the shares at the time outstanding having the right to vote for such directors, summarily order an election to be held to fill any such vacancies or newly created directorships, or to replace the directors chosen by the directors then in office.

3.3 **Board Authority**. The business of the corporation shall be managed by or under the direction of its Board of Directors, which may exercise all such powers of the corporation and do all such lawful acts and things as are not by statute or by the certificate of incorporation or by these bylaws directed or required to be exercised or done by the shareholders.

3.4 **Location of Meetings**. The Board of Directors of the corporation may hold meetings, both regular and special, either within or without the State of New York.

3.5 **First Meeting**. The first meeting of each newly elected Board of Directors shall be held at such time and place as shall be fixed by the vote of the shareholders at the annual meeting and no notice of such meeting shall be necessary to the newly elected directors in order to legally constitute the meeting, provided a quorum shall be present. In the event of the failure of the shareholders to fix the time or place of such first meeting of the newly elected Board of Directors, or in the event such meeting is not held at the time and place so fixed by the shareholders, the meeting may be held at such time and place as shall be specified in a notice given as hereinafter provided for special meetings of the Board of Directors, or as shall be specified in a written waiver signed by all of the directors.

3.6 **Regular Meetings**. Regular meetings of the Board of Directors may be held without notice at such time and at such place as shall from time to time be determined by the Board of Directors.

3.7 **Special Meetings**. Special meetings of the Board of Directors may be called by the president upon notice to each director; special meetings shall be called by the president or secretary in like manner and on like notice on the written request of two (2) directors unless the Board of Directors consists of only one director, in which case special meetings shall be called by the president or secretary in like manner and on like notice on the written request of the sole director. Notice of any special meeting shall be given to each director at his business or residence in writing, or by telegram, facsimile transmission, telephone communication or electronic transmission (provided, with respect to electronic transmission, that the director has consented to receive the form of transmission at the address to which it is directed). If mailed, such notice shall be deemed adequately delivered when deposited in the United States mails so addressed, with postage thereon prepaid, at least five (5) days before such meeting. If by telegram, such notice shall be deemed adequately delivered when the telegram is delivered to the telegraph company at least twenty-four (24) hours before such meeting. If by facsimile transmission or other electronic transmission, such notice shall be transmitted at least twenty-four (24) hours before such meeting. If by telephone, the notice shall be given at least twelve (12) hours prior to the time set for the meeting. Neither the business to be transacted at, nor the

purpose of, any regular or special meeting of the Board of Directors need be specified in the notice of such meeting, except for amendments to these Bylaws as provided under Section 8.1 of Article VIII hereof. A meeting may be held at any time without notice if all the directors are present (except as otherwise provided by law) or if those not present waive notice of the meeting in writing, either before or after such meeting.

       3.8   **Quorum**. At all meetings of the Board of Directors at least two-thirds (2/3) of all of the directors shall constitute a quorum for the transaction of business and any act of two-thirds (2/3) of the directors present at any meeting at which there is a quorum shall be an act of the Board of Directors, except as may be otherwise specifically provided by statute or by the certificate of incorporation. If a quorum is not present at any meeting of the Board of Directors, the directors present thereat may adjourn the meeting from time to time, without notice other than announcement at the meeting, until a quorum shall be present.

       3.9   **Action Without a Meeting**. Unless otherwise restricted by the certificate of incorporation or these bylaws, any action required or permitted to be taken at any meeting of the Board of Directors or of any committee thereof may be taken without a meeting if all members of the Board of Directors or committee, as the case may be, consent thereto in writing or by electronic transmission, and the writing, writings, electronic transmission or transmissions are filed with the minutes of proceedings of the Board of Directors or committee.

       3.10   **Telephonic Meetings**. Unless otherwise restricted by the certificate of incorporation or these bylaws, members of the Board of Directors or any committee designated by the Board of Directors may participate in a meeting of the Board of Directors or any committee, by means of conference telephone or other means of communication by which all persons participating in the meeting can hear each other, and such participation shall constitute presence in person at the meeting.

       3.11   **Committees**. The Board of Directors may designate one or more committees, each committee to consist of one or more of the directors of the corporation. The Board of Directors may designate one or more directors as alternate members of any committee, who may replace any absent or disqualified member at any meeting of the committee.

       In the absence or disqualification of a member of a committee, the member or members thereof present at any meeting and not disqualified from voting, whether or not **he or she** or they constitute a quorum, may unanimously appoint another member of the Board of Directors to act at the meeting in the place of any such absent or disqualified member.

       Any such committee, to the extent provided in the resolution of the Board of Directors, shall have and may exercise all the powers and authority of the Board of Directors in the management of the business and affairs of the corporation, and may authorize the seal of the corporation to be affixed to all papers which may require it, but no such committee shall have the power or authority in reference to the following matters: (i) approving or adopting, or recommending to the shareholders, any action or matter expressly required by the BCL to be submitted to shareholders for approval or (ii) adopting, amending or repealing any provision of these bylaws.

3.12 **Minutes of Meetings**. Each committee shall keep regular minutes of its meetings and report the same to the Board of Directors when required.

3.13 **Compensation of Directors**. Unless otherwise restricted by the certificate of incorporation or these bylaws, the Board of Directors shall have the authority to fix the compensation of directors. The directors may be paid their expenses, if any, of attendance at each meeting of the Board of Directors and may be paid a fixed sum for attendance at each meeting of the Board of Directors or a stated salary as director. No such payment shall preclude any director from serving the corporation in any other capacity and receiving compensation therefor. Members of special or standing committees may be allowed like compensation for attending committee meetings.

3.14 **Removal of Directors**. Unless otherwise provided by the certificate of incorporation or these bylaws, any director or the entire Board of Directors may be removed, with or without cause, by the holders of greater than two-thirds (2/3) of shares entitled to vote at an election of directors.

## ARTICLE IV
## NOTICES

4.1 **Notice**. Unless otherwise provided in these bylaws, whenever, under the provisions of the statutes or of the certificate of incorporation or of these bylaws, notice is required to be given to any director or shareholder, it shall not be construed to mean personal notice, but such notice may be given in writing, by mail, addressed to such director or shareholder, at his address as it appears on the records of the corporation, with postage thereon prepaid, and such notice shall be deemed to be given at the time when the same shall be deposited in the United States mail. Notice to directors may also be given by telegram.

4.2 **Waiver of Notice**. Whenever any notice is required to be given under the provisions of the statutes or of the certificate of incorporation or of these bylaws, a waiver thereof in writing, signed by the person or persons entitled to said notice, whether before or after the time stated therein, shall be deemed equivalent thereto.

4.3 **Electronic Notice**.

(a) *Electronic Transmission*. Without limiting the manner by which notice otherwise may be given effectively to shareholders and directors, any notice to shareholders or directors given by the corporation under any provision of the BCL, the certificate of incorporation or these bylaws shall be effective if given by a form of electronic transmission consented to by the shareholder or director to whom the notice is given. Any such consent shall be revocable by the shareholder or director by written notice to the corporation. Any such consent shall be deemed revoked if (1) the corporation is unable to deliver by electronic transmission two consecutive notices given by the corporation in accordance with such consent and (2) such inability becomes known to the secretary or an assistant secretary of the corporation or to the transfer agent, or other person responsible for the giving of notice; provided, however, the inadvertent failure to treat such inability as a revocation shall not invalidate any meeting or other action.

