UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SUZHOU GOOD-ARK ELECTRONICS CO., LTD.,
derivatively on behalf of
GOOD-ARK SEMICONDUCTOR USA CORP.,

                  Plaintiff,

v.

DANIELLE JUNKINS, JOHN MARULLO, BRETT
SINGER, and GSC USA INC.,

                  Defendants,

and

GOOD-ARK SEMICONDUCTOR USA CORP.,
Nominal Defendant.

Civil Action No. 2:25-cv-02931

Honorable Magistrate Judge
Steven Tiscione

**DECLARATION OF YONG CHEN
IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY
RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY
INJUNCTION AND APPOINTMENT OF TEMPORARY RECEIVER**

I, Yong Chen, declare as follow:

1.  I am an attorney licensed to practice before this Court and am counsel for Plaintiff Suzhou Good-Ark Electronics Co., Ltd. ("Plaintiff"), derivatively on behalf of Good-Ark Semiconductor USA Corp. (the "Company"), in the above-captioned matter.

2.  I submit this declaration pursuant to Rule 65(b)(1)(B) of the Federal Rules of Civil Procedure in support of Plaintiff's Application for a Temporary Restraining Order without notice to Defendant.

3.  Attached as **Exhibit A** is a copy of the verified complaint as filed ("Complaint").

4.  As supported by the facts stated in the Complaint as well as the Declaration of Wenhao Wu in support of the TRO ("Wu Declaration"), Defendants have demonstrated a clear pattern of misconduct, including, but not limited to, forming and operating a competing company, namely GSC USA Inc. ("GSC"); diverting corporate opportunities and assets to GSC; fraudulently registering and transferring a critical trademark behind the Board of directors of the Company; obstructing governance of the Company; and paying themselves unauthorized compensation. For a full recital of the claims and facts, I respectfully refer the Court to the Complaint, the Memorandum of Law in support of the TRO, and the Wu Declaration.

5.  As such, I believe that providing advance notice to Defendants of this action would likely result in further injury and would undermine the Court's ability to grant effective relief.

6.  Specifically, given the history or pattern of the Defendants' bad-faith conduct, I believe there is a substantial risk that if Defendants were given notice of the TRO application before the Court has an opportunity to act, Defendants may take steps to frustrate the

relief sought. These steps could include destroying or concealing relevant evidence, transferring or dissipating assets, or accelerating the wrongful conduct at issue.

7.   Indeed, Defendants' past conduct demonstrates a high likelihood of continued wrongdoing. They have already acted to misappropriate valuable intellectual property, mislead the U.S. Patent and Trademark Office, and deceive customers by trading on Plaintiff's goodwill. Their refusal to cooperate in basic corporate governance, including blocking board oversight and withholding critical company information, evidences an intent to operate in secrecy and without accountability.

8.   Accordingly, Plaintiff has not provided notice to Defendants of this application. Plaintiff intends to serve promptly all pleadings, including the Court's order, once the temporary restraining order is entered, and is prepared to proceed to a preliminary injunction hearing on the earliest date the Court deems appropriate.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: May 29, 2025

Respectfully submitted,

 /s/ Yong Chen

Yong Chen

Exhibit A to Yong Chen Declaration

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUZHOU GOOD-ARK ELECTRONICS CO., LTD., derivatively on behalf of GOOD-ARK SEMICONDUCTOR USA CORP., | Civil Action No. _____ |
| Plaintiff, | |
| -against- | |
| DANIELLE JUNKINS, JOHN MARULLO, BRETT SINGER, and GSC USA INC., | JURY TRIAL DEMAND |
| Defendants, | |
| -and- | |
| GOOD-ARK SEMICONDUCTOR USA CORP., Nominal Defendant. | |

**VERIFIED COMPLAINT**

Plaintiff Suzhou Good-Ark Electronics Co., Ltd. ("Suzhou" or "Plaintiff"), by its attorneys, complains against Defendants as follows:

<u>NATURE OF THE ACTION</u>

1.      This is a derivative and direct action arising out of fiduciary misconduct, trademark infringement, unfair business practices, and consumer deception.

2.      Plaintiff brings this action derivatively on behalf of Good-Ark Semiconductor USA Corp. ("Good-Ark USA" or the "Company") for breaches of fiduciary duties by certain directors and officers.

3.      Plaintiff also brings this action directly against Defendants for trademark infringement, deceptive practices, and false advertising under New York law and for judicial cancellation of the fraudulent federal trademark registration for the "Good-Ark Semiconductor" mark.

<u>JURISDICTION AND VENUE</u>

4.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and § 1338 (trademark claims), and supplemental jurisdiction under 28 U.S.C. § 1367 for related state law claims.

