UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUZHOU GOOD-ARK ELECTRONICS CO., LTD., derivatively on behalf of GOOD-ARK SEMICONDUCTOR USA CORP., <br><br> Plaintiff, <br><br> v. <br><br> DANIELLE JUNKINS, JOHN MARULLO, BRETT SINGER, and GSC USA INC., <br><br> Defendants, <br><br> and <br><br> GOOD-ARK SEMICONDUCTOR USA CORP., Nominal Defendant. | Civil Action No. 2:25-cv-02931 <br><br> **TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE** |

Upon the application of Plaintiff Suzhou Good-Ark Electronics Co., Ltd. ("Plaintiff"), and the supporting memorandum of law and evidence, the Court finds that Plaintiff has demonstrated a likelihood of success on the merits, a risk of irreparable harm in the absence of preliminary relief, and that the balance of hardships and public interest favor the issuance of this Temporary Restraining Order ("Order").

IT IS HEREBY ORDERED THAT, Defendants Danielle Junkins, John Marullo, Brett Singer, and GSC USA Inc. ("Defendants") are restrained and enjoined from using, registering, or otherwise exploiting the "Good-Ark" and "Good-Ark Semiconductor" trademarks in any manner, including but not limited to advertising, selling, or distributing products under these marks, without the express written consent of Plaintiff.

Defendants are restrained and enjoined from competing with Good-Ark Semiconductor USA Corp. ("Good-Ark USA"), including diverting any business opportunities or assets, advertising, selling, or distributing competing products.

Defendants are enjoined from transferring, encumbering, or otherwise disposing of any corporate assets or intellectual property belonging to Good-Ark USA or Suzhou, including the "Good-Ark Semiconductor" trademark, without prior court approval.

Defendants are restrained from obstructing the governance processes of Good-Ark USA, including but not limited to refusing to convene board meetings, denying access to corporate information, and engaging in unauthorized transactions that divert assets or opportunities from Good-Ark USA.

Defendants are ordered to preserve all documents, communications, and records related to the incorporation of GSC USA Inc., the registration and use of the "Good-Ark Semiconductor" trademark, and any transactions involving Good-Ark USA.

IT IS FURTHER ORDERED THAT this Order shall remain in effect for fourteen (14) days. The parties are directed to meet and confer and to submit a joint letter to the Court on or before ___, (1) indicating whether Defendants consent to an extension of this Order beyond the initial fourteen-day period, and (2) setting forth a proposed briefing schedule with respect to Defendants' opposition to and Plaintiffs' reply in further support of Plaintiffs request for a preliminary injunction and appointment of a temporary receiver.

**SO ORDERED**.

Dated:

_____
Hon. Magistrate Judge Steven Tiscione
United States District Court for the
Eastern District of New York