UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUZHOU GOOD-ARK ELECTRONICS CO., LTD., derivatively on behalf of GOOD-ARK SEMICONDUCTOR USA CORP., <br><br> Plaintiff, <br><br> v. <br><br> DANIELLE JUNKINS, JOHN MARULLO, BRETT SINGER, and GSC USA INC., <br><br> Defendants, <br><br> and <br><br> GOOD-ARK SEMICONDUCTOR USA CORP., Nominal Defendant. | Civil Action No. 2:25-cv-02931 <br><br> **ORDER TO APPOINT TEMPORARY RECEIVER** |

Upon the application of Plaintiff Suzhou Good-Ark Electronics Co., Ltd. ("Plaintiff"), and the supporting memorandum of law, the Court hereby issues the following Order to Appoint Temporary Receiver:

**1. Appointment and Authority of the Receiver**

The Court appoints Qing (Nina) Wang as Limited Receiver ("Receiver") over certain aspects of Good-Ark Semiconductor USA Corp ("Good-Ark USA" or the "Company") to safeguard the Company's interests pending resolution of this action.

(a) Monitoring and Oversight of Critical Functions

i. Monitor and oversee the Company's critical operations to prevent further diversion of assets, misappropriation, waste, or self-dealing;

ii. Access the Company's books, records, bank accounts, contracts, and personnel to the extent necessary to fulfill these oversight responsibilities;

iii. Report regularly to the Court and the parties concerning any material events or irregularities affecting the Company's financial condition or governance; and

iv. Prevent any unauthorized transfer of Company assets.

(b) Facilitating Corporate Governance

i. Convene, schedule, and facilitate meetings of the Company's Board of Directors in accordance with the Company's governing documents and applicable law;

ii. Ensure that all directors are given proper notice and an opportunity to participate in Board meetings;

iii. Prevent obstruction or interference by any party with respect to the lawful convening of Board meetings; and

iv. Act solely as an impartial facilitator without participating in the deliberations or voting of the Board.

**2. Limitations of the Receiver's Authority**

The Receiver's role is expressly limited to the duties set forth in this Order, and shall not take actions outside the scope of this Order without prior approval of the Court.

a. The Receiver shall not assume general operational management or day-to-day control of the Company's business affairs except as necessary to fulfill the specific duties set forth herein.

b. The Receiver shall not, without prior approval of this Court, initiate or authorize the initiation of any legal action, claim, lawsuit, arbitration, or other legal proceeding on behalf of the Company against any party, whether internal or external to the Company. If the Receiver

believes that legal action is necessary to protect the Company's assets or prevent irreparable harm, the Receiver shall seek leave of Court prior to initiating such action.

      c. The Receiver shall have no role in, and shall not participate in, influence, or interfere with the prosecution, defense, settlement, or any other aspect of this litigation between the parties, except as may be required to perform the specific duties expressly assigned to the Receiver by this Court in this Order. The Receiver shall not provide advice, opinions, or information to any party regarding the merits or strategy of this lawsuit.

      d. The Receiver shall not, without prior approval of this Court, enter into, amend, or terminate any contract, lease, license, or other agreement on behalf of the Company. If the Receiver believes that entering into or modifying an agreement is necessary to protect the Company's assets or ensure continuity of essential business functions, the Receiver shall seek leave of Court prior to taking such action.

      e. The Receiver may seek additional guidance from the Court as needed.

      **3.**    **Receivership Account and Funding**

The Receiver is authorized to establish and maintain a bank account for the Company in the State of New York to fund the Receivership, including the compensation and expenses of the Receiver, which are subject to the approval of the Court. The Company shall be responsible for funding the Receivership Account and is directed to cooperate with the Receiver in establishing and funding the Receivership Account. The Receivership Account should maintain a minimum balance of $_____ and is to be replenished fully back to this level after any Court-approved disbursements.

      **4.**    **Compensation and Expenses**

Receiver shall be paid on an hourly basis at a reasonable and customary rate for such work to be approved by the Court and paid promptly out of the Receivership Account. All expenses approved by the Court shall be paid promptly by the Company. Payment of the Receiver's compensation and expenses shall have priority over all other obligations, payments, or distributions of the Company. The Receiver may seek further relief from the Court with respect to any non-payment of expenses. The Receiver is not personally responsible for any of the out of pocket expenses incurred in fulfilling her duties under this Order.

5. **Cooperation**

All officers, directors, employees, consultants, advisors, agents, and representatives of the Company, as well as all parties to this action, shall fully cooperate with the Receiver to enable the Receiver to carry out the responsibilities set forth herein.

6. **Status Reports**

The Receiver shall provide interim reports to the Court every three months from the date of this Order, or as otherwise directed by the Court or as the Receiver deems appropriate under the circumstances. Such reports shall include a statement of: (i) the Receiver's activities and findings during the preceding three months; (ii) recommended actions to be taken in order to satisfy this Order and other further Orders of the Court; (iii) the fees and expenses for which the Receiver seeks payment that were incurred during the preceding three months; and (iv) such other information as the Receiver deems appropriate or as the Court may direct.

7. **Exculpation, Indemnification, and Advancement of Legal Expenses**

The Receiver, and anyone acting on his or her behalf, shall have no liability to the Company, its stockholders, or any other person or entity, for any actions taken in good faith pursuant to this Order. The Receiver shall be entitled to all protection, limitation from liability,

and immunity available at law or in equity, to a court-appointed Receiver, including without limitation, all protection, limitation from liability, and immunity, to the fullest extent permitted by applicable law. Expenses, including reasonable attorney's fees, incurred by the Receiver in defending any civil, criminal, administrative, or investigative act, suit, or proceeding, arising by reason of, or in connection with the Receiver's designation as Receiver for the Company, or in the performance of her duties hereunder, shall be paid by the Company in advance of the final disposition of such action, suit, or proceeding, subject to the repayment of such amount if it shall ultimately be determined by this Court that the Receiver is not permitted to be indemnified by the Company under applicable New York law.

## 8. Discharge of Receivership

The Receiver shall, upon notice of motion on shortened time to this Court, be discharged by order of this Court. The Receiver, upon notice of motion on shortened time to this Court, may request the Court discharge Receiver if the Receiver at any time no longer believes she can fulfill her duties under this Order.

9. Review of Receiver's Actions

All actions of the Receiver shall be presumed to have been made on an informed basis, in good faith, and in the honest belief that such actions were taken appropriately to ensure the Company's compliance with this Court's orders. All interim actions of the Receiver shall be subject to review and reversal by this Court only upon a showing that the Receiver abused her discretion.

## 10. Retention of Jurisdiction

The Court retains jurisdiction over this matter and the Receiver to supervise and modify this Order as necessary to serve the interests of justice.

**SO ORDERED**.

Dated:

                                                                                      _____
                                                                                    Hon. Magistrate Judge Steven Tiscione
                                                                                    United States District Court for the
                                                                                    Eastern District of New York