**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

SUZHOU GOOD-ARK
ELECTRONICS CO., LTD.,

derivatively on behalf of

GOOD-ARK SEMICONDUCTOR
USA CORP.,

Plaintiff

v.

DANIELLE JUNKINS, JOHN
MARULLO, BRETT SINGER, and
GSC USA INC.,

Defendants.

-and-

GOOD-ARK SEMICONDUCTOR
USA CORP.,
 Nominal Defendant.

---

2:25-cv-02931 (SJB)

**ANSWER**

Defendants Danielle Junkins, John Marullo, Brett Singer, and GSC USA Inc., by their

undersigned counsel, hereby answer the Verified Complaint filed by Suzhou Good-Ark Electronics Co.,

Ltd. as follows:

1.      Defendants admit that Plaintiff purports to assert derivative and direct claims, but deny any

liability or wrongdoing alleged in paragraph 1.

2.      Plaintiff brings this action derivatively on behalf of Good-Ark Semiconductor USA Corp.

("Good-Ark USA" or the "Company") for breaches of fiduciary duties by certain directors and officers.

Defendants admit that Plaintiff alleges breaches of fiduciary duty, but deny that any breach occurred.

3.      Defendants admit that Plaintiff has alleged trademark infringement, deceptive practices, and false advertising under New York law and has sought judicial cancellation of what Plaintiff characterizes as a fraudulent federal trademark registration for the "Good-Ark Semiconductor" mark, but Defendants deny all such allegations and deny that the registration is fraudulent.

4.      Admitted for purposes of this action only.

5.      Admitted.

6.      Admitted for purposes of this action.

7.      Admitted.

8.      Admitted.

9.      Admitted.

10.     Defendants admit that Suzhou manufactures semiconductors. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore deny.

11.     Admitted.

12.     Admitted that Danielle Junkins is a minority shareholder, director, President and Secretary of

Good-Ark USA.

13.     Admitted.

14.     Admitted.

15.     Admitted.

## FACTUAL BACKGROUND

16.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations in this paragraph and therefore deny.

2

17.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

18.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

19.    Admitted that on May 17, 2013, the parties executed an Investment Agreement establishing Good-Ark USA. Defendants deny any characterization inconsistent with the agreement.

20.    Admitted.

21.    Admitted.

22.    Defendants lack knowledge sufficient to admit or deny the status of Suzhou's trademark applications and common-law rights and therefore deny.

23.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

24.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

25.    Defendants admit the allegations in the first sentence of this paragraph. Defendants deny the remaining allegations of this paragraph.

26.    Defendants admit that, on August 16, 2023, GSC USA Inc. filed U.S. Trademark Application Serial No. 98135271 for the mark "Good-Ark Semiconductor" and that U.S. Registration No.  7548282 issued on October 29, 2024, but deny that the application contained any false statement, misrepresentation, or fraud.

27.    Defendants admit that GSC USA Inc. was formed in July 2023, but deny the remaining allegations.

28.    Denied.

3

29.     Denied.

30.     Defendants admit that Suzhou requested transfer of the registration, further state that the transfer was authorized, and deny any improper purpose or lack of approval.

31.     Admitted.

32.     Admitted that GSC's answer in the TTAB proceeding asserted (a) its formation with Good-Ark USA's authority, (b) the July 20, 2023, assignment from Good-Ark USA to GSC, and (c) the October 30, 2024, assignment back to Good-Ark USA. Defendants deny any transaction was concealed or undertaken without Board approval.

33-52. Denied.

DERIVATIVE CLAIMS

COUNT I: BREACH OF FIDUCIARY DUTY (DERIVATIVE)

(As to the Individual Defendants)

53.     Defendants repeat and reallege their answers to paragraphs 1-52.

54.     Admitted.

55.     Denied.

56.     Denied.

57.     Admitted.

58.     Denied.

59.     Defendants admit that the Bylaws assign the President or Secretary the responsibility for issuing notices of special Board meetings upon written request of two directors and that Board action may be taken by unanimous written consent. Defendants deny that Defendant Junkins "consistently refused" to call meetings or obstructed governance and otherwise deny the remaining allegations of paragraph 59.

60-64.  Denied.

65.     Paragraph 65 states legal conclusions to which no response is required; to the extent a response is deemed necessary, Defendants deny the allegations.