(b)    *Effective Date of Notice*.  Notice given pursuant to subsection (a) of this section shall be deemed given:  (1) if by facsimile telecommunication, when directed to a number at which the shareholder or director has consented to receive notice; (2) if by electronic mail, when directed to an electronic mail address at which the shareholder or director has consented to receive notice; (3) if by a posting on an electronic network together with separate notice to the shareholder or director of such specific posting, upon the later of (i) such posting and (ii) the giving of such separate notice; and (4) if by any other form of electronic transmission, when directed to the shareholder or director.  An affidavit of the secretary or an assistant secretary or of the transfer agent or other agent of the corporation that the notice has been given by a form of electronic transmission shall, in the absence of fraud, be prima facie evidence of the facts stated therein.

(c)    *Form of Electronic Transmission*.  For purposes of these bylaws, "electronic transmission" means any form of communication, not directly involving the physical transmission of paper, that creates a record that may be retained, retrieved, and reviewed by a recipient thereof, and that may be directly reproduced in paper form by such a recipient through an automated process.

## ARTICLE V
## OFFICERS

5.1    **Required and Permitted Officers**.  The officers of the corporation shall be chosen by the Board of Directors and shall be a president, treasurer and a secretary.  The Board of Directors may elect from among its members a Chairman of the Board and a Vice-Chairman of the Board.  The Board of Directors may also choose one or more vice-presidents, assistant secretaries and assistant treasurers.  Any number of offices may be held by the same person, unless the certificate of incorporation or these bylaws otherwise provide.

5.2    **Appointment of Required Officers**.  The Board of Directors at its first meeting after each annual meeting of shareholders shall choose a president, a treasurer, and a secretary and may choose vice-presidents.

5.3    **Appointment of Permitted Officers**.  The Board of Directors may appoint such other officers and agents as it shall deem necessary who shall hold their offices for such terms and shall exercise such powers and perform such duties as shall be determined from time to time by the Board of Directors.

5.4    **Officer Compensation**.  The salaries of all officers and agents of the corporation shall be fixed by the Board of Directors.

5.5    **Term of Office; Vacancies**.  The officers of the corporation shall hold office until their successors are chosen and qualify.  Any officer elected or appointed by the Board of Directors may be removed at any time by the affirmative vote of two-thirds (2/3) of the Board of Directors.  Any vacancy occurring in any office of the corporation shall be filled by the affirmative vote of two-thirds (2/3) of the Board of Directors.

## THE CHAIRMAN OF THE BOARD

**5.6    Chairman President**.  The Chairman of the Board, if any, shall preside at all meetings of the Board of Directors and of the shareholders at which **he or she** shall be present.  **he or she** shall have and may exercise such powers as are, from time to time, assigned to him by the Board of Directors and as may be provided by law.

**5.7    Absence of Chairman**.  In the absence of the Chairman of the Board, the Vice-Chairman of the Board, if any, shall preside at all meetings of the Board of Directors and of the shareholders at which **he or she** shall be present.  He or she shall have and may exercise such powers as are, from time to time, assigned to him by the Board of Directors and as may be provided by law.

## THE PRESIDENT AND VICE-PRESIDENTS

**5.8    Powers of President**.  The president shall be the chief executive officer of the corporation; in the absence of the Chairman and Vice-Chairman of the Board **he or she** shall preside at all meetings of the shareholders and the Board of Directors; **he or she** shall have general and active management of the business of the corporation and shall see that all orders and resolutions of the Board of Directors are carried into effect.

**5.9    President's Signature Authority**.  The president shall execute bonds, mortgages and other contracts requiring a seal, under the seal of the corporation, except where required or permitted by law to be otherwise signed and executed and except where the signing and execution thereof shall be expressly delegated by the Board of Directors to some other officer or agent of the corporation.

**5.10    Absence of President**.  In the absence of the president or in the event of his inability or refusal to act, the vice-president, if any, (or in the event there be more than one vice-president, the vice-presidents in the order designated by the directors, or in the absence of any designation, then in the order of their election) shall perform the duties of the president, and when so acting, shall have all the powers of and be subject to all the restrictions upon the president.  The vice-presidents shall perform such other duties and have such other powers as the Board of Directors may from time to time prescribe.

## THE SECRETARY AND ASSISTANT SECRETARY

**5.11    Duties of Secretary**.  The secretary shall attend all meetings of the Board of Directors and all meetings of the shareholders and record all the proceedings of the meetings of the corporation and of the Board of Directors in a book to be kept for that purpose and shall perform like duties for the standing committees when required.  **He or she** shall give, or cause to be given, notice of all meetings of the shareholders and special meetings of the Board of Directors, and shall perform such other duties as may be prescribed by the Board of Directors or president, under whose supervision **he or she** shall be.  **He or she** shall have custody of the corporate seal of the corporation and **he or she**, or an assistant secretary, shall have authority to affix the same to any instrument requiring it and when so affixed, it may be attested by his signature or by the signature of such assistant secretary.  The Board of Directors may give

general authority to any other officer to affix the seal of the corporation and to attest the affixing by his signature.

5.12 **Duties of Assistant Secretary**.  The assistant secretary, or if there be more than one, the assistant secretaries in the order determined by the Board of Directors (or if there be no such determination, then in the order of their election) shall, in the absence of the secretary or in the event of his inability or refusal to act, perform the duties and exercise the powers of the secretary and shall perform such other duties and have such other powers as the Board of Directors may from time to time prescribe.

## THE TREASURER AND ASSISTANT TREASURERS

5.13 **Duties of Treasurer**.  The treasurer shall have the custody of the corporate funds and securities and shall keep full and accurate accounts of receipts and disbursements in books belonging to the corporation and shall deposit all moneys and other valuable effects in the name and to the credit of the corporation in such depositories as may be designated by the Board of Directors.

5.14 **Disbursements and Financial Reports**.  **He or she** shall disburse the funds of the corporation as may be ordered by the Board of Directors, taking proper vouchers for such disbursements, and shall render to the president and the Board of Directors, at its regular meetings or when the Board of Directors so requires, an account of all his transactions as treasurer and of the financial condition of the corporation.

5.15 **Treasurer's Bond**.  If required by the Board of Directors, the treasurer shall give the corporation a bond (which shall be renewed every six years) in such sum and with such surety or sureties as shall be satisfactory to the Board of Directors for the faithful performance of the duties of his office and for the restoration to the corporation, in case of his death, resignation, retirement or removal from office, of all books, papers, vouchers, money and other property of whatever kind in his possession or under his control belonging to the corporation.