5.      This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a foreign state and citizens of a State.  Plaintiff is a corporation organized under the laws of the People's Republic of China, with its principal place of business in Suzhou, Jiangsu Province, China.  Defendants, Danielle Junkins, John Marullo, and Brett Singer, are citizens of the State of New York, Good-Ark USA is a New York corporation with its principal place of business in 90-8, 13th Avenue, Ronkonkoma, New York, and defendant GSC USA Inc. ("Defendant GSC") is a New York corporation with its principal place of business in 3 Wilafra Place, Northport, New York.

6.      This Court has personal jurisdiction over the defendants because they are residents of the State of New York and conduct business within this state.  Good-Ark USA was incorporated in New York and conducts its principal business operations within the state.  Defendant GSC was incorporated in New York and conducts its principal business operations within the state.  The individual defendants, Danielle Junkins, John Marullo, and Brett Singer, are directors and officers of Good-Ark USA.  They are also shareholders, directors, and/or officers of Defendant GSC, and their actions giving rise to this lawsuit occurred within New York.

7.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendants reside in this district, and a substantial part of the events or omissions giving rise to the claims of this action occurred in this district.  Good-Ark USA maintains its principal place of business in 90-8, 13th Avenue, Ronkonkoma, NY, New York, which is located within this district.  Defendant GSC maintains its principal place of business in 3 Wilafra Place, Northport New York, which is located within this district.  The alleged misconduct, including breaches of fiduciary duties and corporate governance failures, as well as the trademark infringement activities occurred within this district, making it the appropriate venue for this action.

8.      Venue is proper in this district under 28 U.S.C. § 1391(b) because Defendants reside or conduct business in this district and a substantial part of the events occurred here.

<u>PARTIES</u>

9.      Suzhou is a limited liability corporation organized under the laws of the People's Republic of China, having its principal place of business at No. 200 Huajin Road, Tongan Economic Development Zone, Suzhou, Jiangsu Province, China.

10.     Suzhou is a leading global manufacturer of discrete semiconductors.  Founded in 1990, Suzhou has developed a world-class supply chain, from frontend wafer development to backend packaging.  It produces a broad range of semiconductor products, including diodes, rectifiers, transistors, thyristors, MOSFETs, MEMS sensors, and protection devices, serving industries such as automotive, aerospace, IoT, and renewable energy.  Its reputation for superior quality, innovation, and customer-centric technical support underpins its long-standing presence and brand recognition in the semiconductor industry worldwide.

11.     Nominal Defendant Good-Ark USA is a New York corporation based in Suffolk County with its principal place of business at 90-8, 13th Avenue, Ronkonkoma, NY.  Suzhou has been its majority shareholder since its incorporation in 2013.

12.     On information and belief, Defendant Danielle Junkins ("Defendant Junkins") is an individual who resides in 3 Wilafra Place, Northport, NY.  Defendant Junkins is a minority shareholder and director of Good-Ark USA and has served as its President and Secretary since its incorporation.

13.     On information and belief, Defendant John Marullo ("Defendant Marullo") is an individual who resides in Suffolk County, NY.  Defendant Marullo is a minority shareholder and director of Good-Ark USA and has served as its Director of Sales and Marketing since its incorporation.

14.     On information and belief, Defendant Brett Singer ("Defendant Singer") is an individual who resides in Suffolk County, NY.  Defendant Singer is a minority shareholder of Good-Ark USA and, at all relevant times mentioned herein, has served as its Sales Manager since its incorporation.

15.     Defendant GSC is a New York corporation with its principal place of business at 3 Wilafra Place, Northport, NY.  It was formed by Defendants Junkins, Marullo, and Singer (the "Individual Defendants") in July 2023.

<u>FACTUAL BACKGROUND</u>

16.     Established in 1990, Suzhou is a leading Chinese semiconductor manufacturer specializing in discrete devices and integrated circuit packaging.  It has spent substantial time and efforts developing its Good-Ark brand in China and worldwide.  Since 1999, Suzhou has

registered multiple trademarks that contain the wording "Good-Ark" in China.  These marks include:



Chinese Trademark Reg. No. 1263842 for the mark ;



Chinese Trademark Reg. No. 4473847 for the mark ; and

Chinese Trademark Reg. No. 4473845 for the mark "GOOD-ARK".

17.    In addition, since its incorporation in 1990, Suzhou has been using "Good-Ark" as its tradename for conducting business.

18.    As early as 2001, Suzhou started shipping and selling its semiconductor products in the U.S. under its own brand name.  Because of its superior product quality and customer service, Suzhou gained great reputation and brand recognition among its U.S. customers.  To expand on this early success, Suzhou decided to invest more in the U.S. to further develop the market, strengthen its brand image, increase brand awareness and drive product sales.