66.     Denied.

67.     Defendants admit that counsel for Suzhou sent a letter dated April 3, 2025, requesting various actions; Defendants deny that they failed to address valid requests and otherwise deny the allegations of paragraph 67.

COUNT II: APPOINTMENT OF A RECEIVER

(As to Nominal Defendant Good-Ark USA)

68.     Defendants repeat and reallege their responses to paragraphs 1 through 67 as if fully set forth herein.

69.      This paragraph requests equitable relief and/or states legal conclusions to which no response is required; to the extent a response is deemed necessary, Defendants deny each and every allegation.

70.     Denied.

71.     Denied.

72.     Denied.

DIRECT CLAIMS

COUNT III: FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

(As to the Individual Defendants and Defendant GSC)

73.     Defendants repeat and reallege their answers to paragraphs 1-72.

74-80.  Denied.

COUNT IV: DECEPTIVE PRACTICES (N.Y. Gen. Bus. Law § 349)

(As to the Individual Defendants and Defendant GSC)

81-87.  Denied.

### COUNT V: FALSE ADVERTISING (N.Y. Gen. Bus. Law § 350)

(As to the Individual Defendants and Defendant GSC)

88.     Defendants repeat and reallege their answers to paragraphs 1-87.

89-94.  Denied.

### COUNT VI: COMMON LAW TRADEMARK INFRINGEMENT (New York Common Law)

(As to the Individual Defendants and Defendant GSC)

95.     Defendants repeat and reallege their responses to paragraphs 1 through 94 as if fully set forth herein.

96-100.  Denied.

### COUNT VII: JUDICIAL CANCELLATION OF U.S. TRADEMARK REG. NO. 7548282

101.    Defendants repeat and reallege their responses to paragraphs 1 through 100 as if fully set forth herein.

102-110.  Denied.

## JURY DEMAND

Defendants demand trial by jury on all issues so triable herein.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense – Lack of Standing / Demand Futility**

Suzhou sues derivatively but pleads no particularized facts showing demand futility as required by NYBCL § 626(c); its own pleading concedes that three Suzhou-designated directors sit on the five-member Board, defeating any claim of a deadlocked or powerless board, and the derivative claims are further barred by New York's business-judgment rule.

6

**Second Affirmative Defense – Consent / Implied License**

From 2013 forward Suzhou expressly authorized Good-Ark USA to promote and brand U.S. sales materials under the "Good-Ark Semiconductor" mark; the July 2023 assignment to GSC was done "with approval from Suzhou Good-Ark Electronics Co. Ltd.," creating at minimum an implied license that bars trademark and false-advertising claims.

**Third Affirmative Defense – Laches and Equitable Estoppel**

Suzhou knew, or should have known, of Good-Ark USA's continuous U.S. use of the "Good-Ark Semiconductor" brand since 2014 yet waited more than a decade to sue, during which Defendants invested millions in U.S. promotion; any trademark-related relief is barred by laches and estoppel.

**Fourth Affirmative Defense – Statute of Limitations**

To the extent Suzhou seeks damages for alleged breaches occurring before May 27, 2019 (six years prior to filing), such claims are time-barred under New York's three- and six-year limitations periods for fiduciary-duty and trademark-related torts.

**Fifth Affirmative Defense – Reservation**

Defendants reserve the right to assert additional defenses that may become apparent during discovery.

By

/s/Benjamin Solter

Benjamin Solter (California Bar No. 269388, admitted pro hac vice)

7755 Center Ave., Suite 1100

Huntington Beach, CA 92647

Telephone:  (781) 752-6369

Email: bsolter@cbcounselor.com

*Attorney for Defendants Danielle Junkins, John Marullo, Brett Singer, and GSC USA Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2025, I caused the foregoing Answer with Affirmative Defenses to be filed with the Clerk of the Court using the CM/ECF system, which automatically serves notice of the filing on all counsel of record who are registered ECF users.  There are no parties or counsel in this action who are not ECF users.

Dated: December 2, 2025

/s/Benjamin Solter
Benjamin Solter (admitted pro hac vice)
7755 Center Ave., Suite 1100
Huntington Beach, CA 92647
Telephone: (781) 752-6369
Email: bsolter@cbcounselor.com

8