5.16 **Duties of Assistant Treasurer**.  The assistant treasurer, or if there shall be more than one, the assistant treasurers in the order determined by the Board of Directors (or if there be no such determination, then in the order of their election) shall, in the absence of the treasurer or in the event of the treasurer's inability or refusal to act, perform the duties and exercise the powers of the treasurer and shall perform such other duties and have such other powers as the Board of Directors may from time to time prescribe.

## ARTICLE VI
## CERTIFICATE OF STOCK

6.1 **Stock Certificates**.  Every holder of stock in the corporation shall be entitled to have a certificate, signed by or in the name of the corporation by, the Chairman or Vice-Chairman of the Board of Directors, or the president or a vice-president and the treasurer or an assistant treasurer, or the secretary or an assistant secretary of the corporation, certifying the number of shares owned by him in the corporation.

Certificates may be issued for partly paid shares and in such case upon the face or back of the certificates issued to represent any such partly paid shares, the total amount of the consideration to be paid therefor, and the amount paid thereon shall be specified.

If the corporation shall be authorized to issue more than one class of stock or more than one series of any class, the powers, designations, preferences and relative participating, optional or other special rights of each class of stock or series thereof and the qualification, limitations or restrictions of such preferences and/or rights shall be set forth in full or summarized on the face or back of the certificate which the corporation shall issue to represent such class or series of stock, provided that, except as otherwise provided in Section 508 of the BCL, in lieu of the foregoing requirements, there may be set forth on the face or back of the certificate which the corporation shall issue to represent such class or series of stock, a statement that the corporation will furnish without charge to each shareholder who so requests the powers, designations, preferences and relative participating, optional or other special rights of each class of stock or series thereof and the qualifications, limitations or restrictions of such preferences and/or rights.

6.2 **Facsimile Signatures**. Any or all of the signatures on the certificate may be facsimile. In the event that any officer, transfer agent or registrar who has signed or whose facsimile signature has been placed upon a certificate shall have ceased to be such officer, transfer agent or registrar before such certificate is issued, the certificate may be issued by the corporation with the same effect as if such officer, transfer agent or registrar were still acting as such at the date of issue.

6.3 **Lost Certificates**. The Board of Directors may direct a new certificate or certificates to be issued in place of any certificate or certificates theretofore issued by the corporation alleged to have been lost, stolen or destroyed upon the making of an affidavit of that fact by the person claiming the certificate to be lost, stolen or destroyed. When authorizing such issuance of a new certificate or certificates, the Board of Directors may, in its discretion and as a condition precedent to the issuance, require the owner of such lost, stolen or destroyed certificate or certificates, or his legal representative, to advertise the same in such manner as it shall require and/or to give the corporation a bond in such sum as it may direct as indemnity against any claim that may be made against the corporation with respect to the certificate alleged to have been lost, stolen or destroyed.

6.4 **Transfer of Stock**. Upon surrender to the corporation or the transfer agent of the corporation of a certificate for shares duly endorsed or accompanied by proper evidence of succession, assignation or authority to transfer, it shall be the duty of the corporation to issue a new certificate to the person entitled thereto, cancel the old certificate and record the transaction upon its books.

6.5 **Fixing a Record Date**. In order that the corporation may determine the shareholders entitled to notice of or to vote at any meeting of shareholders or any adjournment thereof, or to express consent to corporate action in writing without a meeting, or entitled to receive payment of any dividend or other distribution or allotment of any rights, or entitled to exercise any rights in respect of any change, conversion or exchange of stock or for the purpose of any other lawful action, the Board of Directors may fix a record date which shall

not be more than sixty (60) nor less than ten (10) days before the date of such meeting, nor more than sixty (60) days prior to any other action. A determination of shareholders of record entitled to notice of or to vote at a meeting of shareholders shall apply to any adjournment of the meeting; provided, however, that the Board of Directors may fix a new record date for the adjourned meeting.

6.6 **Registered Shareholders**. The corporation shall be entitled to recognize the exclusive right of a person registered on its books as the owner of shares to receive dividends, to vote as such owner, to hold liable for calls and assessments a person registered on its books as the owner of shares and shall not be bound to recognize any equitable or other claim to or interest in such share or shares on the part of any other person, whether or not it shall have express or other notice thereof, except as otherwise provided by the laws of New York.

# ARTICLE VII
## GENERAL PROVISIONS

7.1 **Dividends**. Dividends upon the capital stock of the corporation, if any, subject to the provisions of the certificate of incorporation, may be declared by the Board of Directors at any regular or special meeting, pursuant to law. Dividends may be paid in cash, in property or in shares of the capital stock, subject to the provisions of the certificate of incorporation.

7.2 **Reserve for Dividends**. Before payment of any dividend, there may be set aside out of any funds of the corporation available for dividends such sum or sums as the directors from time to time, in their sole discretion, think proper as a reserve or reserves to meet contingencies, or for equalizing dividends, or for repairing or maintaining any property of the corporation, or for such other purposes as the directors think conducive to the interests of the corporation, and the directors may modify or abolish any such reserve in the manner in which it was created.

7.3 **Checks**. All checks or demands for money and notes of the corporation shall be signed by such officer or officers or such other person or persons as the Board of Directors may from time to time designate.

7.4 **Fiscal Year**. The fiscal year of the corporation shall be fixed by resolution of the Board of Directors.

7.5 **Corporate Seal**. The Board of Directors may adopt a corporate seal having inscribed thereon the name of the corporation, the year of its organization and the words "Corporate Seal, New York." The seal may be used by causing it or a facsimile thereof to be impressed or affixed or otherwise reproduced.

7.6 **Indemnification**. The corporation shall, to the fullest extent authorized under the laws of the State of New York, as those laws may be amended and supplemented from time to time, indemnify any director made, or threatened to be made, a party to an action or proceeding, whether criminal, civil, administrative or investigative, by reason of being a director of the corporation or a predecessor corporation or a director or officer of another corporation, if such person served in such position at the request of the corporation; provided,

however, that the corporation shall indemnify any such director or officer in connection with a proceeding initiated by such director or officer only if such proceeding was authorized by the Board of Directors of the corporation. The indemnification provided for in this Section 7.6 shall: (i) not be deemed exclusive of any other rights to which those indemnified may be entitled under these bylaws, agreement or vote of shareholders or disinterested directors or otherwise, both as to action in their official capacities and as to action in another capacity while holding such office, (ii) continue as to a person who has ceased to be a director, and (iii) inure to the benefit of the heirs, executors and administrators of a person who has ceased to be a director. The corporation's obligation to provide indemnification under this Section 7.6 shall be offset to the extent of any other source of indemnification or any otherwise applicable insurance coverage under a policy maintained by the corporation or any other person.

Expenses incurred by a director of the corporation in defending a civil or criminal action, suit or proceeding by reason of the fact that **he or she** is or was a director of the corporation (or was serving at the corporation's request as a director or officer of another corporation) shall be paid by the corporation in advance of the final disposition of such action, suit or proceeding upon receipt of an undertaking by or on behalf of such director to repay such amount if it shall ultimately be determined that **he or she** is not entitled to be indemnified by the corporation as authorized by relevant sections of the BCL. Notwithstanding the foregoing, the corporation shall not be required to advance such expenses to an agent who is a party to an action, suit or proceeding brought by the corporation and approved by a majority of the Board of Directors of the corporation that alleges willful misappropriation of corporate assets by such agent, disclosure of confidential information in violation of such agent's fiduciary or contractual obligations to the corporation or any other willful and deliberate breach in bad faith of such agent's duty to the corporation or its shareholders.