19.    As such, on May 17, 2013, Suzhou and the Individual Defendants entered into an Investment Agreement (the "Investment Agreement").  According to the Investment Agreement, the parties agreed to set up Good-Ark USA to promote Suzhou's brand products in the U.S., strengthen Suzhou's brand image, and increase Suzhou's brand awareness within the U.S. and product sales.

20.     Since its incorporation, Good-Ark USA has been a distributor of Suzhou's semiconductor products in the U.S. and has been managed by Defendant Junkins and Defendant Marullo, both of whom serve as directors and officers, and Defendant Singer, a non-director officer.

21.     Pursuant to the Investment Agreement, Good-Ark USA's board of directors (the "Board") was to consist of five (5) members: three (3) appointed by Suzhou and two (2) appointed by the Individual Defendants.  As such, since Good-Ark USA's incorporation, the Board has comprised five members, including Suzhou's three designees (collectively, the "Suzhou Directors"), and Defendant Junkins and Defendant Marullo serving as the two designees of the Individual Defendants.  There have been no changes to the composition of the Board or the identity of the directors to date.

22.     Suzhou has been using its "Good-Ark" marks in global commerce since at least 1994 and has continuously used these marks in U.S. commerce since at least 2014 in connection with its semiconductor products and sold its semiconductor products under these marks to throughout the U.S.  The marks have acquired substantial goodwill and recognition, particularly in the semiconductor industry. Suzhou controls the nature and quality of its semiconductor products sold in the U.S. under its "Good-Ark" marks.

23.     Good-Ark USA has functioned primarily as a U.S.-based distributor of Suzhou's semiconductor products under the "Good-Ark" brand since its inception.  Suzhou's brand identity, packaging, marketing, and sales materials have all prominently featured the mark "Good-Ark."

24.     Suzhou has pending U.S. Trademark Applications Serial Nos. 99036821 and 99048949 for the "Good-Ark" marks in connection with semiconductor goods.  Suzhou also owns prior

registrations of "Good-Ark" marks in foreign jurisdiction and has common law rights for these marks in the U.S. through longstanding and continuous commercial use.

25.    In July 2023, the Individual Defendants formed Defendant GSC.  On information and belief, Defendant GSC imports and sells the same or similar semiconductor products as Good-Ark USA.  Thus, it is a competitor of Good-Ark USA.

26.    In August 2023, Defendant GSC filed a use-based U.S. trademark application (Application Serial No. 98135271) for the mark "Good-Ark Semiconductor", falsely claiming first use in commerce dating back to June 2013. The application was registered as U.S. Trademark Reg. No. 7548282 on October 29, 2024 ("GSC Registration").

27.    Defendant GSC was not formed until July 2023, and it never had any connection to Suzhou or authorization to use the "Good-Ark" marks.  The claimed first-use date was not only factually inaccurate but legally impossible.

28.    Suzhou never authorized Defendant GSC to use the "Good-Ark Semiconductor" or "Good-Ark" mark, nor did it transfer the mark to Defendant GSC or grant Defendant GSC permission—express or implied—to register it.

29.    By wrongfully registering the mark under Defendant GSC, a company with which Suzhou has no relationship whatsoever, the Defendants literally stole Suzhou's intellectual property rights, potentially preventing Suzhou from using the "Good-Ark" marks in the U.S.

30.    Facing the serious consequence of losing the "Good-Ark Semiconductor" mark to Defendant GSC in the U.S., Suzhou demanded Defendant GSC to transfer the mark back to Suzhou.  However, this effort was ultimately unavailing.

31.    On February 21, 2025, Suzhou filed a petition for cancellation before the Trademark Trial and Appeal Board (the "TTAB") of the U.S. Patent and Trademark Office to cancel

Defendant GSC's registration of the "Good-Ark Semiconductor" mark. This petition was assigned Cancellation No. 92087613 (the "Cancellation").

32.    On April 2, 2025, Defendant GSC filed an answer to the Cancellation, in which it asserted that (1) Defendant GSC was formed in 2023 with the authority of Good-Ark USA, (2) on July 20, 2023, Good-Ark USA assigned the "Good-Ark Semiconductor" mark to Defendant GSC, and (3) on October 30, 2024, the second day after the "Good-Ark Semiconductor" mark was registered, Defendant GSC assigned the mark back to Good-Ark USA.  However, the Individual Defendants concealed these purported transactions from the Board.  As such, none of these transactions was ever approved by the Board.

33.    As officers of Good-Ark USA, the Individual Defendants owed fiduciary duties to the Company and should not have established Defendant GSC as a competing entity.  They should never have registered the "Good-Ark Semiconductor" mark under Defendant GSC.  Such conduct plainly violates the fiduciary duties the Individual Defendants owed to Good-Ark USA.