The foregoing provisions of this Section 7.6 shall be deemed to be a contract between the corporation and each director who serves in such capacity at any time while this bylaw is in effect, and any repeal or modification thereof shall not affect any rights or obligations then existing with respect to any state of facts then or theretofore existing or any action, suit or proceeding theretofore or thereafter brought based in whole or in part upon any such state of facts.

The Board of Directors in its sole discretion shall have power on behalf of the corporation to indemnify any person, other than a director, made a party to any action, suit or proceeding by reason of the fact that **he or she**, his testator or intestate, is or was an officer or employee of the corporation.

To assure indemnification under this Section 7.6 of all directors, officers and employees who are determined by the corporation or otherwise to be or to have been "fiduciaries" of any employee benefit plan of the corporation that may exist from time to time, Section 722 of the BCL shall, for the purposes of this Section 7.6, be interpreted as follows: an "other enterprise" shall be deemed to include such an employee benefit plan, including without limitation, any plan of the corporation that is governed by the Act of Congress entitled "Employee Retirement Income Security Act of 1974," as amended from time to time; the corporation shall be deemed to have requested a person to serve the corporation for purposes of Section 722 of the BCL, as administrator of an employee benefit plan where the performance by

such person of his duties to the corporation also imposes duties on, or otherwise involves services by, such person to the plan or participants or beneficiaries of the plan; excise taxes assessed on a person with respect to an employee benefit plan pursuant to such Act of Congress shall be deemed "fines."

7.7 **Conflicts with Certificate of Incorporation**. In the event of any conflict between the provisions of the corporation's certificate of incorporation and these bylaws, the provisions of the certificate of incorporation shall govern.

## ARTICLE VIII
### AMENDMENTS

8.1 These bylaws may be altered, amended or repealed, or new bylaws may be adopted by the shareholders or by the Board of Directors, when such power is conferred upon the Board of Directors by the certificate of incorporation at any regular meeting of the shareholders or of the Board of Directors or at any special meeting of the shareholders or of the Board of Directors if notice of such alteration, amendment, repeal or adoption of new bylaws be contained in the notice of such special meeting. If the power to adopt, amend or repeal bylaws is conferred upon the Board of Directors by the certificate of incorporation, it shall not divest or limit the power of the shareholders to adopt, amend or repeal bylaws.

## ARTICLE IX
### LOANS TO OFFICERS

9.1 The corporation may lend money to, or guarantee any obligation of or otherwise assist any officer or other employee of the corporation or of its subsidiaries, including any officer or employee who is a director of the corporation or its subsidiaries, whenever, in the judgment of the Board of Directors, such loan, guarantee or assistance may reasonably be expected to benefit the corporation. The loan, guarantee or other assistance may be with or without interest and may be unsecured or secured in such manner as the Board of Directors shall approve, including, without limitation, a pledge of shares of stock of the corporation. Nothing in these bylaws shall be deemed to deny, limit or restrict the powers of guaranty or warranty of the corporation at common law or under any statute.

## CERTIFICATE OF SECRETARY OF

## GOOD-ARK SEMICONDUCTOR USA CORP.

The undersigned, Danielle Junkins, hereby certifies that she is the duly elected and acting Secretary of Good-Ark Semiconductor USA Corp., a New York corporation (the "Corporation"), and that the Bylaws attached hereto constitute the Bylaws of said Corporation as duly adopted by Action by Written Consent in Lieu of Organizational Meeting by the Directors on My 20, 2013.

**IN WITNESS WHEREOF**, the undersigned has hereunto subscribed her name this 20th day of May, 2013.

Danielle Junkins, Secretary

Exhibit 7 to
Declaration of Wenhao Wu

March 19, 2025

Via Email
djunkins@goodarksemi.com

Danielle Junkins
President
Good-Ark Semiconductor USA Corp.
90 13th Ave, Unit 8
Ronkonkoma, NY 11779

**Re: Demand for Special Meeting of the Board of Directors**

Ms. Junkins,

Pursuant to Section 3.7 of the Bylaws of Good-Ark Semiconductor USA Corp., a New York corporation (hereinafter referred to as the "**Corporation**"), adopted on May 20, 2013 and currently in effect, the undersigned Directors of the Corporation hereby formally request that you, as President per the information reported in the Corporation's most recent Biennial Statement filed with the Department of State of the State of New York on November 13, 2024, call a Special Meeting of the Board of Directors of the Corporation (the "**Meeting**").

We request that the Meeting be scheduled at the earliest possible date in accordance with the notice requirements set forth in the Bylaws. We further request that the agenda for this Special Meeting shall include, but not be limited to, the following:

1. Election of Officers as required by Section 5.2 of the Bylaws;
2. Review of Officer Compensation for all years since the incorporation of the Corporation as required by Section 5.2 of the Bylaws, and
3. Determination of Officer Compensation for 2025 as required by Section 5.4 of the Bylaws.

Given the critical nature of these matters to the governance and operation of the Corporation, we expect this meeting to be called and scheduled without delay. Should you fail to act in accordance with the Bylaws and refuse to call the meeting, we will pursue all available legal remedies to enforce our rights as Directors.

We require that you call the Meeting and provide confirmation of the meeting date, time, and location no later than 9AM EDT on March 22, 2025, which is 72 hours from receipt of this notice.

For the purpose of providing notice of the Meeting, please direct all communications, including formal notice of the Meeting, to the undersigned Directors at the email addresses specified in their respective Consents to Receive Electronic Notice of Meetings, which are enclosed herewith.

Your prompt attention to this matter is urged and awaited.

Sincerely,


_____
Nianbo Wu, Director


_____
Youxi Teng, Director


_____
Feimin Lu, Director


Enclosures: Consents to Receive Electronic Notice of Meetings

March 19, 2025

Via Email
djunkins@goodarksemi.com

Danielle Junkins
President
Good-Ark Semiconductor USA Corp.
90 13th Ave, Unit 8
Ronkonkoma, NY 11779

**Re: Consent to Receive Electronic Notice of Meetings**

Ms. Junkins,

Pursuant to Section 3.7 of the Bylaws of Good-Ark Semiconductor USA Corp., a New York corporation (the "Corporation"), I, Nianbo Wu, a director of the Corporation, hereby provide my formal consent to receive notice of all Special Meetings and other communications of the Board of Directors via electronic transmission.

I confirm that I consent to receiving such notices at the following email address:

n.b.wu@goodark.com

This consent shall remain in effect unless and until revoked by me in writing.