34.    Defendants orchestrated the unauthorized assignment of the trademark from Good-Ark USA to Defendant GSC without Board knowledge or approval.  Subsequently, crafting a second sham assignment to transfer the mark back to Good-Ark USA, all without notice to or approval from Suzhou or the Suzhou Directors.

35.    These assignments were presented by Defendant GSC as part of its defense in trademark proceedings, in an effort to falsely establish a chain of title to the mark and to mislead the U.S. Patent and Trademark Office.

36.    On information and belief, since its establishment, Defendant GSC has begun advertising and selling semiconductor products in the U.S. under the infringing mark, directly competing with Suzhou and Good-Ark USA.

37.     Defendants' conduct has caused confusion among customers, diverted business and revenue, and obstructed Suzhou's own pending U.S. trademark applications, which are likely to be refused by the USPTO during examination due to the fraudulent GSC registration.

38.     These acts not only constitute willful trademark infringement and unfair competition, but also reflect a broader strategy by the Individual Defendants of corporate subversion to misappropriate intellectual property and divert Good-Ark USA's business opportunities for personal gain.

39.     Indeed, since Good-Ark USA's inception, the Board has never held a single meeting or passed any resolution by written consent.  The Individual Defendants have deliberately blocked all Board governance and oversight by refusing to participate in or convene meetings, and by rejecting Suzhou's proposed replacements for its own Board designees.

40.     Defendant Junkins, Good-Ark USA's President and Secretary, is the only person authorized under the bylaws of Good-Ark USA (the "Bylaws") to call Board meetings.  She has intentionally obstructed governance by refusing to exercise this authority.  Even after receiving formal written requests from all three Suzhou-appointed directors that fully complied with the Board meeting requirements set forth in the Bylaws, she refused to issue meeting notices.

41.     In communications with the Individual Defendants throughout 2024 and 2025, Suzhou Directors repeatedly sought to convene meetings to address urgent governance matters, including director resignations, replacements, amendments to bylaws, officer compensation, and corporate restructuring.  These requests were either ignored or met with bad faith responses—such as intentionally invoking outdated mail-based notice provisions despite the directors' consent to electronic communication.

42.     The Individual Defendants also systematically obstructed corporate recordkeeping oversight and violated the information rights of Suzhou and the Suzhou Directors.  Despite Suzhou's status as a publicly traded company with disclosure obligations, the Individual Defendants selectively withheld and refused to provide critical and material financial, operational, and contractual documents.  These included detailed officer compensation records, customer and supplier lists and contracts, product inventory and sales details.

43.     In one instance, the Individual Defendants improperly cited "privacy" concerns and mischaracterized the Suzhou Directors as "external parties" to justify denying access to internal corporate information.  Such conduct directly violates their duties of loyalty and candor.

44.     On April 3, 2025, Suzhou sent a formal demand letter directing the Individual Defendants to stop paying themselves compensation without Board approval and to restore governance procedures.  Defendants rejected this demand through counsel and accused Plaintiff of improper motives—demonstrating further bad faith.

45.     Compounding their misconduct, the Individual Defendants' secret formation of Defendant GSC and unauthorized assignment of the "Good-Ark Semiconductor" trademark to Defendant GSC was done without any Board knowledge, review, or approval and constituted a blatant misappropriation of corporate assets.

46.     The Individual Defendants failed to disclose their personal and financial interests in Defendant GSC or any transactions between Defendant GSC and Good-Ark USA.  By concealing these conflicts of interest and their dual roles in both companies, the Individual Defendants engaged in acts of self-dealing, prioritizing their own financial interests over their fiduciary obligations to Good-Ark USA.

47.     Even worse, Defendant GSC then used the mark to unfairly compete against Good-Ark USA.  This included the redirection of customers, products, and revenues to Defendant GSC—effectively diverting business opportunities and corporate assets away from Good-Ark USA for their personal benefit, in a blatant act of self-dealing and disloyalty.

48.     The Individual Defendants' participation in this scheme deprived Good-Ark USA of income, competitive advantage and key business relationships.  Their actions amount to usurpation of corporate opportunities and were motivated by personal gain, in breach of their duties of loyalty and good faith.

49.     Furthermore, the Individual Defendants caused Good-Ark USA to pay them excessive and unauthorized compensation for over a decade.  These payments were never reviewed or approved by the Board.  Despite Good-Ark USA achieving positive net income in multiple fiscal years, no dividends were ever declared or distributed to its shareholders, including Suzhou.

50.     The Individual Defendants' self-enrichment through excessive salaries and benefits constitutes classic self-dealing and was undertaken in direct violation of Good-Ark USA's Bylaws, which explicitly require Board approval for officer compensation.