Sincerely,

Nianbo Wu, Director

March 19, 2025

Via Email
djunkins@goodarksemi.com

Danielle Junkins
President
Good-Ark Semiconductor USA Corp.
90 13th Ave, Unit 8
Ronkonkoma, NY 11779

**Re: Consent to Receive Electronic Notice of Meetings**

Ms. Junkins,

Pursuant to Section 3.7 of the Bylaws of Good-Ark Semiconductor USA Corp., a New York corporation (the "Corporation"), I, Feimin Lu, a director of the Corporation, hereby provide my formal consent to receive notice of all Special Meetings and other communications of the Board of Directors via electronic transmission.

I confirm that I consent to receiving such notices at the following email address:

lu_feimin@goodark.com

This consent shall remain in effect unless and until revoked by me in writing.


Sincerely,

Feimin Lu, Director

March 19, 2025

Via Email
djunkins@goodarksemi.com

Danielle Junkins
President
Good-Ark Semiconductor USA Corp.
90 13th Ave, Unit 8
Ronkonkoma, NY 11779

**Re: Consent to Receive Electronic Notice of Meetings**

Ms. Junkins,

Pursuant to Section 3.7 of the Bylaws of Good-Ark Semiconductor USA Corp., a New York corporation (the "Corporation"), I, Youxi Teng, a director of the Corporation, hereby provide my formal consent to receive notice of all Special Meetings and other communications of the Board of Directors via electronic transmission.

I confirm that I consent to receiving such notices at the following email address:

Y.X.Teng@goodark.com

This consent shall remain in effect unless and until revoked by me in writing.

Sincerely,

Youxi Teng, Director

# Exhibit 8 to
# Declaration of Wenhao Wu

Subject: Re: Demand for Board Special Meeting
Date: Friday, March 21, 2025 at 7:09:44 PM Central Daylight Time
From: Danielle Junkins
To: Bin Hu Karg
CC: Caroline McCaffery, n.b.wu@goodark.com, lu_feimin@goodark.com, Y.X.Teng@goodark.com

Hi Bin,

Thank you forwarding the request. I will get back to our board of directors by mail.

Danielle

Thanks & Regards,

Danielle Chen Junkins
Good-Ark Semiconductor

Tel: (+1) 631.319.1858
Fax: (+1) 631.319.1855
Mobile: (+1) 631.741.2942
WeChat ID: danielle98
Email: djunkins@goodarksemi.com
www.goodarksemi.com

On Mar 19, 2025, at 9:00 AM, Bin Hu Karg <bhkarg@vcllegal.com> wrote:

> Danielle,
>
> Attached is a demand from the directors of Good-Ark Semiconductor USA Corp. to call a special meeting of the board of directors of the company. Enclosed are the written consents of the directors to receive electronic notice of the special meeting.
>
> Your prompt response and action are expected.
>
> Best Regards,
> Bin
>
> Bin Hu Karg
> Partner
>
> **VCL Law**
> Austin, TX | Greater D.C. Area
> 7500 Rialto Blvd, Bldg 1, Suite 250
> Austin, TX 78735
> Phone: 646-797-1209
> Email: bhkarg@vcllegal.com
> Website: www.vcllegal.com

The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting it from your computer. Thank you.

<Demand for Special Meeting of the Board of Directors.pdf>
<Consent to Receive Electronic Notice of Meetings (enclosures).pdf>

Exhibit 9 to
Declaration of Wenhao Wu

## Re: Call for a Board Meeting of Good-Ark Semiconductor USA Corp

**Danielle Junkins**

发给 danywu, 吴念博, 陆飞敏, 滕有西, pearl.xiong, wxy, jmarullo      2024-09-11 11:55 隐藏信息

发件人: Danielle Junkins<djunkins@goodarksemi.com>

收件人: danywu<danywu@goodark.com>

抄送: 吴念博<n.b.wu@goodark.com>, 陆飞敏<Lu_Feimin@goodark.com>,

滕有西<Y.X.Teng@goodark.com>, pearl.xiong<pearl.xiong@goodark.com>,

wxy<wxy@goodark.com>, jmarullo<jmarullo@goodarksemi.com>

时间: 2024年9月11日 (周三) 11:55

大小: 61 KB

---

Hi Daniel,

After careful consideration of their credentials, we reject the candidacy of Mr. Ji Dong Gu (Mr. Michael Gu) and Mr. Xiao Yang Wan (Mr. Wayne Wan) and we will reject them at any special Board meeting called for that purpose.

For the best interest of Good-Ark Semiconductor USA Corp, it's best to maintain the stability of the current board.

I strongly believe communication is the key but if a phone conversation is not even allowed, Suzhou counselor in US can send us a written letter detailing any inquiry they may have.

Our best regards to our father Mr. Nianbo Wu and wish him happy birthday and speedy recovery!

Danielle


On Sep 8, 2024, at 10:25 PM, danywu@goodark.com wrote:


Hi Danielle,

Pls let me know your final date for our board meeting by latest this Wed;

Btw,

Pls copy me the contact info of your lawyer for Goodark USA, and Suzhou's counselor in USA would like to talk to him/her;

Pls answer the mail by writing, not by phone.

Thank you!

---

Thanks and Best Regards,

Daniel Wu

Goodark Electronics, Co. Ltd.

**From:** Danielle Junkins
**Date:** 2024-08-28 04:56
**To:** 吴炆皞
**CC:** 吴念博; Lu_Feimin; Y.X.Teng; pearl.xiong; wxy; jmarullo
**Subject:** Re: Call for a Board Meeting of Good-Ark Semiconductor USA Corp

Hi Daniel,

I will call you to discuss!

Danielle

On Aug 25, 2024, at 10:57 AM, 吴炆皞 <danywu@goodark.com> wrote:

Dear Danielle and John

First of all, I wish both of you have had a great and enjoyable summer vocation with your family, I guess its about time to continue our business discussion following the board meeting invitation initiated by myself and my father Mr. Wu Nian Bo in June and July 2024.

Again, I'd like to inform you both that our founder, current Chairman of the Board of Good-Ark Semiconductor USA Corp Mr. Wu Nian Bo's health condition is worsening than before, therefore we have to rapid reassemble the new board in order to run our business as usual.

Meeting Time
I'd like you both to propose the date and con call time next week at your convenient time. We will follow your proposed meeting time plan accordingly.
Since I am on business trip next week in Japan, the preferred time will be early morning asia time.

Agenda

1 Election of the Chairman of the board of Directors
Mr. Wen Hao Wu （current Chairman of the board of Suzhou Good-Ark Semiconductor corp）as new Chairman of the board of Good-Ark Semiconductor USA Corp Candidated. Amendment of the company Act － By Law.

2 Election of members of the board of directors
Candidates: Mr. Ji Dong Gu (Mr. Michael Gu) and Mr. Xiao Yang Wan(Wayne Wan)as new board member, with the resignation of current board member Mr. You Xi Teng and Mr. Fei Min Lu.

3 Sharing and Discussion Good-Ark group a newly proposed global sales marketing, manufacturing business model in terms of sharing the marketing information, resourcing planning, internal support network structure, internal trade regulations… to further help each subsidiary's growth.