51.     These actions reflect not just neglect, but an intentional and sustained effort to dismantle corporate governance, deprive the Good-Ark USA of oversight, and enrich the Individual Defendants at the expense of the Company and its majority shareholder.

52.     The Individual Defendants' conduct constitutes ongoing and material breaches of the fiduciary duties of care, loyalty, and good faith owed to Good-Ark USA under New York law.


<u>DERIVATIVE CLAIMS</u>

<u>COUNT I: BREACH OF FIDUCIARY DUTY (DERIVATIVE)</u>
<u>(As to the Individual Defendants)</u>

53.     Suzhou repeats and realleges all prior paragraphs.

54.     As directors and/or officers of Good-Ark USA, the Individual Defendants owed fiduciary duties of care, loyalty, and good faith to Good-Ark USA.

55.     They breached their fiduciary duties by:

    a.  forming and operating a competing company (Defendant GSC),
    b.  diverting corporate opportunities and assets,
    c.  registering and transferring the "Good-Ark Semiconductor" trademark without Board knowledge and approval,
    d.  blocking all Board meetings and obstructing governance and oversight,
    e.  withholding material corporate records and information, and
    f.  paying themselves unauthorized compensation.

56.     The Individual Defendants' wrongful actions caused significant harm to Good-Ark USA and to Suzhou.

57.     Good-Ark USA's Bylaws, consistent with New York corporate laws, stipulate that the Board may adopt resolutions either by holding a Board meeting or by unanimous written consent without a meeting.  The Bylaws require a two-thirds quorum of all directors to hold a Board meeting and a two-thirds vote of those present to approve any resolution.

58.     Since the Company's incorporation, no regular Board meeting has occurred due to the absence of any resolution establishing a time or place for such meetings.

59.     Under the Bylaws, only the President or Secretary may call and issue notice of special Board meetings.  While two directors may submit a written request that mandates the President or Secretary to call a special meeting, the directors themselves are not authorized to issue meeting notices directly.  Despite these provisions, Defendant Junkins, who has served as both President and Secretary since the inception of the Company, has consistently refused to perform her duty and obstructed the calling of special meetings, thereby preventing the Board from convening.

60.    Defendant Junkins' dual role as President and Secretary, coupled with her status as a named Defendant implicated in the underlying misconduct, creates a conflict of interest.  Her exclusive control over meeting procedures constitutes a structural barrier that prevents even a majority of independent directors from convening a Board meeting.  This deadlock is exacerbated by Defendant Junkins refusal to issue meeting notices and call meetings, even when formally requested by a majority of the Board.

61.    Specifically, on March 19, 2025, all three Suzhou directors on the Board requested a special Board meeting to address urgent corporate matters.  Despite their consent to receive notice via electronic transmission, Defendant Junkins responded with an intention to use mail, the slowest permissible method, and no meeting notice has been received to date.

62.    On July 8, 2024, one of the Suzhou Directors, Mr. Nianbo Wu, requested that a Board meeting be called to resolve various urgent corporate matters, including his resignation and the election of his replacement.  Defendant Junkins failed to commit to a meeting date and later unilaterally rejected Suzhou's proposed director nominees, effectively blocking Board action and dismissing other proposed meeting agenda items.

63.    In December 2024, Suzhou raised the issue of requiring Board approval for the engagement of an independent valuation firm to assess the valuation of Good-Ark USA.  Suzhou specifically requested that the Board review the firm's credentials, proposed valuation methodology, and engagement terms before proceeding with any engagement.  However, Defendant Junkins dismissed this request, disregarded Suzhou's alternative firm proposal, and engaged a firm of her choosing without obtaining Board approval, thereby bypassing proper Board oversight.

64.    Due to Defendant Junkins' refusal to issue meeting notices and her obstruction of governance procedures, the Board has remained inoperative since the Company's inception.  It has never held a meeting, adopted resolutions, or taken formal action.  This procedural paralysis, maintained by an interested and adverse party, renders any demand on the Board futile and impossible under the governing framework.

65.    Courts applying New York laws have recognized that demand on the Board is excused where procedural barriers make it impossible for the Board to act.  The structural deadlock and procedural obstruction present in this case align with such precedents, thereby excusing demand under NYBCL § 626(c).

66.    These allegations demonstrate that the Board's inability to act is due to structural and procedural barriers intentionally maintained by Defendant Junkins, making any demand on the Board futile and excusing such demand under applicable New York law.

67.    Nevertheless, on April 3, 2025, Suzhou sent a formal letter to the Individual Defendants, demanding them to immediately restore the function and authority of the Board, cease and desist from taking any material corporation actions on behalf of the Company, provide access to all books and records of the Company, and cease all unauthorized use of the "Good-Ark Semiconductor" mark.  To date, the Individual Defendants did not meet any of the demand.