4 Remaining issues associated with convertible bond, feedback from China Securities Supervision Commission (CSRC).

5 Trade Mark ownership of Good-Ark Semiconductor USA discussion.

On top of meeting agenda 1-5 I have proposed, you both are more than welcome to provide your suggestion、concerns and proposed agendas, so we can talk very openly to make sure this JV is working more transparent and trust.

Regards,
Daniel

---

发件人：Danielle Junkins [mailto:djunkins@goodarksemi.com]
发送时间：2024年7月11日 00:09
收件人：吴念博；danywu
抄送：Lu_Feimin; Y.X.Teng; pearl.xiong; wxy; jmarullo
主题：Re: Call for a Board Meeting of Good-Ark Semiconductor USA Corp

Dear Chairman Wu and Daniel,

Our best regards to Chairman Wu and wish him speedy recovery! While we all are prepared for the worst, please stay positive and NEVER lose faith! We have many advanced Post-Covid specialty care in US –should any assistance needed, please do feel free to let us know.

Regards to convertible bond, there must be some mis-perception as we have already supplied most of the information requested – 2024 first half financial related data will be available by next week 7/17/24 per HQ finance deadline. We also communicated our concern over the confidentiality and sensitivity of US customers/suppliers info and believe the broker is experienced in handling such situation and can come up with a suitable method to ensure compliance with US privacy laws and NDA obligations with various external parties.

Thank you so much for the invite to Suzhou however both John and myself are really tied up with many travel engagements for the next couple of weeks. We will both be back in the office after 8/20/24 and can possibly hold an online board meeting by the end of August for further discussion.

We greatly appreciate Chairman Nianbo Wu's vision, commitment and support to the growth of US operation. We believe Mr. Daniel Wu will carry on the legacy and join us in cultivating the "Family" culture propelling the continuous growth. Both China and US need to work together for a brighter future—we have faith in that!

Our best regards to all!

Danielle

Thanks & Regards,

Danielle Chen Junkins
Good-Ark Semiconductor

Tel: (+1) 631.319.1858
Fax: (+1) 631.319.1855
Mobile: (+1) 631.741.2942
WeChat ID: danielle98
Email: djunkins@goodarksemi.com
www.goodarksemi.com

---

**From:** 吴念博 <n.b.wu@goodark.com>
**Date:** Monday, July 8, 2024 at 10:41 AM
**To:** Danielle Junkins <djunkins@goodarksemi.com>, GoodArkSemi John Marullo Marullo <jmarullo@goodarksemi.com>, danywu <danywu@goodark.com>
**Cc:** Lu_Feimin <Lu_Feimin@goodark.com>, "Y.X.Teng" <y.x.teng@goodark.com>, "pearl.xiong" <pearl.xiong@goodark.com>, wxy <wxy@goodark.com>
**Subject:** Call for a Board Meeting of Good-Ark Semiconductor USA Corp

尊敬的陈丹女士，JOHN MARULLO先生，
Dear Mrs. Danielle Junkins, Mr. John Marullo,

很久不见，非常想念。首先感谢固锝美办全体董事、员工自2013年创建以来付出的辛勤劳动，并期待美办在苏州固锝集团的带领和帮助下快速成长。
It's been quite a long time no meeting each other, missing you very much. First of all, I would like to thank you all, board of directors & all office staff there in USA office, for your always hard work since the formation of Good-ark USA in 2013, and also look forward to have your fast growth under the leadership & support of headquarter of Suzhou Good-ark.

我，吴念博，作为固锝半导体（美国）子公司（简称美办）的创始人，美办董事会主席，希望近期尽快召集一次临时董事会，时间由你们二位商定后告知。
I, Nianbo Wu, as founder, chairman of Good-ark Semiconductor USA Corp., and also on behalf of Suzhou Good-ark, major shareholder and investor to Good-ark USA, would like to call for a board meeting as soon as possible, and I would like you two please to decide the meeting schedule in priority with sense of urgency and inform back accordingly.

董事会召开方式建议如下：
Proposal to the meeting:

1. 邀请美办二位董事陈丹（Danielle Junkins）女士，John Marullo先生前往中国苏州固锝总部完成面对面的董事会议程讨论。差旅费用由我本人承担。
To invite Mrs Danielle Junkins and John Marullo to come to HQ Suzhou Good-ark to have our face to face board meeting; and the travelling expense will be supported by myself;

2. 通过电话视频的方式尽快召开。
Video conference call as soon as possible;

在这里，我想非常不幸地告知二位，我因近期身体原因，不能继续在公司全职全时工作，因此，为了固锝集团及所属旗下的全部子公司持续发展，我已将集团、公司的全部管理权或全部授权交给我的儿子吴炆皛（Daniel Wu）先生，这其中包括美办的临时（并推荐）董事会主席职位权利，希望你们配合好合作好。
Here, I would like to inform you that I'm not able to carry my day to day operation duty as the chairman of the company due to my personal health situation. Therefore, to ensure the sustainable growth of whole Good-ark group and its all subsidiary companies, I have already handed over all the governance positions and authorities to my son, Mr. Daniel Wenhao Wu, together with the temporary Chairman (also my recommendation to you all) of Good-ark USA, where I would like to have your always full supports to him as to myself in the past.

当务之急就是希望二位董事积极配合苏州固锝集团在七月中报会的可转债涉及到美办所需提供的全部资料和信息。
And current priority task of you is to provide your strong supports on all needed data & information to be collected from Good-ark USA side to ensure Good-ark Suzhou to succeed in July's Convertible Bond application.

吴炆皛（Daniel Wu）先生已将其它董事会议程细节于一周前用英文的方式发给了二位董事，特在此重新发给你们。特别重申这些内容都是与我商讨过的。

Daniel Wu has already provided all the details about this coming board meeting to you two via email; I resend it here and would like to highlight that all such contents have been talked and agreed by me;

最后希望大家一起持续传承我们的"家"文化, 期待在中国苏州见到你们, 如不能成行, 希望你们能够尽早召开一次视频会议, 预祝董事会成功召开结果圆满。

感谢你们的及时回复。谢谢你们的合作。

Last but not least, let's continue to carry on our "Family" Culture along the way; I would like to meet you both soon in HQ Suzhou if you could make this trip or via video conference soon;

Wish you all to have this board meeting run smoothly and fruitfully. Look forward to have your timely reply and appreciate your cooperation.

固锝半导体（美国）分公司董事会主席
Chairman Good-ark Semiconductors USA Corp.

吴念博
Nianbo Wu

DISCLAIMER:This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the originator of the message

Exhibit 10 to
Declaration of Wenhao Wu



STATE OF NEW YORK
COUNTY OF NEW YORK

### **CERTIFICATION**

This is to certify that the attached translation is, to the best of my knowledge and belief, a true

and accurate translation from Chinese into English of the attached email sent on December 14,

2024.

Signed by:

*Lynda Green*

F8F952868FF342A...

Lynda Green, Language Production Group Manager
Lionbridge

21 May 2025 | 11:29 EDT

Hi Shirley,

Legal team said that they underestimated the scope of work and needed the weekend to continue working on the documents. They will send the drafts on Monday 12/16/24.