## COUNT II: APPOINTMENT OF A RECEIVER
### (As to Nominal Defendant Good-Ark USA)

68.    Suzhou repeats and realleges all prior paragraphs.

69.    Suzhou requests the appointment of a receiver to oversee the operations of Good-Ark USA due to the ongoing misconduct and breaches of fiduciary duties by the Individual Defendants.

70.    The Individual Defendants have engaged in a sustained pattern of misconduct, including obstructing Board governance, withholding material information and records, and engaging in self-dealing transactions.  These actions have caused significant harm to Good-Ark USA and its majority shareholder, Suzhou.

71.    The appointment of a receiver is necessary to protect the interests of Suzhou, ensure proper corporate governance, and prevent further harm to the Company.  A receiver will provide independent oversight and management, ensuring that the Company operates in compliance with the Bylaws and applicable laws.

72.    The receiver should be granted authority to oversee the day-to-day operations of Good-Ark USA, oversee material transactions, monitor financial condition, safeguard assets, restore Board functions, and ensure compliance with corporate governance requirements.  The receiver should also have the authority to investigate past transactions.

DIRECT CLAIMS

COUNT III: FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))
(As to the Individual Defendants and Defendant GSC)

73.    Suzhou repeats and realleges all preceding paragraphs as if fully set forth herein.

74.    Suzhou is the senior user and common law owner of the "Good-Ark" and "Good-Ark Semiconductor" marks in the U.S.  Suzhou has continuously used these marks in U.S. commerce since at least 2014 in connection with its semiconductor products and sold its semiconductor products under these marks to all states in the U.S.  The marks have acquired substantial goodwill and distinctiveness among consumers.

75.    Defendant GSC's unauthorized use of the identical and confusingly similar mark "Good-Ark Semiconductor" in connection with competing semiconductor products constitutes use in commerce of a false designation of origin and misleading description of fact that is likely to

cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant GSC with Suzhou, or as to the origin, sponsorship, or approval of Defendant GSC's goods by Suzhou.

76.    Defendant GSC, with the knowledge, assistance, and active participation of the Individual Defendants, registered and used the "Good-Ark Semiconductor" mark without authorization, falsely suggesting an association with Suzhou and capitalizing on the goodwill developed by Suzhou over more than two decades.

77.    Defendants' conduct constitutes unfair competition and trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

78.    As a direct and proximate result of Defendants' conduct, Suzhou has suffered, and continues to suffer, irreparable harm including loss of control over its brand, dilution of goodwill, diversion of customers, and damage to its reputation in the marketplace.

79.    Suzhou has no adequate remedy at law and is entitled to injunctive relief to prevent further unauthorized use of its marks by Defendants, as well as damages, disgorgement of profits, and attorneys' fees as permitted by law.

80.    Defendants' unfair competition is an exceptional case and was willful and intentional, entitling Suzhou to treble its actual damages and to an award of attorneys' fees under 15 U.S.C. § 1117(a).

### COUNT IV: DECEPTIVE PRACTICES (N.Y. Gen. Bus. Law § 349)
#### (As to the Individual Defendants and Defendant GSC)

81.    Suzhou repeats and realleges all preceding paragraphs as if fully set forth herein.

82.    Defendants have engaged in consumer-oriented deceptive acts and practices in the conduct of business in New York by intentionally misappropriating and using the "Good-Ark

Semiconductor" mark to falsely suggest an affiliation with Suzhou and to market semiconductor products to the public.

83.     Defendants' unauthorized use of Suzhou's brand and mark, including filing and asserting a fraudulent trademark registration and using the mark in advertising, packaging, and commercial communications, was likely to and did mislead consumers as to the origin, sponsorship, or approval of Defendants' goods.

84.     These deceptive acts were not isolated to a private dispute but were directed at the public at large, including existing and prospective customers in the semiconductor marketplace who reasonably relied on the integrity of the "Good-Ark" brand.

85.     As a direct result of Defendants' deceptive conduct, consumers have been confused or misled, and Suzhou has suffered injury, including loss of control over its brand, dilution of goodwill, damage to reputation, and lost sales.

86.     Defendants' conduct constitutes unlawful deceptive business practices in violation of New York General Business Law § 349.

87.     Suzhou is entitled to injunctive relief, compensatory damages, attorneys' fees, and other appropriate relief as permitted under N.Y. Gen. Bus. Law § 349(h).

### COUNT V: FALSE ADVERTISING (N.Y. Gen. Bus. Law § 350)
### (As to the Individual Defendants and Defendant GSC)

88.     Suzhou repeats and realleges all preceding paragraphs as if fully set forth herein.

89.     Defendants engaged in false advertising by misusing Suzhou's established "Good-Ark Semiconductor" mark in promotional materials, advertising, and commercial communications to falsely associate themselves with Suzhou's brand and products.