Yes we will let you know the 3rd party evaluation firm – we understand China needs well qualified/certified ones due to various regulations and stock exchange requirements.

Though we have never met in person, no need to be so distant or your side or my side. We are co-workers after-all. We will assist HQ to complete this task and we are still part of Goodark family, even after the share change.

Danielle

Thanks & Regards,

Danielle Chen Junkins
Good-Ark Semiconductor

Tel: (+1) 631.319.1858
Fax: (+1) 631.319.1855
Mobile: (+1) 631.741.2942
WeChat ID: danielle98
Email: djunkins@goodarksemi.com
www.goodarksemi.com

---

**From:** Li Sha  <lisha@goodark.com>
**Date:** Thursday, December 12, 2024 at 9:02 AM
**To:** Danielle Junkins <djunkins@goodarksemi.com>
**Cc:** "danywu@goodark.com" <danywu@goodark.com>, Yang Shuo <shuo.yang@goodark.com>, Lu Feimin <lu_feimin@goodark.com>, GoodArkSemi John Marullo Marullo <jmarullo@goodarksemi.com>
**Subject:** Re: Materials Needed by HQ

Dear Danielle,

Thank you for your reply and for agreeing to the project timeline we proposed. Kindly send us the draft documents from your legal counsel today (Friday), along with the list of required documents we previously outlined in our earlier email. Please also share the contact details of your legal counsel with us. Our internal team and legal advisors will promptly begin reviewing the documents and will reach out to your counsel shortly to ensure efficient coordination moving forward together.

Regarding the third-party valuation, we also appreciate your efforts in reaching out to a valuation firm. As this is a significant matter for the U.S. subsidiary, the appointment of the valuation firm must be approved by the U.S. company's Board of Directors in accordance with corporate governance and procedural requirements. Therefore, please provide us with detailed information about the proposed valuation firm in advance. Our three Board representative directors will review the firm's qualifications, valuation methodology, and engagement terms, and will review/deliberate together with your Board representative on the appointment and scope of the valuation engagement.

Thank you again for your timely response and cooperation. We look forward to receiving the initial draft documents.


Li Sha/Shirley Li

Suzhou Good-Ark Electronics Co., Ltd

Cel#: ███████████

----------Reply email message----------

*On December 12, 2024 (Thursday) at 8:02 AM,* Danielle Junkins<djunkins@goodarksemi.com> *wrote:*

Hi Shirley,

Yes that's the plan! As agreed in HK, US attorneys target to finish MOU and drafting the stock transfer documentations within this week.

3rd party evaluation is scheduled to be carried out immediately so that end of the year deadline can be accomplished.

Will keep you posted if there is any issue or concern!

Danielle

Thanks & Regards,

Danielle Chen Junkins

Good-Ark Semiconductor

Tel: (+1) 631.319.1858

Fax: (+1) 631.319.1855

Mobile: (+1) 631.741.2942

WeChat ID: danielle98

Email: djunkins@goodarksemi.com

www.goodarksemi.com

---

**From:** Li Sha <lisha@goodark.com>

**Date:** Wednesday, December 11, 2024 at 9:50 AM

**To:** Danielle Junkins <djunkins@goodarksemi.com>

**Cc:** "danywu@goodark.com" <danywu@goodark.com>, Yang Shuo <shuo.yang@goodark.com>, Lu Feimin <lu_feimin@goodark.com>

**Subject:** Re: Materials Needed by HQ

Hi Danielle,

Thank you for your reply and for confirming that your legal counsel is preparing the MOU and other related documents for the equity transfer. As agreed by both parties during the HK meeting, we aim to complete all equity conversion matters by the end of this year. Given the upcoming Christmas holiday in the U.S., the timeline is indeed becoming tight. We appreciate your legal counsel's efforts in preparing the documents and trust that they should be close to completion since the HK meeting till now.

To ensure we stay on track for the year-end timeline, we kindly ask that you provide us with the draft MOU and related legal documents by this Friday, December 13. Upon receipt, we will immediately begin our review process and have our U.S.

counsel communicate with your legal team to provide feedback and expedite finalization of the documents. At the same time, please also include the corporate legal documents mentioned in our previous emails so we can conduct a concurrent review and coordination.

If it is truly not possible to provide all draft documents by Friday, we would appreciate it if you could let us know in advance. In that case, we would like to arrange an early discussion between our U.S. counsel and yours to understand the drafting progress, the MOU drafting ideas, and to preliminarily address key issues. This early communication would greatly assist us in providing timely feedback once we receive the drafts, saving time and helping accelerate the process. Please also share your counsel's contact information so we can arrange direct communication between the legal teams.

These arrangements are all in support of the mutual goal we set to complete everything by year-end and reflect our shared commitment and collaborative spirit. We look forward to your continued support and to jointly ensuring the smooth and successful completion of this matter.

Please feel free to contact me if you have any questions or need further coordination.

Thanks again!

Li Sha/Shirley Li
Suzhou Good-Ark Electronics Co., Ltd
Cel#: ▇▇▇▇▇▇▇▇▇▇

----------Reply email message----------
*On December 11, 2024 (Wednesday) at 5:28 AM,* GoodArkSemi Danielle Junkins<djunkins@goodarksemi.com> *wrote:*

> Hi President Lu,
>
> Per HK meeting, US attorney is drafting MOV and related documentations regarding to the stock transfer.
>
> Once MOV is signed and the path forward is clear, we can tackle other documents.
>
> Regards,
>
> Danielle

Dear Mr. Lu,
In line with the consensus reached during the HK meeting, our U.S. legal counsel is currently working on the draft of the equity transfer MOU and related documents. Once the MOU is signed and a clear path forward is established, we will proceed with handling the remaining documents.

Thanks & Regards,


Danielle Chen Junkins

Good-Ark Semiconductor

US Cell: (+1) 631.741.2942

Wechat ID: Danielle98

Tel: (+1) 631.319.1858

Fax: (+1) 631.319.1855

Email: djunkins@goodarksemi.com

www.goodarksemi.com

On Tue, Dec 10, 2024 at 4:19 AM Lu Feimin <lu_feimin@goodark.com> wrote:

Hi Danielle,

Our HQ requires the following documents—could you please help check if it is possible to provide these documents? The request is quite urgent, so if possible, we'd really appreciate it if you could provide them by the end of today. Thank you very much in advance for your support.

Document Request List for the U.S. Entity:
1.    Was a Written Consent in Lieu of Organizational Meeting of the Board of Directors of Gude Semiconductor USA Inc. signed at the time of incorporation (by the three U.S. shareholders)? If so, please provide a scanned copy of the signed document.
2.    Has the company signed a Series A Preferred Stock Subscription Agreement of Gude Semiconductor USA Inc.? If so, please provide a scanned copy.
3.    Have any board resolutions been signed by directors of the U.S. entity regarding share issuance and financing matters? If so, please provide signed copies.
4.    Have any board resolutions been signed by directors regarding the appointment of directors and officers for the U.S. entity? If so, please provide signed copies.
5.    Complete federal tax returns for the U.S. entity for fiscal years 2022 and 2023.