90.     Defendants' representations and use of the "Good-Ark" name were materially misleading, as Defendants had no affiliation with, authorization from, or legal right to use the mark, and knew that consumers would interpret the branding as originating from or being endorsed by Suzhou.

91.     Defendants' advertisements and representations were consumer-facing, public in nature, and directed at buyers of semiconductor products in the United States and New York.

92.     As a direct result of Defendants' false advertising, Suzhou suffered harm, including loss of goodwill, confusion among consumers, damage to brand reputation, and loss of revenue and commercial opportunities.

93.     Defendants' conduct constitutes false advertising in violation of New York General Business Law § 350.

94.     Suzhou is entitled to injunctive relief, actual damages, attorneys' fees, and other relief as provided by N.Y. Gen. Bus. Law § 350.

<u>COUNT VI: COMMON LAW TRADEMARK INFRINGEMENT (New York Common Law)</u>
<u>(As to the Individual Defendants and Defendant GSC)</u>

95.     Suzhou repeats and realleges all preceding paragraphs as if fully set forth herein.

96.     Suzhou owns and has continuously used the "Good-Ark" and "Good-Ark Semiconductor" marks in commerce in the State of New York since at least 2014 in connection with its semiconductor goods.

97.     Through this use, Suzhou has established common law trademark rights in New York.

98.     Defendants' unauthorized use of the "Good-Ark Semiconductor" mark, including in connection with advertising, packaging, product listings, and trademark filings, is likely to cause

confusion among consumers as to the origin or affiliation of Defendants' goods with those of Suzhou.

99.    Defendants' conduct constitutes trademark infringement under the common law of the State of New York.

100.    As a direct and proximate result of Defendants' actions, Suzhou has suffered irreparable harm to its brand and reputation and is entitled to injunctive relief and monetary damages in an amount to be proven at trial.

COUNT VII: JUDICIAL CANCELLATION OF U.S. TRADEMARK REG. NO. 7548282

101.    Suzhou repeats and realleges all preceding paragraphs as if fully set forth herein.

102.    Suzhou is the senior user and rightful owner of the "Good-Ark" and "Good-Ark Semiconductor" marks in the United States and worldwide.  Suzhou has used the "Good-Ark" marks in connection with its semiconductor products in U.S. commerce since at least 2014 and globally since at least 1994.  The marks have acquired substantial goodwill and recognition in the electronics and semiconductor industries.

103.    On or about August 16, 2023, Defendant GSC filed a use-based trademark application (Serial No. 98135271) that resulted in U.S. Trademark Registration No. 7548282 for the mark "Good-Ark Semiconductor," covering "semiconductors" in International Class 9.

104.    Defendant GSC's application falsely claimed a date of first use in commerce of June 24, 2013 — a date that predates Defendant GSC's own formation in July 2023.  The application also falsely represented that Defendant GSC was either the rightful owner of the mark or was a related company, licensee, or predecessor in interest to the true owner.

105.    In fact, Defendant GSC had no affiliation with Suzhou or Good-Ark USA at the time of the application.  It was not a licensee, successor, or authorized user of the "Good-Ark

Semiconductor" mark. Defendant GSC could not be entitled to have any ownership in the mark or have used the mark in commerce on or before the claimed date.

106.    The individuals behind Defendant GSC — the Individual Defendants — had direct, firsthand knowledge of Suzhou's longstanding prior use and ownership of the "Good-Ark Semiconductor" mark. They had served as officers, directors and shareholders of Good-Ark USA, the company formed with and majority-owned by Suzhou and were fully aware that Suzhou had used the mark extensively in U.S. commerce.

107.    Despite this knowledge, Defendant GSC filed the application containing material falsehoods, including (1) a false claim of first use, (2) a false claim of ownership, and (3) a false denial of awareness of others with prior rights to the mark. These knowingly false statements constitute fraud on the U.S. Patent and Trademark Office.

108.    As a result, U.S. Trademark Registration No. 7548282 is void ab initio and invalid under the Lanham Act.

109.    The continued existence of the registration of the mark by Defendant GSC or any alleged assignee harms Suzhou by (1) creating the false impression that Defendant GSC is the source of "Good-Ark" products, (2) interfering with Suzhou's use and expansion of its longstanding brand, (3) blocking Suzhou's pending U.S. Trademark Applications (Serial Nos. 99036821 and 99048949), which have been or will be refused registration due to the existence of Defendant GSC's prior-filed and fraudulently obtained registration.