Best Regards,
Lu Feimin/Feimin (Yuri) LU
Suzhou Good-Ark Electronics Co., Ltd
Cel#: ███████████

Hi Shirley,

Legal team said that they underestimated the scope of work and needed the weekend to continue working on the documents. They will send the drafts on Monday 12/16/24.

Yes we will let you know the 3rd party evaluation firm – we understand China needs well qualified/certified ones due to various regulations and stock exchange requirements.

Though we have never met in person, no need to be so distant or your side or my side. We are co-workers after-all. We will assist HQ to complete this task and we are still part of Goodark family, even after the share change.

Danielle

Thanks & Regards,

Danielle Chen Junkins
Good-Ark Semiconductor

Tel: (+1) 631.319.1858
Fax: (+1) 631.319.1855
Mobile: (+1) 631.741.2942
WeChat ID: danielle98
Email: djunkins@goodarksemi.com
www.goodarksemi.com

---

**From:** 李莎 <lisha@goodark.com>
**Date:** Thursday, December 12, 2024 at 9:02 AM
**To:** Danielle Junkins <djunkins@goodarksemi.com>
**Cc:** "danywu@goodark.com" <danywu@goodark.com>, 杨朔 <shuo.yang@goodark.com>, 陆飞敏 <lu_feimin@goodark.com>, GoodArkSemi John Marullo Marullo <jmarullo@goodarksemi.com>
**Subject:** 回复:总部需要资料

Danielle 您好,

感谢您的回复并同意我方提议的项目进度时间表。麻烦您在今天周五把律师起草好的文件发给我们(连同之前邮件中我们列出的文件需求清单)。也请您同步给到我们您方律师的联系方式,我们内部和律师会马上启动审阅并会尽快跟您律师取得联系,后续高效配合共同推进。

关于第三方估值,也感谢您联系估值机构。作为美国子公司重大事项,按照公司法下的治理和流程要求,美国公司董事会需对聘用估值机构予以批准。所以还请您提前告知该估值机构的详细信息,我方会安排我们在董事会中的三位代表董事对该估值机构的资质、估值方式和聘用条件予以考虑和审查,与您方董事会代表一起决议该估值机构的聘用和估值工作的要求。

再次感谢您的及时回复和配合。我们期待收到文件初稿。

李莎/Shirley Li
Suzhou Good-Ark Electronics Co., Ltd
Cel#: <span style="background:black">████████████</span>
----------回复的邮件信息----------
Danielle Junkins<djunkins@goodarksemi.com> 于2024年12月12日(周四) 上午8:02写道:

Hi Shirley,

Yes that's the plan! As agreed in HK, US attorneys target to finish MOU and drafting the stock transfer documentations within this week.

3rd party evaluation is scheduled to be carried out immediately so that end of the year deadline can be accomplished.

Will keep you posted if there is any issue or concern!

Danielle

Thanks & Regards,

Danielle Chen Junkins
Good-Ark Semiconductor

Tel: (+1) 631.319.1858
Fax: (+1) 631.319.1855
Mobile: (+1) 631.741.2942
WeChat ID: danielle98
Email: djunkins@goodarksemi.com
www.goodarksemi.com

---

**From:** 李莎 <lisha@goodark.com>
**Date:** Wednesday, December 11, 2024 at 9:50 AM
**To:** Danielle Junkins <djunkins@goodarksemi.com>
**Cc:** "danywu@goodark.com" <danywu@goodark.com>, 杨朔 <shuo.yang@goodark.com>, 陆飞敏 <lu_feimin@goodark.com>
**Subject:** 回复:总部需要资料

Hi  Danielle 您好,

谢谢您的回复并确认您方律师正在准备MOU及股权转让的各相关文件。在之前的香港会议中,双方一致同意在今年年底前完成所有转股的相关事宜。考虑到圣诞期间美国有假期,以目前的时间来看,确实已较为紧迫。我们感谢您方律师对文件的准备工作,并相信从香港会议至今,这些文件应已接近完成。

为了确保年底完成的时间表能够顺利实现,还烦请您于本周五(12月13日)之前提

供MOU草稿及相关法律文件。我们会在收到文件后立即展开审阅,并请我们的美国律师与您方律师沟通相关反馈意见,以快速推进文件定稿。同时,也请在发送文件草稿的同时提供之前邮件中提到的公司相关法律文件,以便我们同步进行审阅和协调。

如确实无法在周五前提供所有文件的草稿,还请您提前告知。这样的情况下,我们希望安排我们的美国律师与您方律师进行一个提前沟通,了解文件草稿的进展、MOU的起草思路,并对重点问题进行初步探讨。这种提前沟通对我们在收到您方草稿后迅速作出反馈会有很大帮助,也节省时间加快进度。届时还请您提供律师的联系方式,我们来安排双方律师直接沟通。

以上安排都是为了实现双方一致商定的年底完成目标,也充分体现了双方合作的诚意和共识。期待您方的积极配合,我们共同推进这一事项的顺利完成。

如有任何问题或需要进一步协调,随时联系我。

再次感谢!

李莎/Shirley Li
Suzhou Good-Ark Electronics Co., Ltd
Cel#:

----------回复的邮件信息----------
GoodArkSemi Danielle Junkins<djunkins@goodarksemi.com> 于2024年12月11日(周三) 凌晨5:28写道:

Hi President Lu,

Per HK meeting, US attorney is drafting MOV and related documentations regarding to the stock transfer.

Once MOV is signed and the path forward is clear, we can tackle other documents.

Regards,

Danielle

陆总您好!根据香港会议精神,美国律师正在其中股权转让意向书及相关文件。一旦MOV签署明确推进路线,我们可以处理其他文件。

Thanks & Regards,


Danielle Chen Junkins

Good-Ark Semiconductor

US Cell: (+1) 631.741.2942

Wechat ID: Danielle98

Tel: (+1) 631.319.1858

Fax: (+1) 631.319.1855

Email: djunkins@goodarksemi.com

www.goodarksemi.com

On Tue, Dec 10, 2024 at 4:19 AM 陆飞敏 <lu_feimin@goodark.com> wrote:

Hi  Danielle 您好

总部这边需要提供以下资料,您帮忙看看能否提供? 时间上比较急,如可以的话,能否帮忙今日中提供,非常感谢。

美办资料提供清单:
1、美办设立时是否有签署《固锝半导体美国股份有限公司董事会一致书面决议(代替组织会议)》(美国三名股东签署),如有,请提供签署扫描件
2、公司是否有签署《固锝半导体美国股份公司A系列优先股认购协议》,如有,请提供签署扫描件
3、公司在美办的董事是否有签署与美办股份发行及融资相关的董事会决议,如有,请提供签署扫描件
4、公司在美办的董事是否有签署董事及高管任命的董事会决议,如有,请提供签署扫描件
5、美办2022年度、2023年度完整的联邦税表

Best Regards,
陆飞敏/Feimin (Yuri) LU
Suzhou Good-Ark Electronics Co., Ltd
Cel#: ▮▮▮▮▮▮▮▮▮▮