110.    Accordingly, Suzhou is entitled to a declaratory judgment under 28 U.S.C. § 2201 and an order canceling U.S. Registration No. 7548282 pursuant to 15 U.S.C. § 1119.


<u>JURY DEMAND</u>

Plaintiff demands trial by jury on all issues so triable herein.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1) On the first cause of action (breach of fiduciary duties), judgment against all Individual
   Defendants, jointly and severally, for the following relief:

   a) Damages (including but not limited to compensatory, consequential, incidental, and
      punitive) in an amount to be determined at trial;

   b) Attorneys' fees and costs; and

   c) Such other and further relief as this Court may deem equitable and just.

2) On the second cause of action (appointing a receiver), judgment against Nominal Defendant
   Good-Ark USA for the following relief:

   a) Appointing an independent receiver to assume full control over the Company, its assets,
      operation, and management;

   b) For attorneys' fees and costs; and

   c) Such other and further relief as this Court may deem equitable and just.

3) On the third, fourth, fifth, and sixth causes of action, judgment against the Individual
   Defendants and Defendant GSC, jointly and severally, for the following relief:

   a) Preliminary and permanent injunctive relief enjoining the Individual Defendants and
      Defendant GSC, and all persons acting in concert or participation with them, from:

      i) Using the "Good-Ark," "Good-Ark Semiconductor," or any colorable imitation,
         confusingly similar variation, or derivative thereof, in connection with the
         manufacture, distribution, sale, offering for sale, marketing, promotion, advertising,
         display, importation, or exportation of any goods or services, including but not
         limited to semiconductor products or any related goods;

ii) Using the "Good-Ark" or "Good-Ark Semiconductor" marks, or any confusingly similar marks, in any business name, corporate name, trade name, product name, domain name, website, social media account, online marketplace listing, or other digital platform;

iii) Advertising, promoting, or offering for sale any goods or services using the "Good-Ark" marks, including through websites, E-commerce stores, online marketplaces (e.g., Amazon, Alibaba, eBay), social media platforms (e.g., LinkedIn, Facebook, Instagram), online advertisements (e.g., Google Ads), search engine optimization techniques;

iv) Representing, expressly or by implication, that Defendants or their products are affiliated with, sponsored by, endorsed by, or otherwise connected to Suzhou or Suzhou's "Good-Ark" brand; and

v) Assisting, aiding, or abetting any other person or entity in engaging in any of the foregoing acts.

b) All available damages (including compensatory, consequential, statutory, and/or punitive) in an amount to be determined at trial;

c) Declaration that this is an exceptional case and award of treble damage enhanced under 15 U.S.C. § 1117(a);

d) Attorneys' fees and costs; and

e) Such other and further relief as this Court may deem equitable and just.

4) On the seventh cause of action (judicial cancellation of trademark), Suzhou respectfully requests that this Court:

a) Declare that Suzhou is the senior user and rightful owner of the "Good-Ark" and "Good-Ark Semiconductor" marks in the United States;

b) Declare that Defendant GSC fraudulently obtained U.S. Trademark Registration No. 7548282 for the mark "Good-Ark Semiconductor" through materially false representations to the United States Patent and Trademark Office;

c) Declare that U.S. Trademark Registration No. 7548282 is invalid and void ab initio;

d) Pursuant to 15 U.S.C. § 1119, order the Director of the United States Patent and Trademark Office to cancel U.S. Trademark Registration No. 7548282;

e) Direct that the records of the United States Patent and Trademark Office reflect that the "Good-Ark Semiconductor" registration was cancelled as improperly obtained and invalid; and

f) Award such other and further relief as the Court deems just and proper.

Dated: May 26, 2025

Respectfully submitted,

 /s/ Yong Chen

Yong Chen
LIU, CHEN & HOFFMAN LLP
14 Penn Plaza, Ste 2020
New York, NY 10122
(212) 547-6694 (Tel)
(212) 547-6692 (Fax)
ychen@ambizlaw.com
Attorney for Plaintiff

SUZHOU GOOD-ARK ELECTRONICS CO., LTD.,
derivatively on behalf of
GOOD-ARK SEMICONDUCTOR USA CORP.,

Plaintiff,

-against-

DANIELLE JUNKINS, JOHN MARULLO, BRETT
SINGER, and GSC USA INC.,

Defendants,

-and-

GOOD-ARK SEMICONDUCTOR USA CORP.,
                                Nominal Defendant.

VERIFICATION

I, Wenhao Wu, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that:

1.  I am the the President and chairman of the board of directors of Plaintiff Suzhou Good-Ark Electronics Co., Ltd.
2.  I have read the foregoing Complaint and know the contents thereof.
3.  The allegations contained in the Complaint are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ___5/23/2025___, at Suzhou China.

Wenhao Wu
Wenhao Wu